## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER LANGDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 06 - 319 (JJF) |
| GOOGLE, INC., d.b.a DELAWARE | ) | |
| GOOGLE INC., YAHOO! INC., AOL | ) | |
| LLC, and MICROSOFT CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS AOL AND MICROSOFT'S OPENING BRIEF
## IN SUPPORT OF THEIR MOTION TO DISMISS

**DUANE MORRIS LLP**
Daniel V. Folt (Del. Bar No. 3143)
Matt Neiderman (Del. Bar No. 4018)
1100 North Market Street
Suite 1200
Wilmington, DE 19801
Tel.: (302) 657-4927
Fax: (302) 657-4901

Of Counsel:

**PROSKAUER ROSE LLP**
Christopher Wolf, Esq.
Stephen D. Solomon, Esq.
Rachel Faith Glickman, Esq.
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C. 20004-2533
(202) 416-6800

Attorneys for Defendants AOL and
Microsoft

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ....................................................................................... 1

SUMMARY OF ARGUMENT ...................................................................................... 2

STATEMENT OF FACTS ..............................................................................................4

    A. Plaintiff Does Not Allege That He Attempted to Place Advertisements
       with AOL .......................................................................................................... 4

    B. Plaintiff Also Does Not Allege Any Conduct by Microsoft. ............................... 5

ARGUMENT ................................................................................................................... 6

    I. Legal Standard for Motions to Dismiss ............................................................. 6

    II. The Complaint Fails to Allege Plaintiff Was Directly Injured by AOL
        or Microsoft ....................................................................................................... 6

    III. No Facts are Alleged to Render AOL Liable for the Alleged Actions
        of Google ........................................................................................................... 7

    IV. The Complaint Fails to State a Claim Under the First Amendment or
        the Delaware Constitution for a Violation of the Right to Free Speech. ........... 8

        A. Microsoft and AOL are Private Parties and Have No Duty to Protect
           Free Speech .................................................................................................. 8

        B. The First Amendment Does Not Provide an Absolute Right to Place
           Advertisements in a Venue of the Advertiser's Choosing............................ 10

        C. Plaintiff's Rights to Free Speech Were Not Violated Under the Delaware
           Constitution................................................................................................. 11

    V. Plaintiff Fails to State a Claim for a Violation of the Communications Act ..... 13

    VI. Plaintiff Has failed to State a Claim for Any Antitrust Violation ................... 15

        A. Plaintiff Alleges No Facts to Sustain a Claim for Violation
           of Federal Antitrust Law.............................................................................. 15

        B. The Delaware Antitrust Statute Does Not Provide A Private
           Right of Action. .......................................................................................... 18

    VII. Business Decisions By Private Entities Do Not Implicate the
         Commerce Clause ......................................................................................... 18

VIII.   Plaintiff Has Not Sufficiently Alleged Any Constitutional or Other
        Violations By Microsoft Based Upon Alleged Required Contract Terms .... 18

**CONCLUSION** ........................................................................................................... 21

## TABLE OF AUTHORITIES

### CASES

*America Online, Inc. v. GreatDeals.Net*,
    49 F. Supp. 2d 851 (E.D. Va. 1999) ...............................................................15

*Avins v. Rutgers, State University of New Jersey*,
    385 F.2d 151 (3d Cir. 1967), *cert. denied*, 390 U.S. 920 (1968)......................11

*Barr Laboratories Inc. v. Abbott Laboratories*,
    978 F.2d 98 (3d Cir. 1992).................................................................................18

*Blum v. Yaretsky*,
    457 U.S. 991 (1982)..............................................................................................9

*Bock v. Westminster Mall Co.*,
    819 P.2d 55 (Colo. 1991)...................................................................................13

*Cal. Motor Transp. Co. v. Trucking Unlimited*,
    404 U.S. 508 (1972)............................................................................................20

*Chemtech Int'l v. Chem. Injection Techs.*,
    170 Fed. Appx. 805, 808 (3d. Cir. 2006)..........................................................21

*Citizens for Ethical Government v. Gwinnett Place Associate*,
    260 Ga. 245 (1990) ............................................................................................13

*Cologne v. Westfarms Associates*,
    192 Conn. 48 (1984) ..........................................................................................13

*Columbia Broadcasting System v. Democratic National Committee*,
    412 U.S. 94 (1973)..............................................................................................12

*CompuServe Inc. v. Cyber Promotions, Inc.*,
    962 F. Supp. 1015 (S.D. Ohio 1997) ...........................................................11, 15

*Cyber Promotions, Inc. v. America Online, Inc.*,
    948 F. Supp. 436 (E.D. Pa. 1996) ...............................................................10, 12

*Fiesta Mall Venture v. Mechan. Recall Committee*,
    159 Ariz. 371 (Ariz. Ct. App. 1989)..................................................................13

*Fisher v. Townsends, Inc.*,
    695 A.2d 53 (Del. 1997) ...................................................................................8, 9

*Fuester v. Conrail*,
    1994 Del. Super. LEXIS 472 (Sept. 16, 1994) ...............................................13

*Gannett Co., Inc. v. State*,
    571 A.2d 735 (Del. 1990) ..............................................................................13

*Gomez v. Toledo*,
    446 U.S. 635 (1980)..........................................................................................7

*Green v. America Online*,
    318 F.3d 465 (3d Cir. 2003)...............................................................2, 10, 14

*Hill v. Nassberg*,
    130 Fed. Appx. 615, 616 (3d Cir. 2005) .......................................................7, 8

*Howard v. America Online Inc.*,
    208 F.3d 741 (9th Cir. 2000) .....................................................................10, 16

*Hudgens v. NLRB*,
    424 U.S. 507 (1976)......................................................................................9, 13

