UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER LANGDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 06 - 319 (JJF) |
| GOOGLE, INC., d.b.a DELAWARE | ) |
| GOOGLE INC., YAHOO! INC., AOL | ) |
| LLC, and MICROSOFT CORP., | ) |
| | ) |
| Defendants. | ) |

**CONSOLIDATED OPPOSITION OF DEFENDANTS YAHOO! INC., AOL LLC,
AND MICROSOFT CORPORATION TO PLAINTIFF'S MOTION
FOR DEFAULT ENTRY AND DEFAULT JUDGMENT
AND TO PLAINTIFF'S MOTIONS TO STRIKE**

Defendants Yahoo! Inc. ("Yahoo"), AOL LLC ("AOL") and Microsoft Corporation ("Microsoft"), by and through their undersigned counsel, hereby oppose Plaintiff's Motions for Default Entry and Default Judgment (the "Motions for Default") and Motion to Strike the Motions to Dismiss filed by Yahoo, AOL and Microsoft (the "Motions to Strike") and state as follows in support of their opposition:

**INTRODUCTION**

The Motions for Default and Motions to Strike were irresponsibly filed and should be denied on the basis of incontrovertible facts of record long memorialized in the docket. In short, all of the targeted defendants timely filed and served motions to dismiss, and those facts may not be refuted by unsubstantiated claims by Mr. Langdon that he did not receive service of documents as reported in properly filed certificates of service. Of greater concern, it now appears nearly certain that this plaintiff will conduct this litigation in the same manner that prompted the Fourth Circuit Court of Appeals to issue him a warning that the filing of "further

frivolous or malicious filings" may result in the imposition of sanctions. Although we do not presently request any award of sanctions – despite the needless expense incurred in responding to these papers – the Court may consider whether this is an appropriate time to issue guidance concerning the use of aggressive litigation tactics by a *pro se* litigant.[1]

Since filing his Complaint asserting constitutional free speech claims against the Defendants for declining to advertise Plaintiff's noncommercial and undeniably pejorative websites, Mr. Langdon filed five separate motions – three seeking to strike the motions to dismiss that he has since admitted were filed, and two seeking default against Yahoo, AOL and Microsoft on the patently false basis that they failed to respond to his suit. At the same time, without even waiting for a response on his motions for default, Mr. Langdon filed yet another motion (his sixth) for leave to file an Amended Complaint. True to his prior practices, Mr. Langdon has embarked on a campaign featuring serial motion practice on frivolous grounds.

A brief inquiry with the Clerk's office would have revealed the baseless nature of his Motions for Default. Yet rather than checking the docket to determine whether Yahoo, AOL or Microsoft had in fact responded to the Complaint, Mr. Langdon filed his motions more than a week after Yahoo, AOL and Microsoft[2] had timely filed and served[3] their motions to dismiss.

---

[1] *See Langdon v. Garner*, 2002 U.S. App. LEXIS 20960, at *3 (4th Cir. Oct. 7, 2002) ("Furthermore, although we decline to impose sanctions on Langdon for pursuing these appeals at this time, we again caution that further frivolous or malicious filings before this court or in the district court could result in sanctions."). As suggested by his litany of past filings in other jurisdictions and his filings in this case, Plaintiff is no naïve *pro se* litigant, rather he is a seasoned litigant, perfectly capable of checking a docket.

[2] AOL filed its Motion to Dismiss together with named defendant Microsoft Corporation, yet Plaintiff waited six days after filing his Motion for Default against AOL – and four days after admittedly having received the AOL/Microsoft Motion – before filing a second, separate motion for default against Microsoft.

Mindful of his *pro se* status, counsel for Yahoo, AOL and Microsoft wrote to Plaintiff the next day, advising him of the fact that all Defendants had moved to dismiss his Complaint, enclosing copies of the docket sheet and the motions, and requesting that Plaintiff withdraw his Motion for Default.[4]  Despite having been apprised of the timely motions to dismiss and invited to withdraw, Plaintiff has refused to relent, thus needlessly forcing Yahoo, AOL and Microsoft to respond to the motions.  For the reasons that follow, the Motions for Default and Motions to Strike have no viable basis and should be denied.[5]

---

(Continued…)

