UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTOPHER LANGDON,
    Plaintiff,

v.                              case no. 1:06-CV-319-JJF

GOOGLE, INC, d.b.a. DELAWARE GOOGLE, INC.,
YAHOO!, INC. TIME WARNER COS. and
MICROSOFT CORPORATION,
    Defendants

<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MICROSOFT,
AOL AND YAHOO!'S CONSOLIDATED OPPOSITION TO
PLAINTIFF'S MOTIONS FOR DEFAULT ENTRY, DEFAULT
JUDGMENT AND MOTION TO STRIKE</u>

    I. <u>Default Entries and Default Judgments Should be Entered
Against Defendants Microsoft, Time Warner (AOL) and Yahoo!</u>

I have provided to the court an affidavit that demonstrates that the defendants' attorney, D. Folt, did not serve the motions to dismiss, or any responsive pleading for his clients, on me by July 31st, 2006, as required by Rule 5 of the Federal Rules of Civil Procedure. The defendants' attorney has not filed any affidavit in response. Therefore, the filing of the defendants' motions to dismiss in the court were incomplete and un-effective. The simple act of filing a motion to dismiss, without properly serving said motion on the Plaintiff, cannot prevent a default entry and judgment.

    Attorney Folt had 60 days in which to file responsive pleadings, and properly serve me. Folt claims that I was served, but he provides no proof, and, more importantly, he provides no affidavit to allege when the motions to dismiss were purportedly mailed to me, and who purportedly

*Folt's Statement # 3* is also directly contradicted by another of his statements, as follows:

"Since filing his Complaint asserting constitutional free speech claims against Defendants for declining to <u>advertise</u> Plaintiff's <u>noncommercial</u> and undeniably perjorative websites..." <u>Consolidated Opposition, p.2</u> *(Folt's Statement #5 )*.

By his own admission in the above statement, Folt is saying that the defendants (AOL, Microsoft and Yahoo!) declined to run my ads. Clearly, *Folt's Statement #3* is fraud on the Court.

In my Complaint, p. 29, I offered to settle, if the defendants would run my ads and pay me $6,500 for my trouble. I would have accepted an offer to run my ads, without any cash payment to me, if they had re-sonded promptly and run all of my ads. I have withdrawn the offer because none of the defendants has ever offered to run any of my ads, under any circumstance, although they've had over four months to do so. This lawsuit is about the defendants' refusals to run my ads, and Yahoo's and Google's unfair ranking of one of my websites.

I recently sent an e-mail to the lead attorney, Mr. Lipkin, asking under what conditions AOL would advertise my websites. I got an angry response from Folt that stated that they would not respond to e-mails.

Contrary to the fraudulent *Folt's Statement #3 supra,* I did allege in my complaint that the defendants refused to run my ads, and Folt's own statements admit that AOL, Microsoft and Yahoo! have refused to

-7-

run my ads in the past, and continue to refuse to run my ads.

Folt's fraud on the court is a reason in and of itself for entering a default judgment. *Aoude v. Mobil Oil corp.,* 892 F. 2d 1115 (1st Cir. 1989). Inconsistent positions by an attorney justify the imposition of sanctions. *Apex Oil Co. v. Belcher,* 855 F. 2d 1009, 1011 [17] (2nd Cir. 1988). A default judgment may be entered as a sanction for inconsistent statements. *Anderson v. Foundation for Advancement, Education, and Employment,* 155 F. 3rd. 500 at 500 [1] (4ht Cir. 1998). Attorney Folt has shown bad faith by demonstrating a reckless disregard for the truth. *Marocco v. General Motors,* 966 F. 2d 220, 223 (7th Cir. 1992). Folt's fraud on the court has a dilatory effect, therefore, the court may impose sanctions under 28 U.S.C., Section 1927. *T.W. Electrical Services, Inc. v. Pacific Electrical Contractors Association,* 809 F. 2d 626, 638 (9th Cir. 1987); *Limerick v. Greenwald,* 749 F. 2d 97, 101-102 (1st Cir. 1984).

