UNITED STATES DISTRICT COURT
DISTRICT OF DELAWAWARE

CHRISTOPHER LANGDON,
    Plaintiff,

    v.                         case no. 1:06-CV-319-J.J.F.

GOOGLE, INC. D.B.A. DELAWARE GOOGLE, INC.,
YAHOO, INC., TIME WARNER (AOL), and
MICROSOFT CORPORATION,
    Defendants.

RESPONSE TO GOOGLE'S MOTION TO DISMISS

    I.    STANDARDS OF REVIEW

A Plaintiff is not required to prove that he will ultimately prevail to survive a motion to dismiss.

"When a federal court reviews sufficiency of complaint, before reception of any evidence…issue is not whether plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support claims." <u>Scheuer v. Rhodes,</u> 416 U.S. 232, 94 S.Ct. 1683 at 1683 (1974)

"Right to a hearing under due process clause does not depend on a demonstration of certain success." <u>Cleveland Bd. Of Education v. Loudermill,</u> 470 U.S. 532, 105 S. Ct. 1487, 1488 (1985).

The drastic remedy of a motion to dismiss is not favored. *See: Nagler v. Admiral,* 248 F. 2d 319 (2nd Cir. 1957). Motions to dismiss are not favored and are granted sparingly in complex litigation. *See: Scott v. O' Grady,* 760 F. Supp 1288 (N.D. Ill. 1991). Motions to dismiss should not be granted in complex litigation until Plaintiff is given an opportunity for discovery. *See: Hospital Bldng. Co. v. Trustees of Rex Hospital,* 96 S.Ct. 1848, 425 U.S. 738 (1976). Courts should be cautious about granting motions to dismiss in civil rights cases. *See: Azar v. Conley,* 456 F. 2d

1382 (6th Cir. 1972). Courts may only consider facts in Complaint, and the attachments thereto, when considering a motion to dismiss. *See: Paulemon v. Tobin,* 30 F. 3d 307, 308-309 (2nd Cir. 1994).

Google's attorney has mis-labeled his responsive pleading as a motion to dismiss. In reality, he has surreptitiously tried to convert the proceedings into one for summary judgment. In deciding a motion to dismiss, the court may only consider the plaintiff's complaint and attachments thereto. *Paulemon v. Tobin, supra.* I am not hereby litigating a motion for summary judgment by implied consent.

Google's attorney attached a document entitled "Declaration of David DiNucci," along with a document entitled "Google Inc. Adwords Program Terms," to Google's brief. In reality, the so called declaration is an affidavit that refers to matters not discussed in my Complaint. There isn't any mention of the "Google Inc. Adwords Program Terms," or David DiNucci, in my Complaint, or, in its attachments.

The so-called "declaration" of David DiNucci and the attached document is a dishonest attempt to take advantage of a *pro se* Plaintiff. Therefore, the so-called declaration should be struck. It is not unusual for an attorney to result to deception when opposed by a pro se party.

II. <u>IMPORTANT CONSTITUTIONAL ISSUES REQUIRE CAREFUL CONSIDERATION</u>

Former Vice President Al Gore, a senior consultant to Google, recently stated that the future of democracy in America depends on the

Internet. I believe that is possible. It is an issue that I wish to expand on in my *Amended Complaint.* Therefore, a motion to dismiss is not appropriate in this situation.

### III.  CLAIMS UNDER DELAWARE LAW

My Complaint is based on Google's refusal to run ads for my websites, www.ncjusticefraud.com and www.chinaisevil.com. It is also based on Google's removal of www.ncjusticefraud.com from its search results when searching "Roy Cooper" and "Attorney General Roy Cooper."

In his motion to dismiss, Google's attorney characterizes these events as follows.

> "Plaintiff first asked Google to display an advertisement promoting his website at www.ncjusticefraud.com. ...The text..read:
> >Roy Cooper' Fraud
> >Cooper's fraud on the Supreme Court
> >Corruption within the N.C.D.O.J.
> >www.ncjusticefraud.com
>
> ...On March 3, 2006, Google rejected the ad because it found the ad un-acceptable..In an e-mail to Plaintiff, Google explained its decision: 'At this time Google does not permit ad text that advocates against an individual, group, or organization. In addition, this policy does not permit the advertisement of websites that advocate against a group protected by law'...Plaintiff attempted to place another ad reading:
> >Roy Cooper
> >The truth about Roy Cooper
> >The North Carolina Attorney General.
>
> Google rejected this second ad on March 6, 2006, citing the same reasons." *Opening Brief in Support of Google's Motion to Dismiss, p. 3.* (herein referred to as "Google's Brief") (herein referred to as *Google Statement #1.*

As I stated in my Complaint, Google's purported reasons for

-3-

refusing my Cooper ads are fraudulent for several reasons: (a) The purported reasons for rejecting my ads do not correspond with Google's *Content Policy* for ads that appears on its website; (b) no group is protected by law from criticism; (c) the text for second ad does not advocate against Roy Cooper, or anyone, and (d) Google does allow ads that advocate against individuals. My Appendix contains numerous examples of ad text on Google's search engine that advocate against individuals. Google allows ads that call President Bush a murderer, a traitor, and a Son of Satan. Obviously, the reasons Google gave for not allowing my Cooper ads are a fraudulent excuse to breach a contract.

