UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTOPHER LANGDON,
    Plaintiff,

      v.

GOOGLE, INC., d.b.a. GOOGLE DELAWARE, INC.,
YAHOO!, INC., and MICROSOFT CORPORATION,
    Defendants.

RESPONSE TO YAHOO'S  AND MICROSOFT'S MOTIONS TO DISMISS

(I)     PREFACE

My factual allegations against Yahoo and Microsoft include their

refusals to run, alongside their search results, my ads for my websites,

www.chinaisevil.com and www.ncjusticefraud.com, and Yahoo's mis-

representations of the value of my website, www.ncjusticefraud.com, in

its search results.  Therefore I filed a Complaint, alleging various

violations of my rights under federal and Delaware law.

      Nothing contained herein is a waiver of the my contention

that defendants Yahoo and Microsoft have defaulted by not timely

serving their motions to dismiss on me, nor is it my intention to argue

any purported issue by implied consent.

However, if the court erroneously determines that defendant

Yahoo has not defaulted, and if the court's determination is upheld on

appeal, then I would respond as follows:

(II) LEGAL STANDARDS FOR REVIEWING A MOTION TO
DISMISS, and FRAUD ON THE COURT

The defendant's attorney, Folt, intentionally asks the court to apply

the wrong  standard of review for a motion to dismiss.  When a court

considers a motion to dismiss, it considers the allegations in the

plaintiff's complaint as true.  It is not proper for a motion to dismiss to

challenge the factual allegations of the plaintiff's complaint.

     "Allegations of complaint are generally taken as true for purposes of motion to dismiss."  *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 [2] (1980).

     *See also:  ALA, Inc. v. CCAIR*, 29 F. 3d 855, 859 (3d Cir. 1994).

     "District court may not grant motion to dismiss for failure to state a claim based on disbelief of factual allegations in Complaint."  *In re Sofamor Danek Group, Inc.*, 123 F. 3d 394 at 394 (6th Cir. 1997).

The defense's motion to dismiss has intentionally violated the

aforementioned legal principles, as follows:

     "...the scant *few* factual allegations made against Yahoo bear special attention here *because* they consist of nothing more than mere whispers of innuendo and suspicion- *i.e.* that Langdon *'understands'* that Yahoo only permits hosted advertising  (wrong) and that Yahoo misrepresents his website ranking (nonsensical).  Such illusory statements are not facts..."  *Opening Brief in Support of Defendant Yahoo! Inc.'s Motion to Dismiss for Failure to State a Claim* (herein referred to as *Yahoo's Brief* ), p. 1 (herein referred to as *Folt's Statement #1* ).

If Yahoo wanted to dispute my allegation, that Yahoo

misrepresents the value of my website, www.ncjusticefraud.com, in its

search results, then Folt should have filed answer, not a motion to

dismiss.   Folt's attempts to circumvent the rule of law is another

example of his fraud on the court.

    My Complaint does state that it is my understanding that Yahoo

does not allow advertising for websites not hosted by Yahoo. However, that understanding was based on my interaction with Yahoo, as my Complaint clearly states:

"I attempted to place an ad (sponsored link) on Yahoo! However, I was informed that Yahoo! does not accept ads for websites that aren't hosted by Yahoo! My website is hosted by Network Solutions. I wrote a certified letter to the president of Yahoo! asking if that was there policy. Although my letter was received at Yahoo! on March, 18th, 2006. I never received an answer. *See Appendix #4*." *Langdon v. Google*, p. 22-23.

Although these well pled facts are required to be taken as true for purposes of Yahoo's motion to dismiss, they're disputed in *Folt's Statement #1, supra.* Folt wishes to dispute whether or not un-hosted sites are allowed to advertise on Yahoo. That would be an issue that would be decided, if an answer had been filed and if Yahoo hadn't defaulted. I do not wish to argue the purported issue now.

