# EXHIBIT A

**To the Opening Brief In Support Of Google Inc.'s
Motion To Dismiss The Amended Complaint**

Dockets.Justia.com

Westlaw.

143 Fed.Appx. 422                                                                      Page 1

143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))
**(Cite as: 143 Fed.Appx. 422)**

**H**
Briefs and Other Related Documents
This case was not selected for publication in the
Federal Reporter.NOT PRECEDENTIAL    Please
use FIND to look at the applicable circuit court rule
before citing this opinion. Third Circuit Local
Appellate Rule 28.3(a) and Internal Operating
Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3
IOP APP I 5.3.)
      United States Court of Appeals,Third Circuit.
            Alberto CONCEPCION, Appellant,
                              v.
    Scott A. RESNIK; Alfred J. Lechner, Jr.; Carolyn
    Murray; Robert J. Cleary; Thomas R. Ashley;
    Ashley & Charles; Michael A. Armstrong; John S.
    Furlong; Catherine M. Brown; Esther Salas;
    Jerome Ballarotto; John F. Murphy, Jr.; Kenneth
    Shuey; Nicholas Mendez; Nicholas Vince; Peter
    Mickwalter; Joseph J. Santiago; Barry J. Collicelli;
    James O'Conner; Jerry O'Conner; Robert Boyer;
    Anthony Arsey; Madaline Loper, a/k/a Madline
    Gacta; Detective Julian Jova; Howard W. Bailey;
    Nicole Amato; Mark Arderl; John Azzarello;
    Maureen Kelly-Leon; Joseph J. Napurano; Beth L.
    Neuguss; Jennie Perez-Ray; Shawna Yen; Joanne
    M. Bilancia-Young; Derek White; Clerk William
    T. Walsh; Thomas McTigue; Warden John Nash;
    Deneen P. Sweet; A. Matevousin; Rick Lavella;
    C. Bergan; Ronald J. Hedges; Susan J. Steele;
    Stuart A. Minkowitz; Christopher Fair; John W.
    Bissell; Paul W. Bergain; Michael Brown; James
    M. Munley; John D. Caruso; Lee H. Vicker;
                      George S. Leone.
                      **No. 05-1840.**

        Submitted for Possible Summary Action Under
    Third Circuit LAR 27.4 and I.O.P. 10.6 July 8,
                            2005.
                    Decided July 27, 2005.

**Background:** Inmate brought suit for alleged
violations of the Racketeer Influenced and Corrupt
Organizations Act (RICO) against 56 defendants,
including state and federal prosecutors and judges,

F.B.I. agents, and police officers. The United States
District Court for the District of New Jersey, Garrett
E. Brown, Jr., J., denied inmate's motion to recuse,
dismissed inmate's complaint, and ordered inmate to
show cause why he should not be barred from filing
further claims. Inmate appealed.

**Holdings:** The Court of Appeals held that:

(1) district court judge was not required to recuse
himself;

(2) inmate lacked standing to seek imposition of
RICO criminal liability on defendants;

(3) civil RICO complaint was properly dismissed
for failure to state a claim and as a malicious
complaint;

(4) district court properly refused inmate leave to
amend his complaint; and

(5) district court did not abuse its discretion when it
ordered inmate to show cause why he should not be
enjoined from filing additional claims.

Affirmed.

