# EXHIBIT B

**To the Opening Brief In Support Of Google Inc.'s
Motion To Dismiss The Amended Complaint**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
2001 AUG -6 PM 3: 56
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| CHRISTOPHER LANGDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Civil No. 1:01CV107 |
| ) | |
| LYNDO TIPPETT, Secretary of ) | |
| Transportation; NORTH CAROLINA ) | |
| DEPARTMENT OF ) | |
| TRANSPORTATION; ROY COOPER, ) | |
| Attorney General; STATE OF NORTH ) | |
| CAROLINA; and NORTH CAROLINA ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| CHRISTOPHER LANGDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Civil No. 1:01CV139 |
| ) | |
| J. J. SWAIN; JACK MURDOCK; ) | |
| F. D. MARTIN; DAVE HENDERSON ) | |
| (ALL CURRENT OR FORMER ) | |
| EMPLOYEES OF THE N.C. ) | |
| DEPARTMENT OF TRANSP.), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND
## ORDER OF DISMISSAL

**THESE MATTERS** are before the Court on numerous motions filed by the Plaintiff.

For the reasons set forth herein, the cases are consolidated and dismissed.

/3

2

## I. CONSOLIDATION

On May 21, 2001, Plaintiff filed Civil No. 1:01cv107, *Langdon v. Tippett, et al.*, ("Tippett" action) in this Court against the North Carolina Department of Transportation (DOT) and other agencies alleging that certain state statutes are unconstitutional and seeking a declaration thereof. Defendants answered that complaint by asserting numerous defenses, including *res judicata*. On June 18, 2001, Plaintiff filed Civil No. 1:01cv139, *Langdon v. Swain, et al.*, ("DOT" action) suing four employees of DOT. Both lawsuits stem from the same set of facts pursuant to which Plaintiff claims that an inverse condemnation of his real property occurred.

Exhibits attached to the Plaintiff's complaints show that beginning in 1995, he became embroiled in a dispute with DOT over the location of a drainage pipe which Plaintiff claimed destabilized his property and caused a landslide. He also claimed that an earth mass located on his property should be moved by DOT because it presented a potential danger to users of the road beneath. DOT declined because there had been no activity by the department on or near the Plaintiff's property. DOT also noted that the pipe had been extant for the past 50 years and there was no geological evidence that it was the cause of the landslide. Because of the instability of the earth mass, Plaintiff has been unable to obtain the permits necessary to develop the real estate and hence, claims the land was inversely condemned, his constitutional rights have been violated, and he has been financially damaged.

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . [in order] to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). District courts have the inherent authority to order consolidation *sua sponte*. *Pickle v.*

3

*CharLee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999) **(Acknowledging authority although determining inappropriate under the facts.).** The two pending cases in this Court clearly involve common questions of law and fact and consolidation will avoid unnecessary costs and delay. The undersigned therefore consolidates the actions.

## II. *RES JUDICATA*

In 1998, Plaintiff filed an action in state court against DOT alleging damage to his property and his reputation.[1] *Langdon v. North Carolina Dept. of Transp.*, **Polk County Superior Court File No. 98 CVS 139.** On January 15, 1999, he signed a release in which, for the sum of $2,000, he acknowledged the release to be "a complete bar to all claims or suits for injuries or damages of whatsoever nature resulting from said incident, excepting only the purported inverse condemnation claim set forth in Christopher Langdon v. North Carolina Department of Transportation, Polk County Superior Court File No. 98 CVS 139." **Exhibit 10,** *attached to* **DOT Complaint.** As to that claim, the trial court thereafter granted DOT's motion for summary judgment and the North Carolina Court of Appeals affirmed the dismissal of the action without published opinion. *Langdon v. North Carolina Dept. of Transp.*, **138 N.C. App. 553, 536 S.E.2d 366,** *cert. denied,* **352 N.C. 675, 545 S.E.2d 425 (2000).**

---

[1] Either prior to or while this state court action was pending, Plaintiff filed three tort claims with the North Carolina Industrial Commission. Last year, Plaintiff filed yet another action against DOT and the same individual Defendants named in this action. *Langdon v. Swain, et. al.*, **Polk County Superior Court File No. 00 CVS 206.** That action contained the same factual allegations as set forth herein and in the previous actions. After the DOT answered and demanded sanctions against the Plaintiff, he voluntarily dismissed the action. Plaintiff also filed suit in the state district court for Henderson County alleging state agents had withheld from him public records involving construction on his property.

4

The undersigned *sua sponte* finds the consolidated cases must be dismissed because they are barred by the doctrine of *res judicata*. *Arizona v. California*, 530 U.S. 392 (2000) (recognizing *sua sponte* dismissal on the grounds of *res judicata* in the interest of judicial economy).

> *Res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for [n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citations omitted). Stated simply, "if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). In order to be barred by the doctrine, there must be "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997). Each of these elements is met here. Plaintiff attempts to create new claims; however, each "new claim arises out of the same transactions or series of transactions as the claim resolved by the prior judgment" and, thus, are barred because they could have brought in the earlier action. *Meekins*, 946 F.2d at 1058.

5

## III. FRIVOLOUS AND MALICIOUS LITIGATION

Moreover, the undersigned finds the Plaintiff has engaged in a persistent pattern of frivolous litigation designed to harass the state defendants and the individual employees thereof. Federal law requires that, "[n]otwithstanding any filing fee . . . that may have been paid, the court *shall dismiss* the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." **28 U.S.C. § 1915(e)(2) (emphasis added).** The Court is therefore obligated to dismiss such a case. *Carr v. Dvorin*, **171 F.3d 115, 116 (2nd Cir. 1999).**

## IV. WARNING AGAINST FUTURE FRIVOLOUS FILINGS

Federal Rule of Civil Procedure 11 provides in pertinent part:

By presenting to the court . . . a pleading . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
    (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;
    (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** Moreover, federal courts have an inherent obligation to protect themselves and the public from malicious and frivolous filings. *Foley v. Fix*, **106 F.3d 556 (4th Cir. 1997);** *Plimpton v. Cooper*, **141 F.Supp.2d 573 (W.D.N.C. 2001).** Plaintiff is hereby warned that the future filing in this District of a frivolous or malicious action stemming from the facts and circumstances involved in these actions may subject him to the imposition of sanctions, including an injunction against further filings.

6

## V. ORDER

IT IS, THEREFORE, ORDERED that the above-captioned actions are hereby CONSOLIDATED; and

IT IS FURTHER ORDERED that the following motions of the Plaintiff are hereby DENIED:

1. the motion for an extension of time to respond to the Defendants' answer;

2. the motion for default judgment and request for an evidentiary hearing;

3. the motion for hearing and oral arguments;

4. the motion to enjoin note holders and trustees;

5. a notice of appeal which is construed as a motion to certify this matter as an interlocutory appeal; and

IT IS FURTHER ORDERED that these actions are hereby DISMISSED WITH PREJUDICE in their entirety.

THIS the 6TH day of August, 2001.

LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE

jhg

United States District Court
for the
Western District of North Carolina
August 6, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:01-cv-00139

True and correct copies of the attached were mailed by the clerk to the following:

Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL  32789

Robert O. Crawford III, Esq.
N. C. Attorney General's Office
1505 Mail Service Center
Raleigh, NC  27699-1505

cc:
Judge                       (X)
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other _Lawyers Weekly_      (✓)

Date: Aug 6, 2001

Frank G. Johns, Clerk
By: _____
       Deputy Clerk