# EXHIBIT C

**To the Opening Brief In Support Of Google Inc.'s Motion To Dismiss The Amended Complaint**

Dockets.Justia.com

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N. C.
OCT 23 2003
U.S. DISTRICT COURT
W. DIST. OF N. C.

CHRISTOPHER LANGDON,

Plaintiff,

Vs.

LYNDO TIPPETT, Secretary of Transportation; NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; ROY COOPER, Attorney General; STATE OF NORTH CAROLINA; and NORTH CAROLINA DEPARTMENT OF JUSTICE,

Defendants.

Civil No. 1:01CV107

CHRISTOPHER LANGDON,

Plaintiff,

Vs.

J. J. SWAIN; JACK MURDOCK; F. D. MARTIN; DAVE HENDERSON (ALL CURRENT OR FORMER EMPLOYEES OF THE N.C. DEPARTMENT OF TRANSP.),

Defendants.

Civil No. 1:01CV139

**ORDER**

THESE MATTERS are before the Court on Plaintiff's following motions:

1. a motion for relief from judgment, filed September 12, 2003;

2. a motion to recuse, filed September 12, 2003;

3. a motion to stay, filed September 19, 2003;

4. a motion to change venue, filed September 19, 2003;

5. a motion for an extension of time to respond to the Defendant's response, filed October 2, 2003;

6. a second motion to stay, filed October 10, 2003; and

7. a second motion for an extension of time to amend and file additional authorities, filed October 20, 2003.

For the reasons stated herein, each of the above motions is stricken from the record and Christopher Langdon is enjoined from filing in this Court.

## I. DISCUSSION

On May 21, 2001, Langdon filed a lawsuit in this Court against the North Carolina Department of Transportation (DOT) and other agencies alleging that certain state statutes were unconstitutional and seeking a declaration thereof. ***Langdon v. Tippett, et al.*, Civil Case No. 1:01cv107.** Defendants answered that complaint by asserting numerous defenses, including *res judicata*. On June 18, 2001, Langdon filed a second suit against four employees of DOT. ***Langdon v. Swain, et al.*, Civil Case No. 1:01cv139.** Both lawsuits stemmed from the same set of facts pursuant to which Langdon claimed that an inverse condemnation of his real property had occurred. By Memorandum and Order of Dismissal filed August 6, 2001, the undersigned consolidated these actions.

In 1995, Langdon became embroiled in a dispute with DOT over the location of a drainage pipe which he claimed destabilized his property and caused a landslide. He also claimed that an earth mass located on his property should be moved by DOT because it presented a potential danger to users of the road beneath. DOT declined because there had been no activity by the Department on or near Langdon's property. DOT also noted that the pipe had been extant for the past 50 years and there was no geological evidence that it was the cause of the landslide. Because of the instability of the earth mass, Landgon claimed he was unable to obtain the permits necessary to develop the real estate and hence, claimed the land was inversely condemned, his constitutional rights were violated, and he was financially damaged.

In 1998, Plaintiff filed an action in state court against DOT alleging damage to his property and his reputation.[1] ***Langdon v. North Carolina Dep't of Transportation*, File No. 98 CVS 139.** On January 15, 1999, he signed a release in which, for the sum of $2,000, he acknowledged the release to be "a complete bar to all claims or suits for injuries or damages of whatsoever nature resulting from said incident, excepting only the purported inverse condemnation claim set forth in Christopher Langdon v. North Carolina Department of Transportation, Polk County Superior Court File No. 98 CVS 139." **Exhibit 10, *attached to* Complaint filed in Case No. 1:01cv139.** As to that claim, the trial court thereafter granted

---

[1]Either prior to or while this state court action was pending, Plaintiff filed three tort claims with the North Carolina Industrial Commission. Plaintiff filed yet another action against DOT and the same individual defendants named in this action. ***Langdon v. Swain*, File No. 00 CVS 206.** That action contained the same factual allegations as set forth here and in the previous actions. After the DOT answered and demanded sanctions against the Plaintiff, he voluntarily dismissed the action. Plaintiff also filed suit in the state district court for Henderson County alleging state agents had withheld from him public records involving construction on his property. In one of the motions now pending, Langdon admits to having filed yet another action in the Superior Court of Polk County.

DOT's motion for summary judgment and the North Carolina Court of Appeals affirmed the dismissal of the action without published opinion. ***Langdon v. North Carolina Dep't of Transportation*, 138 N.C. App. 553, 536 S.E.2d 366, *cert. den.* 352 N.C. 675, 545 S.E.2d 425 (2000).**

The consolidated federal action in this Court was dismissed *sua sponte* by the undersigned on August 6, 2001, on *res judicata* grounds. The Fourth Circuit Court of Appeals affirmed that dismissal and warned Langdon against future frivolous filings in either the Circuit or this Court. ***Langdon v. Swain*, 29 Fed.Appx. 171 (4th Cir.), *cert. denied*, 537 U.S. 947 (2002).**

Undeterred, Langdon has moved for relief from the judgment of this Court and the Fourth Circuit Court of Appeals. This Court has previously warned him against future frivolous filings. *See* **Memorandum and Order of Dismissal, *supra*, at 5 ("Moreover, the undersigned finds the Plaintiff has engaged in a persistent pattern of frivolous litigation designed to harass the state defendants and the individual employees thereof. Federal law requires that, '[n]otwithstanding any filing fee . . . that may have been paid, the court *shall dismiss* the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . .'" 28 U.S.C. § 1915(e)(2) (emphasis added). The Court is therefore obligated to dismiss such a case. . . . Moreover, federal courts have an inherent obligation to protect themselves and the public from malicious and frivolous filings. Plaintiff is hereby warned that the future filing in this district of a frivolous or malicious action stemming from the facts and circumstances involved in these actions may subject him to the imposition of sanctions, including an injunction against further filings." (citations omitted)).**

## II. ORDER

**IT IS, THEREFORE, ORDERED** that the captioned motions be **STRICKEN** from the record; and

**IT IS FURTHER ORDERED** that as a sanction for frivolous filings, the Court hereby imposes a pre-filing injunction. No document or pleading presented within the Western District of North Carolina shall be filed by the Clerk of Court unless and until a District Court judge orders the same to be filed.

The Clerk is directed to send copies of this Order to each judicial officer and to each Clerk of Court's Office in this District.

**THIS** the 23rd day of October, 2003.

**LACY H. THORNBURG**
**UNITED STATES DISTRICT COURT JUDGE**

ejb

United States District Court
for the
Western District of North Carolina
October 23, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:01cv107 &
1:01-cv-00139

True and correct copies of the attached were mailed by the clerk to the following:

Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL 32789

Robert O. Crawford III, Esq.
N. C. Attorney General's Office
1505 Mail Service Center
Raleigh, NC 27699-1505

cc: Thornburg,
Judges Mullen, Voorhees, McKnight (✓)
Magistrate Judges Cogburn; Horn ( )
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Court Reporter ( )
Courtroom Deputy ( )
Orig-Security ( )
Bankruptcy Clerk's Ofc. ( )
Other Statesville Clerk's Ofc (✓)
Charlotte Clerk's ofc (✓)
Asheville Clerk's ofc (✓) [illegible]

Date: 10/23/03

Frank G. Johns, Clerk

By: E. Barton
Deputy Clerk