# EXHIBIT E

**To the Opening Brief In Support Of Google Inc.'s
Motion To Dismiss The Amended Complaint**

**Westlaw.**

Not Reported in A.2d                                                                 Page 1

Not Reported in A.2d, 1994 WL 555526 (Del.Super.), 22 Media L. Rep. 2376
**(Cite as: Not Reported in A.2d)**

C
Fuester v. ConrailDel.Super.,1994.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, Kent County.
Cynthia E. FUESTER, as the Ancillary Administratrix of the Estate of Walter E. Fuester, deceased; and Cynthia E. Fuester, as widow of Walter E. Fuester, deceased; Roger W. Fuester, Carole Fuester Convington, and John R. Fuester, Plaintiffs,
v.
CONRAIL, a/k/a Consolidated Rail Corporation, a Pennsylvania corporation; and Amtrak, a/k/a National Railroad Passenger Corporation, a corporation registered and existing under the laws for the District of Columbia, Defendants.
No. 91C-09-013.

Submitted: July 13, 1994.
Decided: Sept. 16, 1994.

Upon Motion to Quash Defendants' Subpoena Duces Tecum GRANTED.

William D. Fletcher, Jr., and Noel E. Primos, of Schmittinger and Rodriguez, P.A., Dover, for plaintiffs.
Somers S. Price, Jr., and Todd L. Goodman, of Potter Anderson & Corroon, Wilmington, for Consol. Rail Corp.
Richard G. Elliott, Jr., and John T. Dorsey, of Richards, Layton & Finger, Wilmington, for Chuck McGowan.

MEMORANDUM OPINION
RIDGELY, President Judge.
*1 This is an action against Consolidated Rail Corporation ("Conrail") and National Railroad Passenger Corporation ("Amtrak") to recover damages for wrongful death arising out of a fatal automobile-train collision which occurred on September 5, 1989. Defendants have served a subpoena on Chuck McGowan ("McGowan"), a news photographer employed by The News Journal Company ("The News Journal"), seeking reprints of photographs taken of the accident scene. McGowan moves to quash this subpoena asserting the photographs are protected by the reporter's privilege under the First Amendment to the United States Constitution and Article I, Section 5 of the Constitution of the State of Delaware. For the reasons that follow, the motion to quash is granted.

I. BACKGROUND

Plaintiffs allege in their complaint that on September 5, 1989 an Amtrak owned and operated locomotive struck an automobile driven by Walter E. Fuester. Mr. Fuester subsequently died from the injuries sustained in the collision.

One of the primary issues at trial will be the speed of the locomotive at the time of the accident. Plaintiffs allege that Amtrak was negligent because the train was traveling above the thirty mile per hour limit when the collision occurred. In support of this claim, Plaintiffs contend the stopping distance of the locomotive reflects that the train was speeding.

On the day of the accident, McGowan, a photographer employed by the News Journal, took photographs of the accident scene shortly after the accident occurred, including photographs of the location where the locomotive and the vehicle stopped after the collision. The News Journal published one of the photographs. The camera angle of the published photograph was from in front of the train looking back toward the crossing. The remaining photographs have not been published or provided to a third-party. No photographs of the final resting point of the train and the automobile were taken by anyone else.

Defendants contacted McGowan regarding his

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                           Page 2
Not Reported in A.2d, 1994 WL 555526 (Del.Super.), 22 Media L. Rep. 2376
**(Cite as: Not Reported in A.2d)**

photograph appearing in the News Journal. During this telephone call, McGowan told the Defendants he possessed other photographs of the accident scene. McGowan refused to provide any of his photographs to the Defendants. Subsequently, on January 10, 1994, the Defendants issued a subpoena *duces tecum* seeking production of all of McGowan's photographs. The News Journal and McGowan refused to produce the photographs and filed this motion to quash the subpoena *duces tecum*.

## II. CONTENTIONS OF THE PARTIES

McGowan argues that the photographs are protected by a qualified reporter's privilege and that Defendants have failed to prove the unpublished photographs are material, relevant and necessary to their defense. McGowan also contends Defendants have failed to prove the information sought from the photos is unavailable from other sources.

Defendants acknowledge the existence of the qualified privilege but argue the photographs will permit a determination of stopping distance, which will facilitate cross examination of the Plaintiffs' experts. Defendants argue no other evidence exists to allow an accurate determination of stopping distance since no other photographs were taken and only a rough approximation appears in the police report. Defendants contend since the photographs are the only accurate evidence of the resting point of the locomotive, the photographs are critical to their defense.

## III. ANALYSIS

*2 The First Amendment to the United States Constitution provides:
Congress shall make no law ... abridging the freedom of speech, or of the press....

