**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CHRISTOPHER LANGDON,                                    )
                                                        )
      Plaintiff,                                   )
                                                        )   Case No. 06–319 (JJF)
      versus                                       )
                                                        )
GOOGLE, INC., d.b.a DELAWARE GOOGLE INC.,               )
YAHOO! INC., and MICROSOFT CORP.,                       )
                                                        )
      Defendants.                                  )

**DEFENDANT MICROSOFT'S**
**MOTION TO DISMISS FOR FAILURE TO**
**STATE A CLAIM UNDER RULE 12(b)(6)**

Defendant Microsoft Corp. ("Microsoft") respectfully moves this Court to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

As detailed in the attached Opening Brief, Microsoft brings this Motion on the grounds that: (i) plaintiff failed to allege he was directly injured by Microsoft; (ii) as a private, for-profit operator of a search engine, Microsoft is not responsible under the United States or Delaware Constitutions for protecting plaintiff's right to speak freely; (iii) plaintiff never entered into a contract with Microsoft so claims of breach of contract fail; (iv) allegations of fraud do not identify any misrepresentation by Microsoft or detrimental reliance by plaintiff and fail to provide the particularity for pleading fraud required by Fed. R. Civ. P. 9(b); (v) plaintiff cannot state a claim for "deceptive business practices" under 6 *Del. C.* § 2513(a) because there are no allegations that any activity took place in Delaware and the Consumer Fraud Act does not apply to activities regulated

by the Federal Trade Commission, such as advertising on the Internet; (vi) the doctrine of public calling only applies to those engaged in running a hotel or inn and is inapplicable to the allegations against Microsoft; and (vii) the Communications Decency Act, 47 U.S.C. § 230(c)(2)(A), grants Microsoft's search engine, as an interactive computing service, immunity from all claims relating to its editorial decisions about content, including advertisements.

Dated: October 16, 2006                    **DUANE MORRIS LLP**


/s/ Daniel V. Folt_____
Daniel V. Folt (Del. Bar No. 3143)
Gary W. Lipkin (Del. Bar No. 4044)
Matt Neiderman (Del. Bar No. 4018)
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246
(302) 657-4900

*Attorneys for Defendant Microsoft*

*Of Counsel*:
**PROSKAUER ROSE LLP**
Christopher Wolf
Stephen D. Solomon
Rachel Faith Glickman
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C. 20004-2533

6792/49733-006 Current/8853669v1                    10/16/2006 04:23 PM

3

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel V. Folt, do hereby certify that on October 16, 2006, I caused copies of

the foregoing document to be served on the following parties in the manner indicated

below:


Via Federal Express (signature required):

Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL 32789

Via e-filing:

Kurt Michael Heyman, Esq.
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801


/s/ Daniel V. Folt (Del. Bar No. 3143)

3