*ID Security Systems Canada, Inc. v. Checkpoint Systems, Inc.*,
    249 F. Supp. 2d 622 (E.D. Pa. 2003) .............................................................18

*Island Online, Inc. v. Network Solutions, Inc.*,
    119 F. Supp. 2d 289 (E.D.N.Y. 2000) ...........................................................11

*Kost v. Kozakiewicz*,
    1 F.3d 176 (3d Cir. 1993) ................................................................................7

*Lloyd Corp. v. Tanner*,
    407 U.S. 551 (1972)........................................................................................10

*Local 1498, America Federation of Government Emp. v. American Federation of
Government Employees*,
    522 F.2d 486 (3d Cir. 1975)...........................................................................20

*Lorain Journal v. United States*,
    342 U.S. 143 (1951)........................................................................................17

*Lugar v. Edmondson Oil Co.*,
    457 U.S. 922 (1982)..........................................................................................9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)..........................................................................................8

*Maddock v. Greenville Retirement Community, L.P.*,
    1997 Del. Ch. LEXIS 24 (Feb. 26, 1997) .......................................................................19

*Markowitz v. Northeast Land Co.*,
    906 F.2d 100 (3d Cir. 1990).........................................................................................7

*Mathews v. Lancaster General Hospital*,
    87 F.3d 624 (3d Cir. 1996).........................................................................................17

*Matsushita v. Zenith*,
    475 U.S. 574 (1986)...................................................................................................18

*McDowell v. Del. State Police*,
    88 F.3d 188 (3d Cir. 1996)..........................................................................................3

*Moyer v. Borough of North Wales*,
    2000 U.S. Dist. LEXIS  16082 (E.D. Pa. Nov. 7, 2000)..................................................20

*In re NAHC Securities Litig.*,
    306 F.3d 1314 (3d Cir. 2002).......................................................................................3

*N.J. Coal. Against War in the Middle E. v. JMB Realty Corp.*,
    650 A.2d 757 (1994) .................................................................................................13

*National A-1 Adver., Inc. v. Network Solutions, Inc.*,
    121 F. Supp. 2d 156 (D.N.H. 2000)...........................................................................11

*National Cable & Telecomm. Association v. Brand X Internet Services*,
    125 S. Ct. 2688 (2005)..............................................................................................16

*Noah v. AOL Time Warner, Inc.*,
    261 F. Supp. 2d 532 (E.D. Va. 2003), *aff'd*, 2004 WL 602711 (4th Cir.
    2004) ......................................................................................................................11

*In re Opinion of the Justices*,
    324 A.2d 211 (Del. 1974) .........................................................................................13

*Pruneyard Shopping Ctr. v. Robins*,
    447 U.S. 74 (1980)...................................................................................................14

*Queen City  Pizza, Inc. v. Domino's Pizza, Inc.*,
    124 F.3d 430 (3d Cir. 1997).......................................................................................17

*Reeves, Inc. v. Stake*,
    447 U.S. 429 (1980)..................................................................................................19

*Schrod v. Patterson*,
    948 F.2d 1402 (3d Cir. 1991) ................................................................................7

*In re Second Computer Inquiry*,
    77 F.C.C.2d 384 (Apr. 7, 1980) ..........................................................................15

*Spectrum Sports, Inc. v. McQuillan*,
    506 U.S. 447 (1993) ..............................................................................................19

*State v. Elliott*,
    548 A.2d 28 (Del. 1988) .................................................................................13, 14

*State v. Schmid*,
    423 A.2d 615 (1980) .............................................................................................14

*Storis v. GERS Retail System*,
    1995 U.S. Dist. LEXIS 7614 (D.N.J. May 31, 1995) ........................................18

*The Pitt News v. Fisher*,
    215 F.3d 354 (3d Cir. 2000) ..................................................................................7

*Thomas v. Network Solutions, Inc.*,
    176 F.3d 500 (D.C. Cir. 1999) ............................................................................11

*Tsau v. National Science Foundation*,
    2000 U.S. Dist. LEXIS 14580 (N.D. Ill. Sept. 29, 2000) ..................................12

*United States v. Colgate & Co.*,
    250 U.S. 300 (1919) ..............................................................................................16

*United States v. Grinnell Corp.*,
    384 U.S. 563 (1966) ..............................................................................................18

*Verizon Communications Inc. v. Law Offices of Curtis V. Trinko LLP*,
    540 U.S. 398 (2004) .......................................................................................16, 18

## STATUTES AND OTHER AUTHORITIES

15 U.S.C. §§1-2 ..........................................................................................................17, 18

47 C.F.R. § 64.702(a) ........................................................................................................16

47 U.S.C. § 223(e)(6) ........................................................................................................15

6 *Del. C.* § 2101, *et seq.* ...............................................................................................2, 19

Del. Const. *art*. I, § 5 ...................................................................................................13

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 7, 25

47 U.S.C. § 202............................................................................................................2, 4

## PRELIMINARY STATEMENT

Defendants AOL LLC ("AOL") and Microsoft Corp. ("Microsoft") respectfully submit this opening brief in support of their motion under Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint in this action in its entirety for failure to state a claim for which relief can be granted.[1]

The plaintiff, appearing *pro se*, is a self-styled political activist who operates web sites criticizing, variously, officials of the State of North Carolina and the government of the People's Republic of China.  Defendants AOL and Microsoft, as well as co-defendants Google, Inc. ("Google") and Yahoo!, Inc. ("Yahoo"), each operate Internet search engine web sites that include paid advertising.  The plaintiff, by his own allegations is, at best, simply a disappointed advertiser whose proposed paid advertising for his web sites on defendants' respective search engines failed to meet certain of the defendants' publication standards governing paid advertisements.