[3] While Plaintiff makes the unsworn assertion in his Motions to Strike that he was never served with the motions to dismiss until receiving a letter from counsel on August 3, his assertion is simply false.  As indicated in the certificate of service accompanying these filings, Yahoo, AOL, and Microsoft served Plaintiff by first-class mail on the date of the filing of their respective motions to dismiss.  *See United States v. Wright*, 2000 U.S. App. LEXIS 33122, at *9 (4th Cir. Dec. 18, 2000*)* ("A presumption that the information actually was mailed attaches to this valid certificate of service."); *see also* Fed. R. Civ. P. 5(d), Advisory Committee Notes, 1991 amendment (stating that certificates of service are required to be on file because they "may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service").  Even if Plaintiff's assertion were true (it is not), we know of no authority, and Plaintiff has cited none, suggesting that the timing or method of service of a motion is grounds for striking the motion as opposed to setting the time for filing an opposition.

[4] A copy of the August 2, 2006 letter sent to Plaintiff is attached hereto as Exhibit "A."  At the time of the letter, only the motion for default against Yahoo and AOL had been filed.  Yet, not only did Plaintiff refuse to withdraw his motion against Yahoo and AOL after receiving the letter, he filed his second motion for default against Microsoft four days later.

[5] We will not respond to the innumerous mischaracterizations Mr. Langdon makes with respect to virtually every communication he has had with anyone.  Nor do we see any point in responding to his complaints that everyone has committed some fraud against him.  All such statements should be dismissed as white noise -- as they represent nothing more than standard operating procedure for a professional plaintiff whose extreme antics rightfully earned him a prefiling injunction (upheld on appeal) during his last seventeen-step romp through the federal courts.  As for future communications, hoping to avoid even the chance of misunderstanding or miscommunication, our office will limit all future communications with Mr. Langdon to written forms, excluding email due to the risk of uncertainty caused by intermittent network failure.  For our part, we will also incur the expense of overnight mail, return receipt requested, and use

(Continued…)

3

## ARGUMENT

I. **NO DEFENDANT EVER DEFAULTED**

A default may be entered under Federal Rule of Civil Procedure 55 only where a party against whom affirmative relief is sought "has failed to plead or otherwise defend" in response to the complaint. Fed. R. Civ. P. 55(a). Plaintiff's Motions for Default against Yahoo, AOL[6] and Microsoft turn on his erroneous assertion that those Defendants "have not pled or otherwise defended by July 31st, 2006." (*See* Yahoo/AOL Motion for Default, p. 1)  As evidenced by the docket sheet[7] in this case (and by Plaintiff's Motions to Strike), Yahoo, AOL and Microsoft filed motions to dismiss the Complaint and opening briefs in support thereof on July 24, 2006. Courts have uniformly held that a motion to dismiss a complaint for failure to state a claim upon which relief can be granted constitutes "otherwise defending" for purposes of Rule 55(a). *See, e.g.,*

---

(Continued…)

facsimile transmissions in addition to, rather than as a substitute for, overnight mail when timing so dictates. These practices will ensure prompt, verifiable delivery, and also eliminate any doubts about the substance or tone of our communications.

[6] Plaintiff styled his Motion for Default as also seeking default against "Time-Warner Companies." As explained in the first footnote to AOL's Motion to Dismiss, however, although Plaintiff included Time-Warner's name in his caption, the Complaint incorrectly identified AOL LLC as "Time-Warner Companies," an entity that does not exist. The Complaint was served on AOL LLC's agent, CT Corporation. The waiver of service, attached hereto as Exhibit "B," was executed by AOL LLC on June 1, 2006 and returned to Plaintiff. The Complaint contains no substantive allegations against Time-Warner, Inc. Plaintiff appears to acknowledge this fact in his Motion for default against Yahoo and AOL, in which he merely refers to "Time Warner, Inc." as "parent corporation of AOL." (Yahoo/AOL Motion for Default, at p. 1). Plaintiff further implicitly acknowledges that AOL is the proper party to this action by titling one of his recent motions "Motion to Strike AOL's Motion to Dismiss." (Motion to Strike AOL's Motion to Dismiss, at p. 1).

[7] A true and correct copy of the docket sheet in this action is attached hereto as Exhibit "C." The motions to dismiss filed by Yahoo, AOL and Microsoft appear at docket numbers 18 and 20, respectively.