See also: *Hoxworth v. Blinder Robinson, Inc.,* 980 F.2d. 912 at 912 [1] (3rd Cir. 1992) (default as a sanction because the defendant was dilatory); *Ridder v. City of Springfield,* 109 F. 3d 288, 297, n.8 (6th cir. 1997) (safe harbor provisions not required when court orders sanctions *sua sponte* ); *U.S. v. Potamkin Cadillac Corp.,* 697 F. 2d 491 (2nd Cir. 1983) (inconsistency of representations called for sanctions).

Folt has unjustly criticized me, in his *Consolidated Opposition,* for seeking a default and a motion to strike. However, the courts have

alleged that my complaints, *Langdon v. Swain et alia* and *Langdon v. Tippett et alia*, were "properly dismissed" because of qualified immunity. They didn't allege that my complaints could have been, or should have been, dismissed because of qualified immunity.

In order to seek an end to needless litigation, I made the following offer, which was not confidential.

> "If anyone can demonstrate that the term "qualified immunity" appears at all in the district court's *Memorandum and Order of Dismissal* (August 6th, 2001), or in the subsequent opinion of the U.S. Court of Appeals for the Fourth Circuit, 29 Fed. Appx 171 (4th Cir. 2002), I will dismiss this lawsuit with prejudice, shut down my website about Cooper's lies to the U.S. Supreme Court, and pay the defendants' attorneys fees.
>
> The question here is whether or not [Cooper's Statement] was true when he made it. Whether the courts could have, or should have, dismissed *Langdon v. Swain,* or, *Langdon v. Tippett,* because of qualified immunity, is irrelevant. If the term "qualified immunity" ever appeared in the aforementioned court documents, it should be easy to prove...None of the defendants has ever asserted that my accusations against Cooper are false. I am giving them the opportunity to do so now and save themselves a great deal of time and money. Obviously, Roy Cooper, Robert O. Crawford II and Lisa Glover have a great incentive to prove me wrong and have my website shut down...There is no grey area here. Either I'm lying, or N.C. Attorney General Roy Cooper, R. Crawford and L. Glover lied to the U.S. Supreme Court." *Affidavit Re Roy Cooper's Fraud on the U.S. Supreme Court and Incorporated Settlement Offer*, pp. 1-2.

I also offered to end the litigation if other conditions were met.

> "My website, www.chinaisevil.com, accuses the Chinese Communists of killing millions of people. If the defendants can prove that's not true, by a reputable source, I will dismiss my lawsuit with prejudice, shut down the www.chinaisevil.com, and pay the defendants' attorney's fees." *id,* pp. 4-5.

I sent a copy of my affidavit and offer to N.C.A.G. Roy Cooper

*via* Federal Express, next morning delivery, on August 31st, 2006. The Fed-Ex tracking number is 8573-2181-5506. A copy was also sent to Mr. Lipkin, lead local counsel for Microsoft, AOL and Yahoo on August 31st, 2006, via Fed-Ex next morning delivery. The Fed Ex tracking number is 8573-2181-5469. Copies were also sent to Kurt Heyman, lead local counsel for Google, Lisa Glover and R. Crawford III, via U.S. certified mail. I even attached copies of the district court's *Memorandum and Order of Dismissal*, August 6th, 2001, and the U.S. Court of Appeals subsequent opinion, 29 Fed. Appx. 171 (4th Cir. 2002), to the affidavit so that the attorneys could examine the facts for themselves.

No one has come forward in the past ten days to provide any evidence that *Langdon v. Swain* or *Langdon v. Tippet* were dismissed because of qualified immunity, or that qualified immunity was ever mentioned in any of the court's orders and opinions. Obviously, Cooper and the defendants would do so, if they could. Although the allegations on my websites are obviously true, the defendants refuse to run my ads. Some of the of the defendants allow ads for sites that sell pro-communist material, and call the President a traitor and a murderer. Some of the defendants allow ads for Hitler's *Mein Kampf*, Mao's *Little Red Book*, and Marx and Engel's *Communist Manifesto*. However, they would rather litigate than allow me to advertise my sites. Who is being over-litigious?