Google's brief also states that:

"On March 29th, 2006, Plaintiff attempted to place an ad promoting another website, www.chinaisevil.com, which he proposed to read:
Communist China<br>Has Murdered Millions<br>Boycott China
....On April 4, 2006, Plaintiff canceled his ad program and his entire Google AdWords Account because he believed Google had taken too long to review this ad for compliance under its Content Policy...According to Plaintiff, Google then dropped his website from certain of its search results." *Google's Brief*, pp. 4-5 (herein referred to as *Google's Statement #2.*

That statement intentionally gives the false impression that Google is not running my China ad because I was too impatient when I did not receive an approval for my ad, and I then cancelled my Google AdWord Account. As I explained in my Complaint, Google has represented on its website that it approves ads within minutes after they are submitted. I

allowed Google a week to approve, or disapprove, my China ad.

My Complaint makes it clear that Google made a *de facto* refusal to run my China ad. One commentator called it a "pocket veto." The truth is, if Google wanted to run my China ad, it could. My Complaint was filed four months ago, but my ads are still not running on Google's search engine, through no fault of mine. <u>Google has never given a purported reason for not running my China ad.</u> Google couldn't manufacture a plausible lie for not running the ad.

I was accepted into Google's advertising program, but instead of running my ads, Google used fraud and deceit in order not to run them. My facts, taken as true, demonstrate that Google: perpetrated fraud; engaged in deceptive business practices; and breached a contract. My amended Complaint will plead these claims in more detail.

Google also deleted my website, www.NCJusticeFraud.com from its search results. Google and its executives have made numerous, public guarantees that it does not censor its search results. However, the truth is, Google regularly censors its search results, especially when it disagrees with a website's political position, or, if it believes it is in its best interest to do so for economic reasons. Google's censorship of my website, by removing it from its search results, is in violation of its public guarantees that it does not censor. Google defamed me by misrepresenting the value of my website, www.ncjusticefraud.com. These

accusations will be pled in detail in my *Amended Complaint.*

Additionally, Delaware is a common law state. *Makin v. Mack,* 336 A. 2d 230 (Del. Ch. 1975). Under the common law, anyone engaged in a public calling may not refuse to deal with someone without good cause, but must serve all, without discrimination. *See: The Law of the Public Callings as a Solution to the Trust Problem,* 17 Harvard Law Review 156 (1903).

Google discriminates against advertisers, like me, with: small advertising budgets; websites that criticize democratic politicians; and websites that criticize Communist China.

Google allows advertisers to focus their ads on certain geographic areas. Therefore, at the very least, Google should be required to run my ads in Delaware. Google and its executives have made public statements that prove that Google is in a public calling. Those statements will be included in my *Amended Complaint,* along with the supporting case law.

My Complaint does not allege that Google breached a contract, engaged in deceptive business practices, or, is engaged in a public calling. However, the facts alleged in my Complaint support those claims. My *Amended Complaint* will clearly make those claims and prove them. When considering a motion to dismiss, it is clear that:

"..when..a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint , we 'must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that

-6-

the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged."* Edwards v. City of Goldsboro, 178 F. 3d 231, 244 (4th Cir. 1999).

It is also my contention that Google has violated my rights to freedom of the press, free speech, and to petition the government for a redress of grievances, under the Delaware Constitution.

"Owners of private property held out for public purpose, such as shopping centers, are not entitled to prevent individuals from picketing on landowner's private property." State v. Elliot, 548 A. 2d 28, 29 (Del. Super. 1988).

Google's search engine is a shopping center, and more. There are more free speech activities on Google's search engine than there is in any shopping mall. Google's search engine is more open to the public than any mall, and it has been dedicated as a public forum. At the very least, I should be allowed to advertise my websites on Google' search engine in Delaware. This may be a decision that should referred to Delaware's highest court.

Google asserts that I have no rights under the Delaware Constitution. However, the Honorable Judge Farnan's ruling in a recent case appears to disprove that. I haven't been able to obtain a copy of the case, but I believe that it is *Lee v. Miner.* That case involves a New York resident who was barred from obtaining public records in Delaware because he wasn't a Delaware resident. It is my understanding that Judge Farnan ruled against the State of Delaware because the U,S. Constitution and the XIV Amendment require that all citizens be given

the full privileges and immunities of citizenship, regardless of their state residence. Judge Farnan's decision was recently upheld by the U.S. Court of Appeals for the Third Circuit.