However, without waiving my objections, it should be noted that *Folt's Statement #1* raises more questions than it answers. If Yahoo does allow advertising for websites not hosted by Yahoo, why was I told that it doesn't? Why didn't the president of Yahoo, or some other Yahoo executive, respond and correct the information I was given? Why hasn't Yahoo agreed to run my ads for the past six months?

In *Folt's Statement #1*, the facts in my Complaint are intentionally mis-characterized as "innuendo." However, Folt contradicts himself on the next page of his brief by admitting that:

"Langdon wrote a certified letter to the president of Yahoo! asking if it was the Company's policy to refuse to accept ads for websites not hosted by Yahoo ..That letter was received by Yahoo on March 18, 2006, but Langdon never received an answer" *Yahoo's Brief,* p. 2 (herein referred to as *Folt's Statement #2* )

In *Folt' Statement #1,* he refers to all of my factual allegations regarding Yahoo's representations about Yahoo's hosting requirement as "mere whispers of innuendo." In *Folt's Statement #2,* he admits that: I did write a letter to the president of Yahoo about the issue of advertising non-hosted websites; it was received by Yahoo; and Yahoo never responded to my letter.

If Folt wants to deny my allegations as to the reasons I was given by Yahoo for not running my ads, he should have filed an answer.

However, without waiving that objection, I would like to point out Yahoo's *de facto* admission of fraud.   *If* Folt had filed an answer, and denied that Yahoo bars ads by unhosted sites, as he does in his brief, then one must accept the fact that Yahoo's president fraudulently allowed me to be believe the opposite, by failing to respond to my letter. If Yahoo does have an un-stated, *de facto* rule, barring un-hosted websites from advertising, that would mean that Folt is lying.  Clearly, Yahoo and/or Folt is attempting to deceive me and the court.

Moving to another issue, in his *Opening Brief* Folt fraudulently states that:

"Plaintiff Christopher Langdon..is an unusually experienced *pro se*

-4-

litigant who unsuccesfully prosecuted several civil claims against various North Carolina governmental officials up to an through the United States Supreme Court. *See e.g. Langdon v. T.L. Mallonee, et alia,* 543 U.S. 1058 (2005) (just one of <u>seventeen</u> citations attributable to Langdon, this one denying *certiorari*). <u>*Yahoo's Brief,* p. 1 (herein referred to as *Folt's Statement # 3*).</u>

*Folt's Statement #3* is fraudulent on its face. Neither *Langdon v. Mallonee,* nor any other case filed by me, was argued through the U.S. Supreme Court. By Folt's own admission, the Court did not grant *certiorari* in *Langdon v. Mallonee,* therefore, my claims were not litigated "through" the Court.

Also, Folt makes no allegations that *Langdon v. Mallonee,* or any other case filed by me, has any specific bearing on Yahoo's motion to dismiss, and there is no mention of *Langdon v. Mallonee* in my Complaint. Neither *Langdon v. Mallonee*, nor any of the numerous, un-named, civil claims alluded to in *Folt's Statement #3*, are before the court for purposes of considering Yahoo's motion to dismiss.

On my website, www.ncjusticefraud.com, I discuss the fraud on the courts by Cooper, Crawford and Glover in *Langdon v. Swain* and *Langdon v. Cooper,* on my home page. My second page on my website NCCourt's Fraud, demonstrates how NCDOT attorney T.L.Mallonee used fraud on the N.C. courts to obtain a purported judgment in *Langdon v. NCDOT*. The third page on my website, "Judge Baker," demonstrates how Cooper, Crawford and Glover utilized fraud on the court in order

to prevent me from obtaining relief from the void judgment in *Langdon v.*
*NCDOT* in the state courts of N.C.  It also points out how Judge Baker
violated my Constitutional rights to due process and equal protection
under the law.  Judge Baker has been made aware of my accusations on
several occasions, but he has never asked for a retraction.