                      West Headnotes

**[1] Judges 227 ☜═42**

227 Judges
      227IV Disqualification to Act
            227k41 Pecuniary Interest
                  227k42 k. In General. Most Cited Cases

**Judges 227 ☜═49(1)**

227 Judges
      227IV Disqualification to Act

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

143 Fed.Appx. 422

143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))
**(Cite as: 143 Fed.Appx. 422)**

227k49 Bias and Prejudice
227k49(1) k. In General. Most Cited Cases

**Judges 227 ☞51(2)**

227 Judges
227IV Disqualification to Act
227k51 Objections to Judge, and Proceedings
Thereon
227k51(2) k. Time of Making Objection.
Most Cited Cases

**Judges 227 ☞51(3)**

227 Judges
227IV Disqualification to Act
227k51 Objections to Judge, and Proceedings
Thereon
227k51(3) k. Sufficiency of Objection or
Affidavit. Most Cited Cases
District court judge was not required to recuse
himself from inmate's Racketeer Influenced and
Corrupt Organizations Act (RICO) suit against state
and federal prosecutors and judges, since inmate did
not file his motion to recuse within 10 days of the
transfer of his case, he failed to present facts in the
proper form of an affidavit, judge's impartiality had
not been put into question by earlier case involving
inmate, and judge did not have a financial interest
that could be affected by the outcome of the RICO
case. 18 U.S.C.A. § 1961 et seq.; 28 U.S.C.A. §
144.

**[2] District and Prosecuting Attorneys 131 ☞8**

131 District and Prosecuting Attorneys
131k8 k. Powers and Proceedings in General.
Most Cited Cases
Inmate lacked standing to seek imposition of
criminal liability on state and federal prosecutors
under the Racketeer Influenced and Corrupt
Organizations Act (RICO). 18 U.S.C.A. § 1961 et
seq.

**[3] Racketeer Influenced and Corrupt
Organizations 319H ☞72**

319H Racketeer Influenced and Corrupt
Organizations

319HI Federal Regulation
319HI(B) Civil Remedies and Proceedings
319Hk68 Pleading
319Hk72 k. Pattern. Most Cited Cases
Allegations that state and federal prosecutors and
judges conspired to commit fraud, bribery,
extortion, obstruction of justice, witness tampering,
kidnapping, false arrest, false imprisonment,
slavery, peonage, breach of contract, and forgery
were insufficient to state civil claim under the
Racketeer Influenced and Corrupt Organizations
Act (RICO), absent explanation as to how
defendants participated in a pattern of racketeering
activity. 18 U.S.C.A. § 1961 et seq.; 28 U.S.C.A. §
1915A.

**[4] Racketeer Influenced and Corrupt
Organizations 319H ☞69**

319H Racketeer Influenced and Corrupt
Organizations
319HI Federal Regulation
319HI(B) Civil Remedies and Proceedings
319Hk68 Pleading
319Hk69 k. In General. Most Cited
Cases
Eighty-page complaint, alleging violation of the
Racketeer Influenced and Corrupt Organizations
Act (RICO), that included discussions about
irrelevant statutes, terms such as "legal fiction," and
improper punctuation did not comply with federal
civil procedure rule governing pleadings. 18
U.S.C.A. § 1961 et seq.; Fed.Rules Civ.Proc.Rule
8, 28 U.S.C.A.

**[5] Convicts 98 ☞5**

98 Convicts
98k5 k. Crimes. Most Cited Cases
Since allegations in inmate's Racketeer Influenced
and Corrupt Organizations Act (RICO) complaint
against state and federal prosecutors and judges
were made to retaliate and harass, they were
malicious, warranting dismissal of the complaint.
18 U.S.C.A. § 1961 et seq.; 28 U.S.C.A. § 1915A.

**[6] Federal Civil Procedure 170A ☞851**

170A Federal Civil Procedure

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

143 Fed.Appx. 422

Page 3

143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))
**(Cite as: 143 Fed.Appx. 422)**

170AVII Pleadings and Motions
   170AVII(E) Amendments
     170Ak851 k. Form and Sufficiency of
Amendment. Most Cited Cases
Leave to amend inmate's Racketeer Influenced and
Corrupt Organizations Act (RICO) complaint
against state and federal prosecutors and judges was
properly denied, since amendment would have been
futile and inequitable. 18 U.S.C.A. § 1961 et seq.