The First Amendment is applicable to the states through the Fourteenth Amendment. *Cantwell v. Connecticut,* 310 U.S. 296 (1940).

Article I, Section 5 of the Constitution of the State of Delaware provides:
The press shall be free to every citizen who undertakes to examine the official conduct of men acting in a public capacity; and any citizen may print on any subject, being responsible for the abuse of that liberty.

The free press provision of the Constitution of the State of Delaware has the same scope as the First Amendment. *In re Opinion of the Justices,* Del.Supr., 324 A.2d 211, 213 (1974). Thus, any privileges created from the text or policies of the First Amendment will be included in the scope of the free press provision of the Delaware Constitution.

Based upon policies deeply rooted in the First Amendment, a reporter has a qualified privilege to refuse to disclose unpublished material in his possession. *See United States v. Cuthbertson,* 630 F.2d 139, 147 (3d Cir.1980), *cert. denied,* 449 U.S. 1126 (1981); *State v. McBride,* Del.Super., IK80-05-0058, *et al.,* Wright, J. (May 6, 1981) at 2, *aff'd on other grounds,* Del.Supr., 477 A.2d 174 (1984). This qualified privilege applies in civil and criminal cases. *See Riley v. City of Chester,* 612 F.2d 708, 715 (3d Cir.1979). Cameramen, including photographers, may assert this First Amendment privilege. *Solargen Elec. Motor Car Corp. v. American Motors Corp.,* 506 F.Supp. 546, 552 (N.D.N.Y.1981).

The United States Court of Appeals for the Third Circuit has fashioned a set of general principles to test whether a reporter can be compelled to disclose material protected by this qualified privilege:
In striking the delicate balance between the assertion of the privilege one the one hand and the interest of ... civil litigants seeking the information the materiality, relevance and necessity of the information sought must be shown.

*United States v. Criden,* 633 F.2d 346, 358 (3d Cir.1980) (citing *Riley,* 612 F.2d at 716), *cert. denied,* 449 U.S. 1113 (1981). In examining the balance of interests between compelling disclosure and allowing the material to remain privileged, the *Riley* court also isolated three factors the moving party must prove before production is warranted.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 3

Not Reported in A.2d, 1994 WL 555526 (Del.Super.), 22 Media L. Rep. 2376
**(Cite as: Not Reported in A.2d)**

*Criden*, 633 F.2d at 358-59 (citing *Riley*, 612 F.2d at 717). First, the moving party must offer proof that an attempt was made to obtain the information from other sources. *Id.* Second, the movant must prove the only access to the information is through the journalist and the requested material. *Id.* Third, the moving party must demonstrate the information is crucial to the claim. *Id.* In this instance, because Defendants have failed to adequately prove the information is necessary to their defense, an examination of all of these factors is unnecessary.

\*3 Defendants argue the photos are material, relevant and necessary to establish the speed of the train at the time of the accident. Plaintiffs allege the train was traveling above the speed limit of thirty miles per hour when the collision occurred. The Plaintiffs' experts have estimated the train was traveling between thirty and forty-five miles per hour based upon the reported stopping distance of the locomotive. Defendants contend that the only evidence of the stopping distance is the estimate contained in the police report. Thus, Defendants argue the photographs are material, relevant and necessary to determine the validity of Plaintiffs' claims concerning stopping distance.

The crux of Plaintiffs' claim is that the locomotive was traveling at an excessive speed at the time of the collision. However, defendants have failed to demonstrate that the photographs they seek will show the speed of the train at the time of the accident. They admit that a train does not leave skid marks on the track, thus the photographs will not show when the locomotive engineer first applied the train's brakes. Defendants have not shown through expert testimony or otherwise how the photographs will refute the contentions of the plaintiffs.

Furthermore, Defendants acknowledge they have access to the precise speed of the locomotive at the time of impact from a recording device located on board the locomotive. The device recorded the speed of the train at all times, including the speed of the train at the time of impact. It was recovered intact after the accident, and Defendants admit the instrument was calibrated to establish the exact speed of the train at impact.

IV. CONCLUSION

Defendants have failed to demonstrate that the photographs of the news reporter in issue are material, relevant and necessary to their defense. On the facts presented, the reporters qualified privilege under the First Amendment of the United States Constitution and Article I, Section 5 of the Delaware Constitution to refuse the disclosure of unpublished material in his possession is sustained. Consequently, McGowan's motion to quash the subpoena *duces tecum* is GRANTED.

IT IS SO ORDERED.

Del.Super.,1994.
Fuester v. Conrail
Not Reported in A.2d, 1994 WL 555526 (Del.Super.), 22 Media L. Rep. 2376

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.