As to defendants AOL and Microsoft, moreover, plaintiff has not even alleged that he was refused advertising space on their respective search engine sites.  This lack of cognizable injury nevertheless has not prevented plaintiff, in a blunderbuss Complaint asserting a host of invented or patently inapplicable legal theories, from seeking to impose liability upon AOL and Microsoft because of his unhappiness over the alleged rejection of his proposed online advertising.

But even putting aside the lack of any alleged injury and applying the most liberal reading of this Complaint, plaintiff's effort to characterize AOL's and Microsoft's alleged commercial decisions as violations of various Constitutional rights, including

---

[1] The Complaint incorrectly identifies AOL LLC as "Time-Warner Companies, Inc."

plaintiff's "right to free speech," fails to state any claim for relief as a matter of law.

AOL and Microsoft, as non-governmental entities that operate Internet search engines,

maintain the right to determine with whom they will do business and to establish policies

and procedures governing their business decisions.  Indeed, as discussed below, similar

Constitutional claims by disappointed advertisers repeatedly have been rejected by the

courts, including the Third Circuit.  *See Green v. America Online,* 318 F.3d 465, 471 (3d

Cir. 2003).  Plaintiff's Complaint, notwithstanding its many legal theories, does not merit

a different result and must be dismissed under well-established precedent.

## SUMMARY OF ARGUMENT

In sum, the various legal theories in the Complaint must fail, as a matter of law,

because:

1. Plaintiff failed to allege he was injured by AOL or Microsoft, *see* Sections II-III;

2. AOL and Microsoft are private parties and have no duty to protect First Amendment Rights under the facts alleged, *see* Section IV(A);

3. The First Amendment does not provide an absolute right to place advertisements in a venue of the advertiser's choosing, *see* Section IV(B);

4. The scope of speech rights under the Delaware Constitution is the same as those granted by the Constitution of the United States, thus plaintiff has no greater protection under Delaware state law, *see* Section IV(C);

5. Defendants are not "common carriers" under the Federal Communications Act, 47 U.S.C. § 202, and thus are not subject to the statute's nondiscrimination provisions, *see* Section V;

6. Plaintiff alleges no facts sufficient to sustain a claim for violation of federal antitrust laws, *see* Section VI(A);

7. There is no private right of action for alleged violations of Delaware Antitrust law, Del. Code Ann. tit. 6, § 2101, *see* Section VI(B);

8. Business decisions by private entities do not implicate the Commerce Clause; *see* Section VII, and

9. Plaintiff has not sufficiently pled any Constitutional violations by Microsoft based upon alleged required contract terms, *see* Section VIII.

No amount of deference to a *pro se* litigant and no amount of attempted re-pleading can remedy the many legal deficiencies in the Complaint, and thus it should be dismissed *with* prejudice.[2]

---

[2] Third Circuit law is clear that complaints should be dismissed with prejudice when any efforts to amend would be futile. *In re NAHC Secs. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (affirming district court's dismissal of claims without leave to amend); *see also McDowell v. Del. State Police,* 88 F.3d 188, 189 (3d Cir. 1996) (internal citations omitted) (appellate court will affirm a dismissal for failure to state a claim if "under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). As demonstrated below, there are no facts the plaintiff could allege that would state a claim for actionable conduct.

## STATEMENT OF FACTS

**A.    Plaintiff Does Not Allege That He**
       **Attempted to Place Advertisements with AOL**

The Complaint alleges that Google unlawfully rejected certain advertisements plaintiff attempted to place for two of his websites on the Google search engine page. *See* Compl. at ¶¶ II-V (pages 1-13).  The Complaint, however, does *not* allege *any* action by AOL with respect to these websites or that plaintiff attempted to place any advertisements with AOL's search engine.  Instead, the sole basis for alleging liability on the part of AOL is that it is "partners" with Google "in the search engine business" and that "[w]hen seeking to advertise on AOL's search engine, callers to AOL's telephone numbers . . . are told to contact AOL's partner, Google.  Therefore, [AOL] is jointly and severably [sic] liable for Google's refusal to place my ads."  *See* Compl. at ¶ VII (page 15).  The Complaint, however, does not even allege that plaintiff actually attempted to place advertisements on AOL's search engine through Google.

Plaintiff alleges that Google's rejection of his advertisements, for which AOL is assumed to be vicariously liable, constitute a violation of: (1) plaintiff's free speech rights under the First and Fourteenth Amendments of the U.S. Constitution and Article 1, Section 5 of the Delaware Constitution, *see* Compl. at ¶¶ II, V(a), X (pages 1-3, 5-6, 20-22); (2) the Federal Communications Act, 47 U.S.C. § 202, *see* Compl. at ¶ XIV (pages 24-25); (3) federal and state antitrust law, *see* Compl. at ¶ XV (pages 25-26); and (4) the Commerce Clause of the U.S. Constitution, art. I, § 8, *see* Compl. at ¶ XIII (pages 23-24).

**B.    Plaintiff Also Does Not Allege Any Conduct by Microsoft.**

The Complaint also fails to allege any affirmative action by Microsoft with respect to plaintiff's advertisements.  Plaintiff merely alleges that he "never received a

response" to his alleged attempt "a month ago" to place an advertisement on Microsoft's search engine for one of his websites during Microsoft's "pilot advertising program." *See* Compl. at ¶ XII (page 23). Plaintiff contends that Microsoft's failure to respond to his alleged request to place the advertisement amounts to a violation of: (1) plaintiff's free speech rights under the United States and Delaware Constitutions, *see* Compl. at ¶ XII (page 23); (2) the Federal Communications Act, *see* Compl. at ¶ XIV (pages 24-25); (3) federal and state antitrust law, *see* Compl. at ¶ XV (pages 25-26); and (4) the Commerce Clause, *see* Compl. at ¶ XIII (pages 23-24).