*Lassoff v. New Jersey*, 2006 U.S. Dist. LEXIS 5353, at *6 (D.N.J. Feb. 8, 2006) ("While these Defendants have not answered, they have timely filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Thus, these Defendants have not defaulted."). Because Yahoo, AOL and Microsoft timely filed their Motions to Dismiss the Complaint, they have never defaulted, and entry of default under Rule 55 is therefore unwarranted.

## CONCLUSION

Because Yahoo, AOL and Microsoft "otherwise defended" this action by timely filing and serving motions to dismiss the Complaint, Plaintiff's Motions for Default and Motions to Strike should be denied.

**DUANE MORRIS LLP**

/s/ Daniel V. Folt
Daniel V. Folt (Del. Bar No. 3143)
Gary W. Lipkin (Del. Bar No. 4044)
Matt Neiderman (Del. Bar No. 4018)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
302.657.4927

Dated: August 15, 2006

*Attorneys for Defendants Yahoo! Inc. AOL LLC and Microsoft Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 15th day of August, 2006, that the "Consolidated Opposition Of Defendants Yahoo! Inc., AOL LLC, And Microsoft Corporation To Plaintiff's Motion For Default Entry And Default Judgment And To Plaintiff's Motions To Strike" was served via OVERNIGHT MAIL, SIGNATURE REQUIRED on plaintiff below:

> Mr. Christopher Langdon
> 1835 Edwin Blvd.
> Winter Park, FL  32789

/s/  Matt Neiderman
MATT NEIDERMAN

# EXHIBIT

# "A"

## DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

DANIEL V. FOLT
DIRECT DIAL: 302.657.4927
E-MAIL: dfolt@duanemorris.com

www.duanemorris.com

August 2, 2006

**VIA FEDERAL EXPRESS**

Mr. Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL 32789

Re:     Langdon v. Google, Inc., et al.; C.A. No. 06-319(JJF)

Dear Mr. Langdon:

Please be advised that we represent Yahoo! Inc. ("Yahoo!") in connection with all matters raised in your complaint, and we also serve as local counsel for co-defendants AOL LLC ("AOL") and Microsoft Corporation. It is our understanding that you are a *pro se* litigant who is unrepresented by counsel. If you have since retained counsel, please give this letter to such counsel and ask them to contact us directly. If you remain unrepresented by counsel, then please note that all future communications to Yahoo! in this case, whether oral or written, must be directed to our firm. Also, as required by our local court rules, all copies of papers filed with the Court must be served on our firm at the above-indicated address in the State of Delaware. We hope and trust that you will comply with these well-known requirements in the future.

It appears to us that you may have filed a motion for default against Yahoo! on the incorrect basis that Yahoo! *either* is a subsidiary of Time-Warner *or* because Yahoo! did not respond to your complaint. If so, you are mistaken on both counts. First, Yahoo! is not a subsidiary of or otherwise affiliated with Time-Warner. Enclosed for your review is a copy of the most recent SEC Form 10Q filed by Time-Warner. This is a public document freely available to anyone with an internet connection. The corporate structure and businesses of Time-Warner are set forth in that document, and it confirms the fact that Yahoo! is not a subsidiary of or otherwise affiliated with Time-Warner.

Second, neither Yahoo! nor AOL are in default because of any failure to answer, move or otherwise respond to your Complaint. In fact, any claim that these entities are in default is incorrect and you have a duty, *even as a pro se litigant*, to make a good faith investigation into the facts before you make representations to our courts. To correct this error, we enclose for your review a copy of the court's docket, effective through the date of this letter. Please note docket entry nos. 18-19 confirm the timely filing of a Motion to Dismiss and Opening Brief on behalf of Yahoo! Docket entry nos. 20-21 reflect the timely filed Motion to Dismiss and

DUANE MORRIS LLP

1100 NORTH MARKET STREET, SUITE 1200   WILMINGTON, DE 19801-1246         PHONE: 302 657 4900   FAX: 302.657 4901
DM1\673762.1

DuaneMorris

Mr. Christopher Langdon
August 2, 2006
Page 2

Opening Brief by AOL (and Microsoft Corp). The first page of the Opening Brief filed by AOL LLC notes that "[t]he Complaint incorrectly identifies AOL LLC as 'Time-Warner Companies, Inc.'" The Opening Brief goes on to respond to the allegations in your Complaint on behalf of these entities. A motion filed under Fed.R.Civ.P. § 12(b)(6) may be filed in lieu of an answer, and no default may arise as a consequence of the filing of such a motion. (Copies of the two motions are enclosed for your convenience.)