-14-

### IV. The Court is Required, When Considering the Motions to Dismiss, to Accept My Allegations, Including My Allegations Against Cooper, as True

In his *Consolidated Opposition,* Folt alleges:

"Of greater concern, it now appears that nearly certain that this Plaintiff will conduct this litigation in the same manner that prompted the Fourth Circuit Court to issue him a warning that the filing of 'further frivolous malicious filings' may result in the imposition of sanctions." *Consolidated Opposition, etc.,* pp.1-2.

Of course, Folt has no idea how I conducted my cases. My website, www.ncjusticefraud.com discusses some of the numerous reasons that prove that there was no due process of law in *Langdon v. Swain* and *Langdon v. Tippett,* and why the purported judgments are void. A copy of my complete allegations on my website are included in *Appendix III, Langdon v. Google et alia.* When considering a motion to dismiss, the Courts are generally restricted to considering the Complaint and the attachments thereto, and to take the allegations therein as true.

My allegations in my Complaint and from my website, that are attached to my Complaint, demonstrate that I did not have a full and fair opportunity to litigate my claims, and that the purported judgments are void. Furthermore, the attachments from my website prove that the purported reasons given by the courts, for holding that my complaints were frivolous and malicious, are baseless. Cooper's own pleadings prove that. Because my allegations, are well supported, for the purposes of the motions to dismiss, the Court is required to take them as true.

-15-

Furthermore, while engaging in settlement negotiations with Microsoft (McCurdy and Wolf), I provided them with an affidavit, under the penalty of perjury, that supports many of my numerous accusations on my website. My verified Complaint points out that I wrote a certified letter to Cooper, Crawford and Glover over ten months ago, asking them if they had any specific factual objections to the allegations on my website. They never asked for a retraction, no responded in any way. My allegations, that demonstrate that my claims in said case are not frivolous, are irrefutable.

The district court consolidated *Langdon v. Swain* and *Langdon v. Tippett*, and dismissed them as frivolous and malicious because of a purported defense of *res judicata*, and for no other reason, although the defendants in *Langdon v. Swain* never filed a timely responsive pleading that would have prevented a default. The court's decision was *sua sponte*, without notice and an opportunity to be heard. The purported authority for dismissing my Complaints, without notice and an opportunity to be heard, was 28 U.S.C., Section 1915, the *In forma Pauperis Statute*. However, neither of my complaints was filed *in forma pauperis*, and I have never been a prisoner. As far as I know, no other court has ever dismissed a non-prisoner, *non-in forma pauperis*, fee paid in full, complaint under 28 U.S.C. 1915.

On appeal, Cooper, Crawford and Glover fraudulently argued that the

-16-

dismissal of my complaints, as frivolous and malicious because of *res judicata*, via 28 U.S.C. 1915, was proper. The Fourth Circuit erroneously agreed, and without notice and an opportunity to be heard, also ruled, *sua sponte*, that *Langdon v. Swain* was frivolous and malicious because of a purported failure to state a claim. The court erroneously held that takings' actions were not allowed against state officials sued, in their individual capacities. Of course, thousands of cases have been filed in the federal courts against state officials, in their individual capacities, for a taking of property without just compensation.

In their subsequent *Brief in Opposition*, case no. 02-12, U.S. Supreme Court, Cooper and his cronies reversed themselves and admitted that the lower courts had no authority to dismiss my complaints under 28 U.S.C. 1915.

> "Both the District and Circuit Court herein found Plaintiff's Complaints to be frivolous and malicious, and dismissed the Complaints on those grounds with a (perhaps erroneous) citation to 28 U.S.C. Section 1915." *Brief in Opposition, case no. 02-1, U.S. Supreme Court, p. 7 (herein referred to as Cooper's Statement #2)*.

28 U.S.C. 1915 was the only authority cited by both the district court, and the Fourth Circuit, for the *sua sponte* dismissal of my complaints, without notice and opportunity to be heard.

Of course, Cooper concealed from the U.S. Supreme Court the fact that he had argued before the Fourth Circuit that the courts did have the authority to dismiss my complaints under 28 U.S.C. 1915. Because, as

-17-

Cooper belatedly admitted, the court had no authority to dismiss my complaints under 28 U.S.C. 1915, the purported judgments are void.