I am not an attorney, and I do not practice law in Delaware, as Google's attorney does, but I am aware of Judge Farnan's decision. One must assume that Google's attorney is aware of it, but decided not to cite it. Failure to cite the controlling case law that is contrary to one's position is in violation of the *Model Rules of Professional Conduct* and fraud on the Court.

"Lawyers owe a duty of candor to the tribunal..Misrepresentations of controlling law can postpone resolution of real issues, thereby causing unnecessary deal..and may provide evidence of bad faith sufficient to warrant sanctions." Beam v. IPCO Corp., 838 F. 2d 242, 243 (7th Cir. 1988).

*See also: Calderon-Ontiveros v. I.N.S.*, 809 F. 2d 1050 (5th Cir. 1986).

It is clear that I have the right to prove my Delaware claims and that they should be fully briefed and given careful consideration, before a judgment is rendered

IV.    FEDERAL CLAIMS

The U.S. Supreme Court has never held that private property may never be subject to the requirements of the First Amendment. In *Lloyd v. Tanner,* the Court upheld a shopping center's ban on <u>all</u> leafleting. How- ever, the Court made it clear that if the mall had allowed leafleting by

-8-

some, and not others, it would have violated the First Amendment.

"First and Fourteenth Amendments safeguard rights of free speech and assembly by limitations on state action, not on action by owner of private property used nondiscriminatorily for private purposes only." Lloyd v. Tanner, 92 S.Ct. 2219 at 2219 [1] (1972).

*Hudgens v. NLRB,* 96 S. Ct. 1029 (1976) did not over-rule *Lloyd,*

*supra.*

"Public fora do not have to be physical gathering places. *Rosenberg v. Rector and Visitors of University of Virginia,* 515 U.S. 819, 830, 115 S.Ct. 2510, 2517.. (1995), nor are they limited to property owned by the government, *Cornelius v. NAACP Legal Defense & Education Fund, Inc.,* 473 U.S. 788, 800, 105 S. Ct. 3439, 3447-3448..(1985)." Denver Area Educ. Telecom. Consortium v. F.C.C., 116 S. Ct. 2374, 2409 (1996), Justices Kennedy and Ginsburg, dissenting and concurring, in part.

There is substantial evidence that Google has dedicated its search engine as a public forum, therefore it may not discriminate against my free speech, as it has done. Also, I have no viable alternative to express my views and my websites criticize Google's censorship.

In addition, the original intent of the Fourteenth Amendment to the U.S. Constitution was to give every citizen the same privileges and immunities of every other citizen, including the right to be free from discrimination by businesses engaged in a public calling. *See: Bell v. Maryland,* 378 U.S. 226 (1963); *The Civil Rights Cases,* 100 U.S. 3, 3 S.Ct. 18, 33 (1883), Justice Harlan senior, *dissenting.* It is my understanding that Justice Harlan, a former slave owner, also dissented in *Plessy v. Ferguson.* The Supreme Court in *Bell v. Maryland, supra,*

adopted his interpretation of the Fourteenth Amendment. As far as I know, *Bell v. Maryland* has never been over-turned, or vacated. It is clear that *Bell* holds that the Fourteenth Amendment makes the common law right of non-discriminatory access to private property, used in a public calling, a Constitutional right.

The common law right has been in existence for centuries.

At common law, a person engaged in a public calling…serving the convenience and necessity of the public is under a general duty to the public, and is obliged to serve all who seek service without discrimination." *C.J.S., Civil Rights*, Section 4, p. 481 (2006).

My *Amended Complaint* will demonstrate that Google is in a public calling, by its own admissions.

      V.    GOOGLE'S MOTION TO DISMISS SHOULD BE DENIED

For the reasons stated herein, Defendant Google's motion to dismiss should be denied. Respectfully submitted this the 18th day of September, 2006.

_____
Christopher Langdon, Plaintiff
1835 Edwin Blvd,, Winter Park, Fl. 32789
407-647-7539—qiology@aol.com

CERTFICATE OF SERVICE
Case 1:06-CV-319-JJF

I hereby solemnly affirm that I have mailed copies of my: *Response to Google's Motion to Dismiss, Response to Yahoo's and Microsoft's Motions to Dismiss, and Voluntary Dismissal in Part,* this the 18th day of September, 2006, to:

Daniel Folt, counsel for Yahoo, Microsoft, and AOL
1100 N. Market St.
Suite 1200
Wilmington, Del. 19801-1246

Kurt Heyman
1116 West Street
Wilmington, Del. 19801

_____
Christopher Langdon
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539---qiology@aol.com