There is no direct discussion of *Langdon v. Mallonee* in *Langdon v.*
*Google.*  My website does make detailed allegations of the events that led
up to *Langdon v. Mallonee,* by explaining how North Carolina Department
of Transportation attorney T.L.. Mallonee procured a purported judgment
in L*angdon v. NCDOT,* through fraud on the court.

My well pled allegations in my Complaint, pp. 15-17, and on my
website, *Appendix III* attached to my Complaint, include the allegations
that *Langdon v. Swain, Langdon v. Tippett and Langdon v. NCDOT* are
void for:  lack of jurisdiction; lack of due process of law; and because of
fraud on the court.  Those allegations also demonstrate that Cooper
perpetrated fraud on the U.S. Supreme Court.  Those well pled allegation
should be taken as true for purposes of Yahoo's motion to dismiss.

Furthermore, as I pointed out in *Langdon v. Google,* Yahoo has
never alleged that my allegations against Cooper, Crawford, Glover,
Mallonee, or anyone else, are false.  The only reason given to me by
Yahoo, for not running my ads for my websites, is their assertion that
they don't allow ads for sites not hosted by them.  Additionally, I pointed

-6-

out in *Langdon v. Google*, pp. 17-20, that I gave Cooper, Crawford, Glover

and Mallonee numerous opportunities to deny any of my specific

factual allegations, before or after I published them on my website.

Neither they, nor anyone else, has ever asked for a retraction, or denied

any of the allegations on my website, although Cooper and his cronies

have been aware of my allegations on my website from its inception over

eleven months ago.

Therefore, for purposes of Yahoo's motion to dismiss, my allegations

against Cooper, and others, must be construed as true.

Folt also attempts to mislead the court in Yahoo's Motion to dismiss

in the following statement:

"Perhaps Langdon will report honestly in his brief what happens
when the searches *Roy Cooper, the N.C. Department of Justice and
Communist China murders* are run on Yahoo, rather than the other
internet sites. The day we filed this brief, those searches produced his
websites as the second and first hits reported, respectively, on the first
page of the returns made." *Yahoo's Brief*, p. 2, n.2 (herein referred to as
*Folt's Statement #4* ).

That statement is fraud on the court for several reasons:  (a)  My

Complaint, *Lang*don *v. Google,* doesn't allege that Yahoo mis-represented

my website, www.chinaisevil.com in its search results;  (b)  my Complaint

does allege that Yahoo mis-represented my website,

www.ncjusticefraud.com in its search results, when searching "Attorney

General Roy Cooper."  If Folt wanted to challenge my assertion in my

Complaint, that Yahoo mis-represented the value of my N.C. site, he

should have filed an answer;  (c) without waiving my stated objections,

it should be clear that, whatever the search engine results were when

Folt utilized Yahoo's search engine on July 24th, 2006, two months after I

filed my complaint, they are irrelevant as to Yahoo's motion to dismiss.

My Complaint was filed on May 17th, 2006; and (d) *Folt's Statement #4*

attacks my character and accuses me of a lack of honesty, because my

Complaint, filed on May 17th, 2006, does not predict what the search

results for my websites would be more than two months later, on July

24th, 2006.  That is one of the most bizarre accusations that I have ever

encountered.

    Another fraudulent statement by Folt is:

    "..Langdon does not state...whether his ad was ever accepted or
rejected." <u>Yahoo's Brief,</u> p. 2 (herein *Folt's Statement #5* ).

    On the contrary, my Complaint clearly states:

    " I attempted to place an ad (sponsored link) on Yahoo!  However, I
was told that Yahoo! does not accept ads for websites that aren't hosted
by Yahoo!...Yahoo!'s refusal to run my ad violates my rights of free
speech and to petition the government for a redress of grievances....
Alternatively, the refusals by Google-AOL, Yahoo! and Microsoft to run
my ads are discriminatory..." <u>Langdon v. Google</u>, p. 23.

    Folt's own statement, made in another pleading on behalf of Yahoo,

proves his statement # 5 is fraudulent.