**[7] Federal Courts 170B ☞774**

170B Federal Courts
   170BVIII Courts of Appeals
     170BVIII(K) Scope, Standards, and Extent
       170BVIII(K)1 In General
         170Bk773 Estoppel to Allege Error;
Invited Error
         170Bk774 k. Particular Errors.
Most Cited Cases
Reviewing court would treat case as one in which
leave to amend was required, notwithstanding
appellant's argument that he should have been
permitted to amend his complaint as a matter of
course, where he filed a motion for leave to amend
instead of just filing an amended complaint.
Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[8] Injunction 212 ☞115**

212 Injunction
   212III Actions for Injunctions
     212k115 k. Process and Appearance. Most
Cited Cases

**Injunction 212 ☞130**

212 Injunction
   212III Actions for Injunctions
     212k130 k. Trial or Hearing. Most Cited
Cases
District court did not abuse its discretion when it
ordered inmate, who had filed a meritless Racketeer
Influenced and Corrupt Organizations Act (RICO)
complaint against state and federal prosecutors and
judges, to show cause why he should not be
enjoined from filing additional claims in that court,
since inmate had filed meritless RICO claims in
other district courts against many of the same

defendants and he was given notice and an
opportunity to respond when the court issued the
order. 18 U.S.C.A. § 1961 et seq.

**[9] Federal Civil Procedure 170A ☞1271**

170A Federal Civil Procedure
   170AX Depositions and Discovery
     170AX(A) In General
       170Ak1271 k. Proceedings to Obtain.
Most Cited Cases

**Federal Civil Procedure 170A ☞1837.1**

170A Federal Civil Procedure
   170AXI Dismissal
     170AXI(B) Involuntary Dismissal
       170AXI(B)5 Proceedings
         170Ak1837 Effect
           170Ak1837.1 k. In General. Most
Cited Cases
Since inmate's Racketeer Influenced and Corrupt
Organizations Act (RICO) claims against state and
federal prosecutors and judges were properly
dismissed, denial of inmate's discovery motions was
also proper. 18 U.S.C.A. § 1961 et seq.; 28
U.S.C.A. § 1915A.

***424** On Appeal From the United States District
Court For the District of New Jersey. (D.C.Civ.
No. 04-cv-05177). District Judge: Honorable
Garrett E. Brown, Jr.

Alberto Concepcion, White Deer, PA, pro se.
Thomas R. Ashley, Ashley & Charles, Newark, NJ,
pro se.
James B. Clark, III, Office of United States
Attorney, Gary S. Lipshutz, Newark, NJ, Darryl W.
Simpkins, Simpkins & Simpkins, Hillsborough, NJ,
for Defendants.

Before RENDELL, FISHER and VAN
ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.
****1** Alberto Concepcion, an inmate at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

143 Fed.Appx. 422                                                                                    Page 4

143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))
**(Cite as: 143 Fed.Appx. 422)**

F.C.I.-Allenwood, brought suit for alleged violations of the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. § 1961, *et seq.* (2005), against fifty-six defendants, including state and federal prosecutors and judges, F.B.I. agents, and police officers, in the United States District Court for the District of Columbia. In that court, three defendants filed motions to dismiss, and one of the three paired his motion with a motion to transfer the case to the United States District Court for the District of New Jersey. The case was transferred, and soon thereafter, Concepcion filed motions to amend his complaint, to recuse the District Court judge, and for summary judgment. Not long after Concepcion filed those motions, the federal government employees named as defendants (as listed in the District Court's Memorandum & Order) filed a motion to dismiss the complaint pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8, and a motion to enjoin Concepcion from filing further lawsuits in the United States District Court for the District of New Jersey without permission *425 of the Court. The state prosecutorial defendants (as named in the District Court's Memorandum & Order) filed a motion to dismiss pursuant to Rule 12(b)(6), or, in the alternative, Rule 56 of the Federal Rules of Civil Procedure.