Plaintiff further alleges that Microsoft "has just launched a new advertising system called AdCenter" and that in order to place an advertisement with Microsoft's search engine advertisers must "agree to certain terms, which require potential advertise[r]s to surrender many of their rights of access to the courts (U.S.C. Amendment I) and due process of law (U.S. Constitutional Amendment V)." *See* Compl. at ¶ XVI (page 26). The Complaint, however, does not allege what specific terms plaintiff contends are unlawful. Nor does the Complaint even allege that an advertiser had to consent to these unspecified terms at the time plaintiff attempted to place his advertisement. To the contrary, the Complaint suggests that these unspecified complained of terms were required only as part of a "new advertising system called AdCenter" put into place subsequent to the "pilot advertising program" through which plaintiff sought to place his advertisement. As indicated, the Complaint alleges that these unspecified required terms violate the First and Fifth Amendments to the U.S. Constitution and also violate the Commerce Clause, the Federal Communications Act and antitrust law. *See* Compl. at ¶ XVI (pages 26-27).

## ARGUMENT

### I.   Legal Standard for Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted serves to test the sufficiency of the complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). "While all well-pled allegations are accepted as true and reasonable inferences are drawn in the plaintiff's favor, the Court may dismiss a complaint where, under any set of facts which could be shown to be consistent with a complaint, the plaintiff is not entitled to relief." *Gomez v. Toledo*, 446 U.S. 635, 636 (1980); *Schrod v. Patterson*, 948 F.2d 1402, 1405 (3d Cir. 1991) (same); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). For the following reasons, application of this standard demands dismissal of the Complaint.

### II.   The Complaint Fails to Allege Plaintiff Was Directly Injured by AOL or Microsoft

At the most basic level, the Complaint must be dismissed as to AOL and Microsoft because it fails to satisfy the requirements of Article III of the U.S. Constitution that "plaintiffs must demonstrate that they have suffered an injury-in-fact." *See The Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir. 2000). The Complaint does not allege that the plaintiff even attempted to place an advertisement on AOL, or on AOL through Google, and was denied placement for an unlawful reason. The Complaint, therefore, does not allege that the plaintiff was injured by AOL. With respect to Microsoft, plaintiff simply alleges that he "never received a response" for his application to place an advertisement "a month ago." These allegations of speculative harm are also insufficient to demonstrate the necessary "concrete and particularized, actual or imminent, injury in fact" demanded by Article III. *See Hill v. Nassberg*, 130 Fed. Appx.

6

615, 616 (3d Cir. 2005) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)) (dismissing claims for failure to plead an injury when plaintiff, claiming a county tax assessment was unlawful, failed to plead that he owned any real estate subject to the reassessment).  For these fundamental pleading deficiencies alone the Complaint must be dismissed in its entirety as to AOL and Microsoft.

### III.    No Facts are Alleged to Render AOL Liable for the Alleged Actions of Google

To the extent the Complaint purports to allege that AOL is liable for Google's alleged Constitutional and antitrust violations merely because AOL refers potential advertisers on its search engine to Google, plaintiff has failed to allege any facts to support this theory of liability.  The mere fact that there is an agreement between AOL and Google under which Google provides certain services relating to the placement of advertisements does not, as a matter of law, impose liability on AOL for Google's decisions not to place certain advertisements.

A variety of factors are weighed in the determination of vicarious liability, and plaintiff has not alleged even one fact that would give rise to any inference that such liability attaches to AOL based upon the Google-AOL relationship.  *See, e.g., Fisher v. Townsends, Inc.*, 695 A.2d 53 (Del. 1997) (reviewing factors for examining whether vicarious liability attaches including, the amount of control one party exerts on another, the length of the agreement and whether the parties maintain separate offices).  Plaintiff's failure to allege any facts to support his theory of vicarious liability requires dismissal of all his claims against AOL.  Moreover, as demonstrated in the Memorandum of Points and Authorities submitted by Google, there can be no claim of vicarious liability against AOL because there is no underlying liability against Google on any of plaintiff's

purported causes of action.  *Cf. Fisher,* 695 A.2d at 57 (vicarious liability is "a defendant's liability to third parties who are harmed by the tortious physical act of another").

**IV.    The Complaint Fails to State a Claim Under the First Amendment or the Delaware Constitution for a Violation of the Right to Free Speech.**

      **A.    Microsoft and AOL are Private Parties and Have No Duty to Protect Free Speech**

Plaintiff fails to comprehend that the First Amendment does not govern private companies in their business decisions or that the decision of an Internet company to accept or reject advertising is not subject to First Amendment review.[3]  Applied to the states through the Fourteenth Amendment, it is beyond dispute that "the Constitutional guarantee of free speech is a guarantee only against abridgement by government." *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982) ("Our cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State."); *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (private action can only be considered state action when "there is a sufficiently close nexus between the State and the challenged action of [the private entity] so that the action of the latter may be fairly treated as that of the State itself.").

As a matter of law, none of the defendants here are state actors and for that basic reason plaintiff's First Amendment claims must be rejected.  The determination of whether a party is a state actor required to protect the First Amendment rights of others is a pure question of law for the Court and is routinely decided on motions to dismiss.  *See,*

---

[3]  The First Amendment provides that "Congre*s*s shall make no law . . . abridging freedom of speech."  U.S. Const. amend. I.