Rule 11 of the Federal Rules of Civil Procedure requires a party – who is not represented by an attorney – to sign their court papers and, in doing so, certify that "to the best of the person's knowledge, information, and belief, <u>formed after an inquiry reasonable under the circumstances</u> – the allegations and other factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Your Motion for Default against Yahoo! and AOL does not appear to have been filed with the good faith basis required, or to have been based upon any investigation.

On behalf of both Yahoo! Inc., and AOL LLC, we ask that you immediately withdraw your Motion for Default. If you fail to do so, and fail to articulate a reasonable basis by which anyone could maintain the mistaken conclusions you have asserted, we will ask the Court for relief, including an order compelling you to pay Yahoo! and AOL LLC the attorneys' fees and costs unnecessarily incurred in responding to your Motion. At the same time, please note that both Yahoo! and AOL LLC have no objection to your request for an extension of time to respond to their motions to dismiss your complaint.

Very truly yours,

Daniel V. Folt

DVF/sb
Enclosures

DM1\673762.1

# EXHIBIT "B"

AO 399 (Delaware Rev. 7/00)

# WAIVER OF SERVICE OF SUMMONS

TO: __CHRISTOPHER LANGDON__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __YAHOO!, Inc.__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __LANGDON v. GOOGLE, Inc. et alia__
(CAPTION OF ACTION)

which is case number __06-cv-319__ in the United States District Court
(DOCKET NUMBER)

for the District of Delware.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __May 23rd, 2006__ or within 90 days after that date if the request was sent outside the United States. (DATE REQUEST WAS SENT)

__6/1/06__      __Eulonda G. Skyles__
(DATE)      (SIGNATURE)

Printed/Typed Name: __Eulonda Skyles__

As __Corporate Counsel__ of __Yahoo! Inc.__
(TITLE)      (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT "C"

PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:06-cv-00319-JJF

| | |
|---|---|
| Langdon v. Google Inc. et al | Date Filed: 05/17/2006 |
| Assigned to: Honorable Joseph J. Farnan, Jr. | Jury Demand: Plaintiff |
| Demand: $1,166,000 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

Christopher Langdon     represented by     Christopher Langdon
1835 Edwin Boulevard
Winter Park, FL 32789
US
(407)647-7539
PRO SE

V.

**Defendant**

Google Inc.
*doing business as*
Delaware Google Inc.
    represented by     Kurt M. Heyman
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801
US
(302) 472-7300
Fax: (302) 472-7320
Email: kheyman@proctorheyman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Yahoo! Inc.     represented by     Gary William Lipkin
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
(302) 657-4900
Email: gwlipkin@duanemorris.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Time-Warner Companies Inc.

**Defendant**

Case 1:06-cv-00319-JJF   Document 34-5   Filed 08/15/2006   Page 3 of 6

| | |
|---|---|
| **Micro-Soft Corporation** | represented by **Gary William Lipkin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant** | |
| **AOL LLC** | represented by **Gary William Lipkin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2006 | 32 | MOTION to Strike Yahoo's 18 MOTION to Dismiss for Failure to State a Claim - filed by Christopher Langdon. (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | 31 | MOTION to Strike AOL's 20 MOTION to Dismiss for Failure to State a Claim *Under Rule 12(b)(6)* - filed by Christopher Langdon. (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | 30 | MOTION to Strike MicroSoft's 20 MOTION to Dismiss for Failure to State a Claim *Under Rule 12(b)(6)* - filed by Christopher Langdon. (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | 29 | Affidavit in Support re 28 MOTION for Default Judgment as to Micro-Soft Corporation, 24 MOTION for Extension of Time to File Response/Reply as to 10 First MOTION to Dismiss for Failure to State a Claim MOTION to Amend/Correct and Affidavit regarding the Mis-Conduct of Attorneys Greg McCurdy, Christopher Wolf and Daniel Folt filed by Christopher Langdon.Answering Brief/Response due date per Local Rules is 8/21/2006. (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | 28 | MOTION for Default Entry and Default Judgment as to Micro-Soft Corporation - filed by Christopher Langdon. (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | | DEFICIENCY NOTICE by the Court issued to Christopher Langdon re 27 Addendum to Pltf's Second Certificate of Attempt to Confer on Pltf's Motion for an Extension of Time. (no cert of service) (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | 27 | Addendum to Pltf's Second Certificate of Attempt by Christopher Langdon re 26 Second Certificate of Attempt to confer on Pltf's Motion for an Extension of Time (dab, ) (Entered: 08/07/2006) |
| 08/07/2006 | 26 | Second Certificate of Attempt to Confer on Pltf's Motion for Extension of Time by Christopher Langdon re 24 MOTION for Extension of Time to File Response/Reply as to 10 First MOTION to Dismiss for Failure to State a Claim MOTION to Amend/Correct, 25 MOTION for Default Judgment as to Time-Warner Companies Inc. (dab, ) (Entered: 08/07/2006) |