Cooper and cronies also fraudulently argued before the Fourth Circuit that *Langdon v. Swain* frivolous and malicious because of *res judicata*. Cooper argued the same before the U.S. Supreme Court. *See Cooper's Statement #1, supra*, and *Langdon v. Google et alia*, p. 16. However as I pointed out in *Langdon v. Google et alia*, p. 17, and on my website, Cooper then reversed himself in his same *Brief in Opposition* in the U.S. Supreme Court.

> "Thus, it may not have been proper for the lower courts to dismiss Plaintiff's Complaint in *Langdon v. Swain* on the grounds of *res judicata*." <u>Brief in Opposition, case no. 02-12, U.S. Supreme Court, p. 20 (herein referred to as Cooper's Statement # 3).</u>

Because *res judicata* was the only purported reason for finding *Langdon v. Swain* frivolous and malicious, once Cooper admitted, belatedly, that *res judicata* did not apply to Langdon v. Swain, the finding of frivolousness in Langdon v. Swain fails. The Fourth Circuit erroneously found *Langdon v. Swain* frivolous because of *res judicata,* and because it asserted that claims against individual state employees are not allowed in federal court, for a taking of property without just compensation. No competent court would make such a ruling. Even Cooper admitted that was false.

> "However, it appears that the court may have overlooked Plaintiff's assertions that his claim was based on 42 U.S.C., Section 1983, under

-18-

which it is permissible to sue a state official in his individual capacity..." *Brief in Opposition*, case no. 02-12, U.S. Supreme Court, p. 8. (herein referred to as *Cooper's Statement #4*)

*Cooper's Statement #3* and *Cooper's Statement #4*, prove that the only reasons for finding *Langdon v. Swain* frivolous and malicious are baseless.

Furthermore, the essence of due process of law is notice and an opportunity to be heard.

"A sentence of a court, pronounced against a party without hearing him, or giving him an opportunity to b heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." *Windsor v. McVeigh*, 93 U.S. 274, at 274 [1] (1876).

See also: *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424, 35 S.Ct. 625, 629 (1915); *Peralata v. Heights Medical Center, inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 900 (1988); *Razzoli v. Fed. Bureau of Prisons*, 230 F. 3d at 377 (D.C. Cir. 2000).

"We cannot find a seventh circuit case in which a *sua sponte* dismissal without any notice and an opportunity to be heard has been upheld." *Doe on Behalf of Doe v. St. Joseph's Hospital*, 788 F. 2d 411, 415 (7th Cir. 1986)

The Fourth Circuit broke its own purported principals of law in my cases.

District Court did not provide plaintiff sufficient notice before, sua sponte, entering summary judgment, against Plaintiff..Right to notice and opportunity to be heard on claim prior to granting summary judgment by court sua sponte has nothing to do with the merits of the claim; claims proponent must be given notice and reasonable opportunity to be heard regardless of merits of claim." *U.S. Development Corp. v. Peoples Federal Savings & Loan*, 873 F. 2d 731, 732 [4-5] (4th Cir. 1989).

-19-

IV. Additional Fraud on the Court By Folt.

In *Folt's Statement #4*, p. 6 herein, Folt falsely alleged that his clients, Microsoft and AOL, denied my advertising because my ads "Failed to meet certain of the defendants' publication standards governing paid advertisements." That's false. Microsoft has never given a reason for not running my ads. I did attempt to advertise on AOL through Google, as required. However, Google has never given a reason for not running my China ads, nor has AOL.

Other fraud occurred as follows:

"Plaintiff Christopher Langdon (Langdon) is an unusually experienced pro se litigant who unsuccessfully prosecuted several claims against various North Carolina government officials up to and through the United States Supreme Court. See: e.g. Langdon v. T.L. Mallonee, et al., 543 U.S. 1058 (2005) (just one) of seventeen citations attributable to Langdon, this one denying certiorari).

That statement should be struck because there is no mention of these purported claims in my Complaint, therefore it is not before the court's consideration on a motion to dismiss. Also, any case that was denied certiorari cannot be construed as having been litigated "through" the U.S. Supreme Court, as Folt fraudulently does. There are other examples of fraud on the court, but time will not allow me to discuss them.