    "Since filing his Complaint asserting constitutional free speech
claim against the Defendants for declining to advertise Plaintiff's
noncommercial and undeniably pejorative websites, Mr. Langdon filed

five separate motions..” *Consolidated Opposition of Defendants Yahoo! Inc, AOL LLC and Microsoft Corporation to Plaintiff's Motion for Default Entry and Default Judgment and to Plaintiff's Motions to Strike,* p. 2 (herein referred to as *Folt's Statement #6* )

Clearly, *Folt's Statement #5, supra,* is a lie that directly contradicts his admissions in *Folt's Statement #6,* and is, therefore, fraud on the court. *Folt's Statement # 5* is also obviously false because my ads appear in my Complaint, filed more than four months ago, and Yahoo has never offered to run any of my ads under any circumstances. Folt attempts, through deceitful pleading, to cloud an indisputable fact, that Yahoo will not run any of my ads.

Microsoft has also refused to run my ads. I was accepted into Microsoft's Pilot ad program. They sent me an e-mail that reads:

“We're excited to let you know that that you have been chosen to participate in the U.S. pilot of MSN adCenter...as this is a pilot program we need and want your input so that we can make adCenter even better..We look forward to working with you.” herein referred to as *Microsoft's Statement # 1, See Appendix IV.*

As I pointed out in my Complaint, Microsoft never responded to me after I submitted my first ad. Microsoft has never given me a reason for not running my ads, although I was accepted into its program. Attorney Folt fraudulently stated that:

“The Plaintiff, by his own allegations is, at best, simply a disappointed advertiser whose proposed paid advertising for his web sites on defendants' respective search engines failed to meet certain of the defendants' publication standards governing paid advertisements. As to defendants AOL and Microsoft, moreover, plaintiff has not

-9-

even alleged that he was refused advertising space on their respective search engine sites." *Defendants AOL and Microsoft's Opening Brief in Support of Their Motion to Dismiss*, p. 1 (herein referred to as *Folt's Statement # 7).*

That statement is fraudulent for a number of reasons:  It is self-contradictory.  Folt claims that I didn't even allege that Microsoft denied my ads.  However, he also characterizes me as a disappointed advertiser.  How could I be a disappointed advertiser, if my ads weren't refused?  My Complaint does allege that Microsoft refused to place my ads.

"Alternatively, the refusals by Google-AOL, Yahoo! and Microsoft to run my ads are discriminatory..."  *Langdon v. Google, Section XIII,* p. 23.

Also, in *Folt's Statement #6, supra,* he admits that his clients (Yahoo, Microsoft and AOL) declined to run my ads, which contradicts *Folt's Statement #7.  Folt's Statement #7* is also fraudulent because it falsely alleges my ads were refused by the Defendants (plural) because my ads didn't meet their publication standards.  The truth is, Microsoft never gave me a reason for not running my ads.

Of course, Microsoft is not running my ads, through no fault of my own.  Microsoft has never offered to run my ads, which are included verbatim in my Complaint, and has never given me a reason why they won't run them, although I was accepted into their Pilot ad program.

Folt's fraud on the court on behalf of Microsoft is a continuation of Microsoft's fraud on me.  I have a right to rely on Microsoft's acceptance of my application into their Pilot program.  Microsoft has no legitimate

-10-

reason not to run my ads, therefore, they decided to renege on their

agreement.

It is my contention that a default judgment should be entered

against Microsoft and Yahoo because of their fraud on the court.

When reviewing a motion to dismiss, there are certain additional

standards to consider.

" Motions to dismiss because of a failure to state a claim upon which relief can be granted are mere formal motions directed to the face of the Complaint and generally are not favored and should be grated sparingly and with caution." _Dann v. Studebaker-Packard, Corp._, 288 F. 2d 201 (4th Cir. 1961).

"Right to a hearing under the due process clause does not depend on a demonstration of certain success." _Cleveland Bd. Of education v. Loudermill_, 470 U.S. 532, 105 S.Ct. 1487, 1488 (1985).