The District Court judge declined to recuse. The District Court granted the motions of the federal employees and the state prosecutors; denied all of Concepcion's other pending motions, including those listed above, as well as discovery motions, a motion for appointment of counsel, and a motion for summary judgment; and dismissed Concepcion's complaint in its entirety. The District Court also ordered Concepcion to show cause why he should not be barred from filing further claims in the District Court's jurisdiction without leave of the Court.

Concepcion appeals. Two groups of defendants-appellees, the federal government employees and the state prosecutors, each filed a motion for summary affirmance. Three other defendants, joining in and relying on the arguments of the federal government employees and the state prosecutors, also filed motions for summary

affirmance. Because there is no substantial question on appeal, we will grant the motions for summary affirmance, and the District Court's order will be summarily affirmed.

[1] First, Judge Brown, the District Court judge, did not abuse his discretion in declining to recuse. Concepcion, purporting to proceed under 28 U.S.C. § 144 and 28 U.S.C. § 455, argued that Judge Brown should recuse because, as a former "debtor-party" in *United States v. Day*, D.N.J. C.A. No. 02-05009, Judge Brown had "personal interests which could reasonably be presumed to prejudice or bias his ability to impartially adjudicate this case," as well as personal knowledge about the disputed evidence in Concepcion's RICO Act lawsuit, and a financial interest that could be affected by its outcome. Concepcion also contended that Judge Brown should recuse because he was "the subject of 'Rider' to the 'Security Agreement' of Roger Charles Day, Jr."

**2 First, Concepcion did not meet the procedural requirements of § 144. Concepcion did not file his motion within 10 days of the transfer of his case to Judge Brown, and failed to present facts in the proper form of an affidavit, deficiencies that provided grounds for denial of Concepcion's motion under § 144. *See* 28 U.S.C. § 144 (2005); *GMC v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 336 (3d Cir.2001); *Simonson v. Gen. Motors Corp.*, 425 F.Supp. 574, 578 (E.D.Pa.1976) (citing *U.S. v. Clark*, 398 F.Supp. 341, 362 (E.D.Pa.1975), *aff'd*, 532 F.2d 748 (3d Cir.1976)).

Second, recusal is not necessary because a reasonable person, with knowledge of the relevant facts and circumstances, would not doubt the District Court judge's impartiality. *See Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir.1987). Judge Brown's impartiality would not be put into question because of a case involving Concepcion and/or Roger Charles Day, Jr., in a separate (and now-closed) case before a different judge. The United States, not Judge Brown, pursued Concepcion in that case. Judge Brown was just one of many who may have benefitted-quite modestly-from the default judgment awarded to the government. Furthermore, that case did not make

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

143 Fed.Appx. 422

143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))
(Cite as: 143 Fed.Appx. 422)

Page 5

Judge Brown privy to extrajudicial knowledge relevant to the unrelated RICO Act claims in Concepcion's case. Judge Brown also does not have a financial interest that could be affected by the outcome of Concepcion's case.

[2] The District Court's order dismissing Concepcion's complaint was proper. To the extent that Concepcion sought to impose RICO criminal liability on the defendants,*426 he lacked standing to proceed. *See U.S. v. Friedland,* 83 F.3d 1531, 1539 (3d Cir.1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").

[3][4] Furthermore, as the District Court concluded, Concepcion's civil RICO Act claims had to be dismissed under 28 U.S.C. § 1915A.FN1 Despite generally alleging that defendants conspired to commit all manner of fraud, as well as to engage in bribery, extortion, obstruction of justice, witness tampering, kidnapping, false arrest, false imprisonment, slavery, peonage, breach of contract, and forgery, *see, e.g.,* Complaint at § PPP, ¶ 17(a)-(m), Concepcion did not explain, as was required, how defendants participated in a pattern of racketeering activity in violation of the RICO Act. *See Tapia-Ortiz v. Winter,* 185 F.3d 8, 11 (2d Cir.1999). In fact, Concepcion did not include specific allegations of objectionable actions for many of the defendants.