*e.g., Green v. America Online,* 318 F.3d 465, 471 (3d Cir. 2003).  In *Green*, moreover, the Third Circuit directly addressed the issue, critical to the sufficiency of the Complaint here, of whether AOL and other Internet service providers are state actors for purposes of the First Amendment.  The Court had no difficulty dismissing the Complaint for failure to state a claim and rejecting the same allegations of state action on the part of AOL relied upon by the plaintiff here.  The Court held:

> claims that AOL's Community Guidelines violated [the] First Amendment right to free speech are meritless.  *AOL is a private, for profit company and is not subject to constitutional free speech guarantees. It is a fee-based Internet service provider that runs a proprietary, content-based online service.* We are unpersuaded by [plaintiff's] contentions that AOL is transformed into a state actor because AOL provides a connection to the Internet on which government and taxpayer-funded websites are found, and because AOL opens its network to the public whenever an AOL member accesses the Internet and receives email or other messages from non-members of AOL.  *See Lloyd Corp. v. Tanner*, 407 U.S. 551, 569 (1972) (private property does not lose its private character merely because the public is generally invited to use it for designated purposes).

*Green v. America Online,* 318 F.3d at 471(emphasis added); *see also Cyber Promotions, Inc. v. America Online, Inc.*, 948 F. Supp. 436, 441-42 (E.D. Pa. 1996) (applying the Third Circuit's "state actor" jurisprudence to determine that AOL, as an operator of computer services, was not a state actor charged with protecting First Amendment rights).

These holdings are consistent with the findings of other federal courts that have addressed this issue.  Resoundingly, federal courts have reached the conclusion that Internet-related private businesses are not state actors for purposes of the First Amendment.  *See Howard v. America Online Inc.*, 208 F.3d 741, 754 (9th Cir. 2000) (affirming dismissal of First Amendment claim against AOL over plaintiff's argument that AOL is a "quasi-public utility" that "involv[es] a public trust"); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 546 (E.D. Va. 2003) (dismissing First Amendment

claims because there was no evident basis that AOL is a state actor), *aff'd*, 2004 WL 602711 (4th Cir. 2004); *CompuServe Inc. v. Cyber Promotions, Inc.*, 962 F. Supp. 1015, 1025-26 (S.D. Ohio 1997) (dismissing First Amendment claim against Internet service provider as a matter of law due to absence of state action).[4]

In view of this well-established precedent, broadly holding that Internet service providers are not state actors charged with protection of First Amendment rights, state action certainly cannot be found in the far more narrow operation by AOL and Microsoft of Internet search engines that are at issue here.[5] Plaintiff's First Amendment claims, therefore, must be dismissed.

**B.    The First Amendment Does Not Provide an Absolute Right to Place Advertisements in a Venue of the Advertiser's Choosing**

Contrary to any implications by the plaintiff, *see* Compl. at ¶ II (page 3), the right to free speech does not guarantee an advertiser a particular vehicle for his or her message. For example, the Supreme Court specifically held that broadcasters are not required to accept paid editorial advertisements. *Columbia Broadcasting Sys. v. Democratic Nat'l Committee*, 412 U.S. 94, 132 (1973) (upholding Federal Communications Commission decision allowing CBS to refuse to sell broadcast time for anti-war editorial advertisements); *see also Avins v. Rutgers, State Univ. of New Jersey,* 385 F.2d 151 (3d Cir. 1967) (upholding the right of a law review to refuse to publish an article critical of a

---

[4]    Even in the arena of Internet domain names -- where one company, Network Solutions, was granted a government-authorized monopoly -- courts consistently have held that there is no state action present for First Amendment purposes. *See Thomas v. Network Solutions, Inc.*, 176 F.3d 500, 511 (D.C. Cir. 1999); *Island Online, Inc. v. Network Solutions, Inc.*, 119 F. Supp. 2d 289, 207 (E.D.N.Y. 2000); *Nat'l A-1 Adver., Inc. v. Network Solutions, Inc.*, 121 F. Supp. 2d 156, 169 (D.N.H. 2000).

[5] *See* Section V, *infra*, for discussion of an Internet search engine as a more limited operation than that of an Internet service provider.

Supreme Court decision), *cert. denied*, 390 U.S. 920 (1968); *Tsau v. National Science Found.*, No. 00 CV 6, 2000 U.S. Dist. LEXIS 14580 (N.D. Ill. Sept. 29, 2000) (plaintiff had no First Amendment right to compel defendants to publish his scientific work). The rationale of these holdings clearly apply to plaintiff's baseless allegation that an Internet search engine must accept his paid advertisements. For this additional reason, the alleged determination not to accept plaintiff's advertisement does not result in a violation of the First Amendment.

Furthermore, the plaintiff's speech has not been suppressed, or even affected, by not being advertised on the search engine of his choice. His views continue to be shared through his websites, regardless of whether or where his advertisements are placed. *See, e.g., Cyber Promotions, Inc.* 948 F. Supp. at 443 (in dismissing claims of a First Amendment violation, the court noted that alternative mechanisms for advertising existed, including web sites, the United States mail, telemarketing, television, cable, newspapers, magazines, and passing out leaflets, as alternatives to e-mailing AOL customers). The First Amendment simply is not an absolute guarantee for the speech venue of one's choosing.

C.    **Plaintiff's Rights to Free Speech Were Not**
       **<u>Violated Under the Delaware Constitution</u>**

Plaintiff's attempt to rely on the free speech protections available under the Delaware Constitution, *see* Compl. at ¶ X (pages 20-22), is equally unavailing. Like the majority of states, Delaware has determined that its Constitution does not provide free speech protection greater than the First Amendment.[6] *See Gannett Co., Inc. v. State*, 571

---

[6] Delaware's Constitution is consistent with the majority of state courts which have determined that their state constitutions do not extend free speech beyond the First Amendment and that there is no right of access to privately-owned property for free speech purposes. *See N.J. Coal. Against*