| | | |
|---|---|---|
| 08/01/2006 | | DEFICIENCY NOTICE by the Court issued to Christopher Langdon re 24 MOTION for Extension of Time to File Response/Reply as to 10 First MOTION to Dismiss for Failure to State a Claim MOTION to Amend/Correct, 25 MOTION for Default Judgment as to Time-Warner Companies Inc. (no service on local counsel for Dfts Yahoo! Inc., Micro-Soft Corp and AOL LLC) (dab, ) (Entered: 08/01/2006) |
| 08/01/2006 | 25 | MOTION for Default Entry and Default Judgment as to Time-Warner Companies Inc. - filed by Christopher Langdon. (Attachments: # 1 Certificate of Service)(dab, ) (Entered: 08/01/2006) |
| 08/01/2006 | 24 | MOTION for Extension of Time to File Response/Reply as to 10 First MOTION to Dismiss for Failure to State a Claim, and MOTION to Amend/Correct Complaint - filed by Christopher Langdon. (Attachments: # 1 Certificate of Service)(dab, ) (Entered: 08/01/2006) |
| 07/25/2006 | | SO ORDERED, re 15 MOTION for Pro Hac Vice Appearance of Attorney Bart E. Volkmer filed by Google Inc., . Signed by Judge Joseph J. Farnan, Jr. on 7/25/06. (dab, ) (Entered: 07/25/2006) |
| 07/25/2006 | | SO ORDERED, re 14 MOTION for Pro Hac Vice Appearance of Attorney David H. Kramer filed by Google Inc., . Signed by Judge Joseph J. Farnan, Jr. on 7/25/06. (dab, ) (Entered: 07/25/2006) |
| 07/25/2006 | | SO ORDERED, re 16 MOTION for Pro Hac Vice Appearance of Attorney Tonia Ouellette Klausner filed by Google Inc., . Signed by Judge Joseph J. Farnan, Jr. on 7/25/06. (dab, ) (Entered: 07/25/2006) |
| 07/25/2006 | | SO ORDERED, re 17 MOTION for Pro Hac Vice Appearance of Attorney Colleen Bal filed by Google Inc., . Signed by Judge Joseph J. Farnan, Jr. on 7/25/06. (dab, ) (Entered: 07/25/2006) |
| 07/24/2006 | 23 | Disclosure Statement pursuant to Rule 7.1 filed by Micro-Soft Corporation. (Lipkin, Gary) (Entered: 07/24/2006) |
| 07/24/2006 | 22 | Disclosure Statement pursuant to Rule 7.1 filed by AOL LLC identifying AOL Holdings LLC as Corporate Parent. (Lipkin, Gary) (Entered: 07/24/2006) |
| 07/24/2006 | 21 | OPENING BRIEF in Support re 20 MOTION to Dismiss for Failure to State a Claim *Under Rule 12(b)(6)* filed by AOL LLC, Micro-Soft Corporation.Answering Brief/Response due date per Local Rules is 8/7/2006. (Lipkin, Gary) (Entered: 07/24/2006) |
| 07/24/2006 | 20 | MOTION to Dismiss for Failure to State a Claim *Under Rule 12(b)(6)* - filed by AOL LLC, Micro-Soft Corporation. (Lipkin, Gary) (Entered: 07/24/2006) |
| 07/24/2006 | 19 | OPENING BRIEF in Support re 18 MOTION to Dismiss for Failure to State a Claim filed by Yahoo! Inc..Answering Brief/Response due date per Local Rules is 8/7/2006. (Lipkin, Gary) (Entered: 07/24/2006) |
| 07/24/2006 | 18 | MOTION to Dismiss for Failure to State a Claim - filed by Yahoo! Inc.. (Lipkin, Gary) (Entered: 07/24/2006) |