Respectfully submitted, this the 9th day of September, 2006

/s/ Christopher Langdon
Christopher Langdon
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539—qiology@aol.com

-20-

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTOPHER LANGDON,
    Plaintiff,

v.                      case no. 1:06-CV-319-JJF

GOOGLE, INC. d.b.a. DELAWARE GOOGLE, INC.,
YAHOO!, INC., TIME WARNER, Inc. (AOL), and
MICROSOFT CORPORATION,
    Defendants

### VERIFICATION

I hereby solemnly affirm, under oath, and under the penalty of perjury that everything contained in my *Plaintiff's Response to Defendants Micrcosoft, AOL and Yahoo's Consolidated Opposition to Plaintiff's Motions for Default Entry, Default Judgment and Motion to Strike,* is true and correct, except those matters asserted on information and belief, and those matters I believe to be true and correct.

_____
Christopher Langdon, Plaintiff
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539---qiology@aol.com

Suscribed to and sworn before me, this the 9th day of September, 2006.

_____
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Umangi Patel
Commission # DD379719
Expires: DEC. 15, 2008
Bonded Thru Atlantic Bonding Co., Inc.

Subscribed and sworn before me this
9th Day of Sept . 2006, a Notary
Public in and for Seminole County
State of Florida

_____
Notary Signature

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTOPHER LANGDON,
    Plaintiff,

v.                                    case no. 1:06-cv-319-J.J.F.

GOOGLE, INC., d.b.a. DELAWARE GOOGLE, INC.,
YAHOO!, INC. TIME WARNER COS. [AOL] and
MICROSOFT CORPORATION,
    Defendants.

### AFFIDAVIT RE ROY COOPER'S FRAUD ON THE U.S. SUPREME COURT AND INCORPORATED SETTLEMENT OFFER

I, Christopher Langdon, having been duly sworn, solemnly affirm, under oath, that: This case involves, but is not limited to, the refusal of the defendants to run ads for my websites, www.chinaisevil.com and www.ncjusticefraud.com. The latter site accuses N.C. Att. Gen. Roy Cooper of perpetrating fraud on the U.S. Supreme Court, with the assistance of Robert O. Crawford III and Lisa Glover. Their fraud includes their false statement that:

> "Plaintiff's Complaints [*Langdon v. Swain et al.* and *Langdon v. Tippett et al.*] were properly dismissed as frivolous on the grounds of *res judicata* and/or failure to state a claim and qualified immunity." *Brief in Opposition*, case no. 02-12, U.S. Supreme Court, a consolidation of *Langdon v. Swain et al.* and *Langdon v. Tippett et al.*, pp. iv, 14 (hereafter designated as *Cooper's Fraudulent Statement #1*).

That statement is fraudulent for numerous reasons, as detailed on my N.C. website. If anyone can demonstrate that the term "qualified immunity" appears at all in the district court's *Memorandum and Order of Dismissal*, (August 6th, 2001), or, in the subsequent opinion of the U.S.

Court of Appeals for the Fourth Circuit, 29 Fed. Appendix 171 (4th Cir. 2002), I will dismiss this lawsuit with prejudice, shut down my website about Cooper's lies to the U.S. Supreme Court, and pay the defendants' attorneys' fees.

The question here is whether or not *Cooper's Fraudulent Statement #1* was true when Cooper, Crawford and Glover made it. Whether the courts could have, or should have, dismissed *Langdon v. Swain,* or, *Langdon v. Tippett,* because of a purported defense of qualified immunity, is irrelevant. If the term "qualified immunity" ever appeared in the aforementioned court documents, it should be easy to prove. In my original complaint, filed almost three months ago, p. 17, I stated:

"..I am willing to withdraw my First Amendment claims *if* the defendants can prove that my Complaints [*Langdon v. Swain et alia* and *Langdon v. Tippett et alia* ] were dismissed because of qualified immunity, as fraudulently alleged to the U.S. Supreme Court by Cooper, Crawford and Glover."

None of the defendants has ever asserted that my accusations about Cooper are false. I am giving them another opportunity to do so, and save themselves a great deal of time and money. Obviously, N.C. Attorney General Roy Cooper, Robert O. Crawford III and Lisa Glover also have a great incentive to prove me wrong and have my website shut down. I'm giving them the opportunity to do so by mailing to them copies of this affidavit, via certified mail, at the same time I mail them to the defendants.