"When a court reviews the sufficiency of complaint, before reception of any evidence..issues is not whether plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support claims." _Scheuer v. Rhodes_, 416 U.S. 232, 94 S.Ct. 1683 at 1683 (1974).

"..motions to dismiss are granted sparingly and with caution in order to make certain that that plaintiff is not improperly denied a right to have his claim adjudicated on the merits." _Federal Practice and Procedure_, Wright & Miller, Vol. 5A, Section 1349 (1990)

"Object of motion to dismiss is to test the sufficiency of the pleadings, and all well pleaded facts are taken as true and complaint liberally construed in favor of party opposing motion." _Hudson v. Academy of Court Reporting_, 746 F. Supp. 718 at 718 [1] (S.D. Ohio 1990).

"Purpose of a motion to dismiss..is to assess the legal feasibility of

-11-

a complaint not to weigh the evidence which the plaintiff intends to offer; Motion should not be granted on ground that possibility of recovery is remote." *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F. Supp. 1314 S.D.N.Y. 1989)

Of course, Folt violates the appropriate legal standards by asking the court to weigh the evidence in my Complaint.

III.    CLAIMS BASED ON DELAWARE LAW

My complaint seeks relief under Delaware law.  Defendant Yahoo asks the public to advertise on its search engine.  However, it hasn't allowed me to do so.  My allegations show that Yahoo breached a contract and perpetrated fraud in order to prevent me from advertising. Yahoo also engaged in a deceptive business practices.

Microsoft asked the pubic to advertise on its search engine under its pilot ad program.  I was accepted into their program, but they didn't allow my ads, and they've never given me any explanation as to why not. My allegations show that Microsoft breached a contract, engaged in a deceptive business practice and perpetrated fraud.

Furthermore, Delaware is a common law state.  Yahoo and Microsoft are engaged in public calling.  Under the common law, a business engaged in a public calling cannot refuse to deal with a member of the public without good reason, and may not discriminate.

"At common law a person engaged in a public calling ..serving the convenience of the and necessity of the public is under a general duty to the public, and is obliged to serve all who seek service without discrimination." *C.J.S., Civil Rights*, Section 4, p. 481 (2006).

-12-

*See also: The Law of Public Callings as a Solution to the Trust Problem,* 17 Harvard Law Review 156 (1903).

At the very least, Yahoo and Microsoft are required to run my ads in Delaware. Yahoo and Microsoft discriminate against advertisers, like me, with: small advertising budgets; websites that criticize Democratic politicians; and websites that criticize Communist China.

Yahoo also defamed me be effectively removing my website from its search results.

My Complaint does not specify all the preceding legal theories for a basis of relief, however, a court is required to consider any legal theory that the facts will support, when considering a motion to dismiss. *See: Edwards v. City of Goldsboro,* 178 F. 3d 231, 244 (4th Cir. 1999).

My Complaint also asserts rights under the Delaware Constitution for freedom of the press, speech and to petition the government for a redress of grievances. Under Delaware law:

"Owners of private property held out for public purpose, such as shopping centers, are not entitled to prevent individuals from picketing on landowners private property." *State v. Elliot,* 548 A. 2d 28, 29 (Del. Super. 1988)

Yahoo and Microsoft's search engines are shopping centers, and more. They are public forums, and have been dedicated as such by them. Yahoo and Microsoft allege that Delaware's Constitution does not protect non-residents. However, they failed to cite the contrary, control-

ling case law, a recent decision by Judge Farnan (*Lee v. Miner* ?). That case involves a New York resident that was barred from obtaining public records in Delaware. I have been unable to obtain a copy of the case, but I am sure that Folt is aware of it. Failure to cite the controlling case law, that is contrary to one's position, is grounds for sanctions. *Beam v. IPCO,* 838 F. 2d 242, 243 (7th Cir. 1988).

It is clear that I should be given the opportunity to prove my Delaware law claims, and I will do so in my *Amended Complaint* and with discovery.