> FN1. In addition, for the reasons detailed by the District Court, Concepcion's complaint did not comply with Rule 8. *See Hartz v. Friedman,* 919 F.2d 469, 471 (7th Cir.1990). The surplusage in the 80-page complaint included discussions about irrelevant statutes, the alleged invalidity of birth certificates, terms such as "legal fiction," and proper punctuation as set forth in a N.A.S.A. handbook.

[5] Moreover, Concepcion's allegations targeted those who had represented, arrested, or prosecuted him, and those who had presided over, or were otherwise involved, in his criminal or civil proceedings or their outcomes. *See* Complaint at §

CCC, ¶ 1(A)-(Z)(30)). Such allegations, made to retaliate against and harass defendants, were malicious. *See Tapia-Ortiz,* 185 F.3d at 11.

**3 [6][7] Similarly, the District Court did not abuse its discretion by refusing Concepcion leave to amend his complaint. Leave to amend should be granted unless amendment is futile or inequitable. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 106 (3d Cir.2002). Based on the nature of the allegations and the time that had passed since the complaint was originally filed, the District Court had reason to determine that an amendment would be both futile and inequitable. Although Concepcion argues on appeal that he should have been permitted to amend his complaint as a matter of course, *see* Fed. R. Civ. P. 15(a) (2005), he filed a motion for leave to amend instead of just filing an amended complaint. Accordingly, we treat this as a case in which leave to amend was required. *See Centifanti v. Nix,* 865 F.2d 1422, 1431 (3d Cir.1989) (so holding).

[8] The District Court did not abuse its discretion by ordering Concepcion to show cause why he should not be enjoined from filing additional claims in the United States District Court for the District of New Jersey without leave of the Court.FN2 The District Court considered that Concepcion has filed meritless RICO claims in other District Courts against many of the same defendants, among others. Also, the District Court gave Concepcion notice and an opportunity to respond when it issued its order, which was a type of order within the scope of the All Writs Act. *See* *427Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir.1993); *In re Oliver,* 682 F.2d 443, 445 (3d Cir.1982).

> FN2. We do not consider the validity of the later order enjoining Concepcion from filing further claims in the United District Court for the District of New Jersey. The issue is outside the scope of Concepcion's notice of appeal. Furthermore, Concepcion did not appeal from the order when he submitted, to the District Court, a copy of the injunction marked with the words "refuse for fraud without dishonor

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

143 Fed.Appx. 422

143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))
**(Cite as: 143 Fed.Appx. 422)**

U.C.C. 3-501." Even if the filing requirements are liberally construed, his submission did not include the necessary contents of a notice of appeal, *see* Fed. R.App. P. 3(c), that are required to give notice of an appeal to the other parties and the District Court. *See Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).

[9] Because Concepcion's claims were properly dismissed pursuant to 28 U.S.C. § 1915A, the District Court committed no error in denying Concepcion's other motions. Summary judgment in Concepcion's favor was not warranted. Also, the District Court did not abuse its discretion when it denied motions related to discovery, specifically, the motion for the release of grand jury transcripts and the motion to compel production of information about certain defendants, or motions related to the control of its docket, such as the motion for reconsideration of the Magistrate Judge's order granting leave to file a motion to dismiss, the motion to compel the U.S. Marshal to serve process on certain defendants, and the motion for leave to answer any filed motions.

For the reasons set forth above, and because no substantial question is presented on appeal, we will grant the motions for summary affirmance, and will affirm the District Court's order. *See* I.O.P. 10.6.

C.A.3 (N.J.),2005.
Concepcion v. Resnik
143 Fed.Appx. 422, 2005 WL 1791699 (C.A.3 (N.J.))

Briefs and Other Related Documents (Back to top)

• 05-1840 (Docket) (Mar. 17, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.