A.2d 735, 741 n.9 (Del. 1990) (holding Del. Const. art. I, § 5 has the same scope as the federal First Amendment); *In re Opinion of the Justices,* 324 A.2d 211, 213 (Del. 1974) (same); *Fuester v. Conrail*, No. 91C-09-013, 1994 Del. Super. LEXIS 472, at *4-5 (Del. Super. Ct. Sept. 16, 1994) (same).  Indeed, the 1988 case upon which plaintiff relies to suggest the existence of greater free speech rights under Delaware law than under federal law, *see* Compl. at ¶ X (pages 20-22), in fact only reserved judgment on the issue as to whether Delaware provides greater protection for speech rights than the First Amendment.  *See State v. Elliott*, 548 A.2d 28, 31 n. 5 (Del. 1988) ("This Court does not presently decide whether the Delaware Constitution provides equal or greater such leverage than the Federal Constitution.  Since, at a minimum, Delaware's protection must be equal to the Federal Constitution, this case decision pertains only to the Federal Constitution").[7]

---

*War in the Middle E. v. JMB Realty Corp.*, 650 A.2d 757, 769 (1994) (surveying state law on this issue); s*ee, e.g., Fiesta Mall Venture v. Mechan. Recall Comm.*, 159 Ariz. 371 (Ct. App. 1989) (holding that state constitution should not be interpreted to permit free speech access to private property); *Cologne v. Westfarms Assocs.*, 192 Conn. 48 (1984) (same); *Citizens for Ethical Gov't v. Gwinnett Place Assoc.*, 260 Ga. 245 (1990) (same); *accord Hudgens v. NLRB*, 424 U.S. 507, 518 (1976) (limiting First Amendment-based right of access to private property).

[7] The cases cited by plaintiff, *see* Compl. at ¶ X (pages 20-22), from other jurisdictions holding that shopping malls and other public spaces serve "public functions" and must cater to free speech concerns are inapposite because the decisions were based upon state Constitutional provisions specifically found to provide greater free speech protection than the federal First Amendment.  *See, e.g., Bock v. Westminster Mall Co.*, 819 P.2d 55, 59-60 (Colo. 1991) (more than 100 years of case history holding that its state constitution "provides greater protection of free speech than does the First Amendment"); *Pruneyard Shopping Ctr. v. Robins*, 447 U.S. 74, 81 (1980) (California's constitution confers "more expansive" individual liberties than those of the First Amendment).  In contrast, as noted above the Delaware Constitution's free speech provisions do not provide greater protections that the First Amendment.

Plaintiff also incorrectly quotes *Elliot* to assert that Delaware courts consider a shopping center to be a public forum.  Compl. ¶ at X (page 21).  In fact, *Elliot* does not reference shopping centers and the quotation relied on by plaintiff -- "such landowners should not be entitled to prevent individuals from picketing on the landowner's private property" -- is only a review of claimants' arguments, which were ultimately rejected, not the court's holding.  *Elliot*, 548 A.2d at 31 n. 4.

Given that the scope of speech rights under the Delaware Constitution is coextensive with the rights granted by the First Amendment and, as discussed above, courts, including the Third Circuit, repeatedly have rejected the notion that the First Amendment obligates Internet service providers to protect private speech, plaintiff's state Constitutional claim must be dismissed.

Furthermore, applying the test adopted by the Delaware Supreme Court to determine whether an entity is a state actor obligated to protect free speech under Delaware's Constitution, the Third Circuit specifically held that Internet service providers, like AOL and Microsoft, have no duty to protect speech rights under the New Jersey Constitution. *See Green*, 318 F.3d at 471 (applying *State v. Schmid*, 423 A.2d 615 (1980), to determine that "AOL's service is not sufficiently 'devoted to public use'" to implicate free speech rights).[8] Thus, even without regard to the Third Circuit's First Amendment jurisprudence, the application of state law demands dismissal of the Complaint.

## V.     Plaintiff Fails to State a Claim for a Violation of the Communications Act

Plaintiff's claims that AOL and Microsoft's treatment of his advertisements violate the nondiscrimination provisions of the Federal Communications Act fail as a matter of law because Internet service providers, like Microsoft and AOL, are not common carriers, and thus are not subject to these nondiscrimination provisions. *See Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 125 S. Ct. 2688, 2697 (2005) (affirming FCC's determination that broadband Internet service providers are not

---

[8] The Delaware Supreme Court adopted the *Schmid* analysis to determine whether private property is sufficiently dedicated to private use "such that it is subject to such expressional obligations" in *State v. Elliott*, 548 A.2d 28, 33 (Del. 1988).

common carriers under the Communications Act); *America Online, Inc. v. GreatDeals.Net*, 49 F. Supp. 2d 851, 855-57 (E.D. Va. 1999) (AOL is not a common carrier and not subject to the anti-discrimination provisions of the Communications Act because it is an information service provider); *CompuServe Inc.*, 962 F. Supp. 2d at 1025 ("Internet service providers have been held not to be common carriers") (internal citations omitted); 47 U.S.C. § 223(e)(6) ("nothing in this section [of the Communications Act] shall be construed to treat interactive computer services as common carriers or telecommunications carriers.").

If Microsoft and AOL are not common carriers in their capacities as Internet service providers, where they serve to transport user communications, their far more limited roles as providers of search engines cannot possibly result in their classification as "common carriers."  Search engines provide "enhanced" rather than basic services to users by collecting user queries and returning search results.  *See In re Second Computer Inquiry*, 77 F.C.C.2d 384, 417-23 (Apr. 7, 1980) (final decision); 47 C.F.R. § 64.702(a) ("'*[E]nhanced service*' shall refer to services . . . which employ computer processing applications that act on the format, content, code, protocol or similar aspects of the subscriber's transmitted information; provide the subscriber additional, different, or restructured information; or involve subscriber interaction with stored information."). Indeed, the Federal Communications Commission, charged with interpreting and enforcing the Communications Act, has made clear that providers of "enhanced services are not regulated as common carriers" under Title II of the [Communications] Act."  47 C.F.R. §64.702(a)*; see also Howard v. America Online Inc.*, 208 F.3d 741, 752-53 (9th Cir. 2000) (Internet service provider is not a common carrier because it provides

14

enhanced rather than basic services); *Brand X*, 125 S. Ct. at 2697 (cable provider not a common carrier because it provides enhanced services).