| | | |
|---|---|---|
| 07/24/2006 | 17 | MOTION for Pro Hac Vice Appearance of Attorney Colleen Bal - filed by Google Inc.. (Attachments: # 1 Certification# 2 Certificate of Service)(Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 16 | MOTION for Pro Hac Vice Appearance of Attorney Tonia Ouellette Klausner - filed by Google Inc.. (Attachments: # 1 Certification# 2 Certificate of Service)(Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 15 | MOTION for Pro Hac Vice Appearance of Attorney Bart E. Volkmer - filed by Google Inc.. (Attachments: # 1 Certification# 2 Certificate of Service)(Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 14 | MOTION for Pro Hac Vice Appearance of Attorney David H. Kramer - filed by Google Inc.. (Attachments: # 1 Certification# 2 Certificate of Service)(Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 13 | Disclosure Statement pursuant to Rule 7.1 filed by Google Inc.. (Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 12 | DECLARATION re 10 First MOTION to Dismiss for Failure to State a Claim *of David DiNucci* by Google Inc.. (Attachments: # 1 Exhibit A# 2 Certificate of Service)(Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 11 | OPENING BRIEF in Support re 10 First MOTION to Dismiss for Failure to State a Claim filed by Google Inc..Answering Brief/Response due date per Local Rules is 8/7/2006. (Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 10 | First MOTION to Dismiss for Failure to State a Claim - filed by Google Inc.. (Attachments: # 1 Text of Proposed Order # 2 Certificate of Service)(Heyman, Kurt) (Entered: 07/24/2006) |
| 07/24/2006 | 9 | NOTICE of Appearance by Kurt Michael Heyman on behalf of Google Inc. (Heyman, Kurt) (Entered: 07/24/2006) |
| 06/05/2006 | 8 | Letter to the Clerk of the Court from Chris Langdon regarding enclosed waivers of service (D.I. 4 thru 7). (afb, ) (Entered: 06/06/2006) |
| 06/05/2006 | 7 | WAIVER OF SERVICE returned executed by Christopher Langdon: For Google Inc. waiver sent on 6/1/2006, answer due 7/31/2006. (afb, ) (Entered: 06/06/2006) |
| 06/05/2006 | 6 | WAIVER OF SERVICE returned executed by Christopher Langdon: For Yahoo! Inc. waiver sent on 6/1/2006, answer due 7/31/2006. (afb, ) (Entered: 06/06/2006) |
| 06/05/2006 | 5 | WAIVER OF SERVICE returned executed by Christopher Langdon: For Time-Warner Companies Inc. waiver sent on 6/1/2006, answer due 7/31/2006. (afb, ) (Entered: 06/06/2006) |
| 06/05/2006 | 4 | WAIVER OF SERVICE returned executed by Christopher Langdon: For Micro-Soft Corporation waiver sent on 6/1/2006, answer due 7/31/2006. (afb, ) (Entered: 06/06/2006) |
| 05/30/2006 | 3 | ACKNOWLEDGEMENT OF RECEIPT for F.R. Civ.P. 4. Acknowledgement filed by Christopher Langdon. (afb, ) (Entered: |

| | | |
|---|---|---|
| | | 05/31/2006) |
| 05/24/2006 | | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb, ) (Entered: 05/24/2006) |
| 05/17/2006 | | Remark: Rule 4 mailed to plaintiff. (bad, ) (Entered: 05/18/2006) |
| 05/17/2006 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (bad, ) (Entered: 05/18/2006) |
| 05/17/2006 | | No Summons Issued (bad, ) (Entered: 05/18/2006) |
| 05/17/2006 | 1 | COMPLAINT filed pursuant to 42:1983 with Jury Demand against Google Inc., Yahoo! Inc., Time-Warner Companies Inc., Micro-Soft Corporation ( Filing fee $ 350, receipt number 143490.) - filed by Christopher Langdon. (Attachments: # 1 Civil Cover Sheet # 2 Appendix I# 3 Appendix II# 4 Appendix III# 5 Appendix IV)(bad, ) (Entered: 05/18/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/14/2006 15:52:56 | | | |
| PACER Login: | dm0095 | Client Code: | 02613-00007-02910 |
| Description: | Docket Report | Search Criteria: | 1:06-cv-00319-JJF Start date: 1/1/1970 End date: 8/14/2006 |
| Billable Pages: | 3 | Cost: | 0.24 |