-2-

There is no grey area here. Either I'm lying, or, N.C. Attorney General Cooper, R. Crawford and L. Glover lied to the U.S. Supreme Court. If they're willing to lie to the U.S. Supreme Court, on an issue that is so easy to prove false, what wouldn't they lie about? Isn't it likely that they lied to the Supreme Court, and other courts, about other matters? My website proves that they did.

Cooper, Crawford and Glover have been aware of my website for ten months. When www.ncjusticefraud.com was launched in October, 2005, I left voice mail messages for them that informed them of my site. I also wrote them certified letters asking them if there were any specific factual allegations on my website they wished to challenge. Although they received my letter in early November, 2005, they have never asked for a retraction, nor have they responded in any way.

I also accused Cooper of perpetrating fraud on the U.S. Supreme Court in: comments appearing in the liberal democratic bog bluenc.com, in January, 2006 (3 times); comments in the blog *Ogre's Politics and Views;* comments in the Greensboro News-Record blogs; quotations from my lawsuit that appear on the "Links and Law" website; and numerous other websites.

In addition, at the editor's request, I wrote two articles for the online newsletter, www.northcarolinaconservative.com (*See: Archives, June 28th and July 2nd, 2006).* I also wrote an article that appeared on

www.theconservativevoice.com, July 4th, 2006. One week later, N.C. Attorney General Cooper announced that he was not running for the governorship of North Carolina. You can draw what ever conclusions you want from that, however, I did make Cooper, Crawford and L. Glover aware of the aforementioned articles.

As far as I know, Cooper has never asked the publisher of any internet site to remove any articles by me, that accuse Cooper of lying to the U.S. Supreme Court, from their websites, or, for a retraction. As far as I know, Cooper has never asked any internet search engine to remove my website from its search results. I have made Cooper aware that when one searches "Attorney General Roy Cooper," or "Roy Cooper's Fraud," my accusations against Cooper on my website, and on other websites, prominently appear in the search results. *Search also: Roy Cooper's Fraud on the U.S. Supreme Court, Impeach Roy Cooper, Attorney Lisa Glover, Attorney Robert Crawford III,* and *Attorney T.L. Mallonee.*

Because Roy Cooper, Lisa Glover and T.L. Malonee have never Objected to the publication of my accusations, there is no reason why Google. Yahoo, AOL, and Microsoft should object to advertising my website, www.ncjusticefraud.com

My website, www.chinaisevil.com, accuses the Chinese Communists of killing millions of people. If the defendants can prove that's not true, by a reputable source, I will dismiss my lawsuit with prejudice,

shut down the www.chinaisevil.com, and pay the defendants' attorneys' fees.

My conditional offer to dismiss my lawsuit is open for seven days from the receipt of this affidavit. It is not a private, confidential offer, but will be made public.

I solemnly affirm under oath and under the penalty of perjury, that everything contained herein, and on my websites, www.ncjusticefraud.com and www.chinaisevil.com, is true and correct, except those matters asserted on information and belief, and those matters I believe to be true and correct.

_____
Christopher Langdon, Plaintiff, pro se
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539 ---- qiology@aol.com

State of: Florida    County of: Orange    Produced FL DL AS ID

Suscribed to and sworn before me, this the 31st day of August, 2006.

_____
Notary Public



DANIELLE MARTIN
Comm# DD0491353
Expires 11/16/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc

-5-
CERTIFICATE OF SERVICE

CERTFICATE OF SERVICE

I hereby certify that I have sent my *Plaintiff's Response*

*To Defenadnts' Microsoft an, AOL and Yahoo's Consolidated opposition to Plaintiff's Motions for Default Entry, Default Judgment and Motion to Strike,* this the 11th day of September, 2006, to:

Kurt Heyman
Counsel for Google
1116 West St.
Wilmington, Del. 19801
Via U.S. Mail

Mr. Lipkin
Lead Counsel for Microsoft, AOL and Yahoo
1100 N. Market St.
Suite 1200
Wilmington, Del. 19801-1246
Via FedEx

---
Christopher Langdon , Plaintiff
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539—qiology@aol.com