## IV.  FEDERAL CLAIMS

The U.S. Supreme court has never held that private property may never be subject to the requirements of the First Amendment. In *Lloyd v. Tanner,* the Court made it clear that, if the mall allowed leafleting by some, and not others, it would have violated the First Amendment. *See Lloyd v. Tanner,* 92 S.Ct. 2219 at 2219 [1] (1972). As far as I know, Lloyd has never been over-turned or vacated. Also note that:

"Public fora do not have to be physical gathering places. *Rosenberg v. Rector and Visitors of University of Virginia,* 515 U.S. 819, 830, 115 S.Ct. 2510, 2517.. (1995), nor are they limited to property owned by the government, *Cornelius v. NAACP Legal Defense & Education Fund, Inc.,* ..105 S.Ct. 3439, 3447-3448..(1985)." *Denver Area Educ. Telecom Consortium v. F.C.C.,* 116 S. Ct. 2374, 2409 (1996) Justices Kennedy and Ginsburg, dissenting and concurring, in part.

There is evidence, that will be provided in my *Amended Complaint,* that Yahoo and Microsoft have dedicated their search engines

-14-

as public fora.  Also, I have no viable alternative for my First Amend-
ment expressions and my websites criticize the censoring of my website,
www.ncjustciefraud.com, by Google and Yahoo, and the censoring of my
ads by Microsoft, Yahoo and Google.

In addition, the original intent of the Fourteenth Amendment was to
give every citizen the common law right to be free from discrimination by
businesses engaged in a public calling.  *See Bell v. Maryland,* 378 U.S.
226 (1963);  *The Civil Rights Cases,* 100 U.S. 3, 3 S.Ct. 18, 33 (1883),
Justice Harlan, senior, dissenting.

### V.    I AM NOT OVERLY LITIGIOUS AND MY CLAIMS AGAINST ROY COOPER, ETC., ARE NOT FRIVOLOUS

As I pointed out in my response to the defendant's consolidated
opposition, which is incorporated herein by reference, I have offered to
drop my Complaint, pay the defendants attorneys fees, and shut down
my websites, if they could prove certain of my accusations false.  I
provided them with an affidavit and the appropriate documents.  None of
the defendants have taken up my offer, because Roy Cooper did lie to the
U.S. Supreme court and Communist China has murdered millions.

I have also shown in my response to their consolidated opposition
that Cooper's own statements in his *Brief in Opposition,* case no. 02-12,
a consolidation of *Langdon v. Swain,* and *Langdon v. Tippett,* prove that
the purported reasons that the W.D.N.C. and The U.S. Court of Appeals
for the Fourth Circuit, are erroneous.  Said response, and the well

documented allegations on my website, contained in *Appendix I,* to my
Complaint, also prove that *Langdon v. Swain* and *Langdon v. Tippett* are
void for: lack of jurisdiction; lack of due process of law; and fraud on the
court by Cooper and his associates.  Therefore, for purposes of reviewing
the defendants' motions to dismiss, those allegations must be taken as
true.

Therefore, for the reasons stated herein, Yahoo's Motion to
dismiss, and Microsoft's motion to dismiss, should be denied.

Christopher Langdon, Plaintiff
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539----qiology@aol.cm

-16-

<u>CERTFICATE OF SERVICE</u>
<u>Case 1:06-CV-319-JJF</u>

I hereby solemnly affirm that I have mailed copies of my:  *Response to*

*Google's Motion to Dismiss, Response to Yahoo's and Microsoft's Motions*

*to Dismiss, and Voluntary Dismissal in Part,* this the 18th day of

September, 2006, to:

Daniel Folt, counsel for Yahoo, Microsoft, and AOL
1100 N. Market St.
Suite 1200
Wilmington, Del. 19801-1246

Kurt Heyman
1116 West Street
Wilmington, Del. 19801

Christopher Langdon
1835 Edwin Blvd., Winter Park, Fl. 32789
407-647-7539---qiology@aol.com