**VI.**     **Plaintiff Has failed to State a Claim for Any Antitrust Violation**

  Plaintiff's ambiguous assertions that the defendants have violated federal and state antitrust law are insufficient as a matter of law and must be dismissed because the Complaint alleges no facts indicating a "purpose to create or maintain a monopoly" on the part of AOL, Microsoft, or any of the defendants. *See United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919) ("In the absence of any purpose to create or maintain a monopoly, the [Sherman Act] does not restrict the long recognized right of a trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal."); *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko LLP*, 540 U.S. 398, 408 (2004) (same).

  **A.**     **Plaintiff Alleges No Facts to Sustain a**
     **Claim for Violation of Federal Antitrust Law**

  The sum total of the factual allegations relating to an alleged antitrust violation are the individual and combined market shares of an alleged undefined "search engine market" of four distinct entities that provide separate and unique services and that are alleged to have concentrated on profitable business opportunities and to have sought to increase their respective revenues. *See* Compl. at ¶ XV (pages 25-26). This allegation is simply not enough to survive a motion to dismiss. The individual, profit maximizing behavior, alleged by plaintiff is encouraged, not condemned, by the antitrust laws. While the plaintiff does not reference specific federal statutory violations, *see* Compl. at ¶ XV

15

(pages 25-26), to the extent that the Complaint is alleging a violation of the Sherman Act it fails to do so under either Section 1 or Section 2.  15 U.S.C. §§1-2.[9]

To establish a violation of Section 1 of the Sherman Act, a plaintiff must prove (1) concerted action by the defendants; (2) that produced anti-competitive effects within the relevant product and geographic markets; (3) that the concerted action was illegal; and (4) that the plaintiff was injured as a proximate result of the concerted action. *Mathews v. Lancaster General Hospital*, 87 F.3d 624, 639 (3d Cir. 1996).

Initially, plaintiff fails to allege the product and geographic market with anything approaching the requisite specificity, warranting dismissal of this claim.  *See Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997) (affirming dismissal of antitrust claims for failure to plead relevant market).  Further, the plaintiff has not alleged an unlawful "concerted action" under Section 1.  With respect to Microsoft, there is no allegation in the Complaint of any combination, conspiracy or "concerted action" of any type with any other defendant, let alone that any such action was illegal.  While the plaintiff alleges an agreement between AOL and Google, there are no facts pled indicating this agreement produced anti-competitive effects or was unlawful.  *See Matsushita v. Zenith*, 475 U.S. 574, 596-98 (1986) (there is no violation of Section 1 if the alleged conspiracy does not injure competition and the prices were neither predatory nor monopolistic).

---

[9]  *Lorain Journal,* the only case cited by plaintiff in support of his theory of antitrust liability is inapposite, as it addresses exclusive dealing, a practice neither alleged by the Complaint nor suggested by plaintiff's asserted facts.  *See* Compl. at ¶ XV (page 26).  *Lorain Journal v. United States*, 342 U.S. 143, 149 (1951) (describing the facts of the case as "[u]nder this plan the publisher refused to accept local advertisements in the Journal from any Lorain County advertiser who advertised or who appellants believed to be about to advertise [with the competitor, radio station] WEOL").

Likewise, the plaintiff has not stated a claim for a violation of Section 2 of the Sherman Act. The offense of monopoly under Section 2 of the Sherman Act has two elements: (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen or historic accident. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966).

The allegations in the complaint are insufficient as a matter of law to demonstrate that either Microsoft or AOL maintain enough control over the "search engine market" to have monopoly power. Plaintiff alleges that "Google-AOL" maintains 49% of the "search engine advertising market" and that Microsoft maintains 11%. *See* Compl. at ¶ XV. However, these amounts are *per se* insufficient to sustain a claim for attempted monopolization. *Barr Laboratories Inc. v. Abbott Laboratories*, 978 F.2d 98, 112-115 (3d Cir. 1992) (50% market share is insufficient to demonstrate attempted monopolization); *Storis v. GERS Retail Sys.*, 1995 U.S. Dist. LEXIS 7614, 13-14 (D.N.J. 1995) (holding that a market share of 40% did not suffice).[10] Further, a plaintiff suing under Section 2 must prove that the defendant has engaged in predatory or exclusionary conduct and none is even alleged here. *See Verizon Commc'ns Inc.*, 540 U.S. at 407 ("To safeguard the incentive to innovate, the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive

---

[10] To the extent that the Complaint alleges that the defendants have a "shared monopoly" this theory also fails, as it has been repeatedly rejected. *See ID Security Systems Canada, Inc. v. Checkpoint Systems, Inc.*, 249 F. Supp. 2d 622, 649-50 (E.D. Pa. 2003) (surveying cases and finding "courts that have squarely addressed the issue have determined that Section 2 of the Sherman Act applies to the conduct of single firms only").

conduct."); *accord, e.g., Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 457-60 (1993).

**B.    The Delaware Antitrust Statute Does Not Provide A Private Right of Action.**

Plaintiff's frivolous state antitrust claims must be dismissed because the Delaware statute does not provide a private right of action to enforce claims arising from it.  *See* Del. Code Ann. tit. 6, § 2101 *et seq.*; *see also Maddock v. Greenville Retirement Community, L.P.*, Civ. No. 12564, 1997 Del. Ch. LEXIS 24, at *22-23 (Del. Ch. Feb. 26, 1997) (finding the court did not have subject matter jurisdiction to hear a private individual's claims of violation of state antitrust law because "the Delaware statute does not permit individuals to enforce their rights by bringing private actions").

**VII.    Business Decisions By Private Entities Do Not Implicate the Commerce Clause.**

Plaintiff's assertions, *see* Compl. at ¶ XIII (pages 23-24), that the "refusals to run my ads are discriminatory and in violation of the Commerce Clause of the Constitution of the United States," also must be dismissed as they reflect a fundamental misunderstanding of the purpose of the Commerce Clause.  The Commerce Clause relates solely to the authority of federal and state legislatures to regulate the flow of interstate commerce.  Business decisions by private companies simply do not implicate the Commerce Clause. *See, e.g., Reeves, Inc. v. Stake*, 447 U.S. 429, 437 (1980).  Thus, actions by AOL and Microsoft, two wholly private companies without any lawmaking capabilities, cannot violate the Commerce Clause.

**VIII.    Plaintiff Has Not Sufficiently Alleged Any Constitutional or Other Violations By Microsoft Based Upon Alleged Required Contract Terms.**

Plaintiff's final allegations that Microsoft also violated his First Amendment right to "access to the courts," his due process rights under the Fifth Amendment to the United States Constitution, the Federal Communications Act, the Commerce Clause and the antitrust laws based upon Microsoft's alleged requirement that advertisers who want to advertise on Microsoft's search engine must agree to "certain terms," *see* Compl. at ¶ XVI (pages 26-27), are without any merit whatsoever.

Claims for a violation of the "petition clause" of the First Amendment of the U.S. Constitution are limited to wrongful conduct by government entities and thus plaintiff's allegation that this First Amendment right was violated must be dismissed. *See, e.g.*, *Moyer v. Borough of North Wales*, Civ. A. No. 00-CV-1092, 2000 U.S. Dist. LEXIS 16082, at * 7 (E.D. Pa. Nov. 7, 2000) ("The First Amendment prohibits *state action* that interferes with a private citizen's ability to petition the government for redress of grievances) (*citing Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)) (emphasis added). Similarly, plaintiff's Fifth Amendment claim must be dismissed because "[t]he Due Process Clause of the Fifth Amendment applies to only the federal government; it is inapplicable to private persons." *See Local 1498, Am. Federation of Government Emp. v. American Fed'n of Gov't Employees*, 522 F.2d 486, 492 (3d Cir. 1975).[11]

Moreover, with respect to his antitrust claims and his Constitutional claims under the First and Fifth Amendments and the Commerce Clause, plaintiff fails to specify

---

[11]  As explained in Sections IV and VI, *supra*, plaintiff's allegations that the alleged terms of the Microsoft contract violate the Federal Communications Act and the Commerce Clause must be dismissed because the nondiscrimination provisions of the Act do not apply to Microsoft and the Commerce Clause is not implicated by business decisions made by private entities.

which particular "terms" allegedly constitute "an arbitrary and un-constitutional impingement on the rights of advertisers" and in what way, if any, the unspecified terms constitute an "unfair exercise of monopolistic power" or violate any constitutional right. *See* Complaint at ¶ XVI (page 27). These vague and conclusory allegations violate fundamental pleading requirements and obviously are wholly insufficient to sustain these claims. *See Chemtech Int'l v. Chem. Injection Techs.*, 170 Fed. Appx. 805, 808 (3d. Cir. 2006) ("conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition") (internal citation omitted). In short, no required terms are alleged that in any way support the conclusion that plaintiff's Constitutional rights have been violated or that Microsoft is otherwise liable for any unlawful conduct.

20

## CONCLUSION

Each of plaintiff's claims for relief are wholly without merit.  Without even alleging any direct injury by defendants AOL and Microsoft, plaintiff attempts to hold them liable for a host of federal and state Constitutional and statutory violations which fail as a matter of law.  As private, for-profit Internet service providers, AOL and Microsoft are not responsible under the U.S. or Delaware Constitutions for protecting the plaintiff's right to speak freely and their alleged business decisions do not implicate the Commerce Clause.  Further, these defendants are not "common carriers" under the Federal Communications Act and thus are not governed by the antidiscrimination provisions of this Act.  Plaintiff's allegations of violations of the antitrust laws are entirely conclusory and so lacking in factual allegations to render them wholly insufficient.

Although plaintiff is *pro se*, and his Complaint therefore is to be construed liberally, his legal theories are so flawed that even expert lawyering cannot rescue them. There is simply no cause of action available to a disgruntled advertiser whose advertising has been rejected under the circumstances alleged by plaintiff.  For the foregoing reasons, and the reasons set forth by defendants Google and Yahoo in their respective memoranda of points and authorities, defendants Microsoft and AOL respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

Dated: July 24, 2006                                  **DUANE MORRIS LLP**


                                                      /s/ Daniel V. Folt
                                                      Daniel V. Folt (Del. No. 3143)
                                                      Matt Neiderman (Del. Bar No. 4018)
                                                      1100 North Market Street
                                                      Suite 1200
                                                      Wilmington, DE 19801-1246
                                                      (302) 657-4927

                                                      Attorneys for Defendant AOL and
                                                      Microsoft

**Of Counsel:**

**PROSKAUER ROSE LLP**
Christopher Wolf, Esq.
Stephen D. Solomon, Esq.
Rachel Faith Glickman, Esq.
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C.  20004-2533
(202) 416-6800

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel V. Folt, do hereby certify that on July 24, 2006, copies of the foregoing

"Defendants AOL And Microsoft's Opening Brief In Support Of Their Motion To

Dismiss" were served on the following parties via e-filing and United States Mail:

Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL 32789

Kurt Michael Heyman, Esq.
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801
(302) 472-7300

<u>/s/ Daniel V. Folt (Del. Bar No. 3143)</u>

23