UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CHRISTOPHER LANGDON,
Plaintiff,

06-319

v. case no. 1:~~01-CV-139-~~J.J.F.

GOOGLE, INC. d.b.a. DELAWARE GOOGLE, INC., YAHOO!, INC. and MICROSOFT CORPORATION,
Defendants.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 NOV 22 AM 11:18

RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS

(1) Background

I paid to be in Google's ad program and attempted to place ads for my websites, www.ncjusticefraud.com and www.chinaisevil.com. The ads for the NC site were rejected by Google for false, fraudulent reasons. I waited a week for a response to my request to place the China ad, but despite numerous requests, no decision was made on the ad. As my *Amended Complaint* points out, Google states on its website, and elsewhere, that an ad for Google appears within minutes after it is submitted. Google had made what one writer has called a "pocket veto" of my China ad.

At no time did Google state that my ads for either of my websites violated its *Content Policy*. I only mentioned Google's *Content Policy,* in a limited context, to demonstrate that the purported reasons given for the rejecttion of my ads for the NC site were fraudulent. I made it clear that I am not litigating the applicability, or not, of Google's *Content Policy* to my ads.

The Defendant's attorney falsely states, in his opening brief (p.4, foot-note), that the *Content Policy* is at the heart of the matter, The truth is that Google never gave its *Content Policy* as a reason for not running my ads for either site.

(2) The Plaintiff is not Intentionally, nor by Implied Consent Responding to a Motion for Summary Judgment

The Defendant's attorney has tried to circumvent the *Federal Rules of Civil Procedure* by intentionally mis-labeling his pleading as a motion to dismiss. He has done the same thing once before in these proceedings, as I have previously pointed out. Nothing contained herein is an attempt to litigate a motion for summary judgment.

Google has attempted to convert its purported motion to dismiss into a motion for summary judgment by referring to a so called "declaration" by DiNucci. *See Opening Brief*, p. 4. The "declaration" is not contained in my pleadings, therefore, it should be struck.

(3) Google Improperly Uses a Motion to Dismiss to Challenge the Plaintiff's Factual Assertions.

My *Amended Complaint* asserts that Google eliminated my website, www.ncjusticefraud.com, from its search results, contrary to numerous public statements by its corporate leaders that is does not manipulate, nor censor, its search results. After I filed my lawsuit, my NC website re-appeared in Google's over 600 search results, for searches of "Roy Cooper," and "North Carolina Attorney General Roy Cooper."

Google's attorney falsely asserts that:

"Notably, Plaintiff pleads no facts to suggest the site was "eliminate-ed" as opposed to simply failing to appear as a natural result of Google's automated process." Google's *Opening Brief*, p. 6, n.6.

If the defense wished to challenge my factual assertions, they should have filed an answer, not a motion to dismiss. Even the defense admits that when my ad for my NC site was rejected, Google stated:

"Please note that both your ad and keywords have been suspended at this time." *id. at p. 5.*

As I pointed out in my *Amended Complaint*, it is my understanding that the removal of my keywords resulted in my NC site being removed from Google's search results. If Google wants to dispute that, then they should file an answer. More discovery might be necessary on this issue, depending on what Google states in its answer, therefore, a motion to dismiss should be denied.

The public should be able to rely on the public statements of its Executives, including Larry Page and Sergei Brin, who are: the founders of Google; Google's largest shareholders; the primary decision makers for the company; and members of its Board of Directors. Their statements, that Google does not censor its search results, are false. If the Enron case has taught us anything, its that executives should be held responsible for their public statements. Neither Brin, nor Page, has been deposed yet. However, I should be given the opportunity to do so.

(4) The Plaintiff's Complaint is of an Appropriate Length.

Defendant Google's attorney complains of the length of my *Amended Complaint*. He complained before that my original Complaint was too short. The length of my *Amended Complaint* is due to the large number of claims, the complexity of the applicable law, and the requirement to plead fraud with specificity.

Mr. Heyman's assertions that he can't understand my claims are specious and transparent. It is my understanding that if my *Amended Complaint* was not clear, he could have filed a motion for a more definite statement, or some similar motion. Instead, he chose to respond to my *Amended Complaint* with a motion to dismiss, and he addresses most of my claims, albeit superficially.

(5) The Plaintiff's Pleadings Should be Liberally Construed and My Factual Assertions Taken as True.

Google's attorney states that "It should be noted that Plaintiff is hardly an inexperienced litigant." *Google's Opening Brief*, p. 10, n.7. The U.S. Supreme Court has never held that an experienced *pro se* litigant's pleadings should be held to the same standard as the pleadings of attorneys. In fact, the case law that I have seen indicates the opposite.

Furthermore, the defense, in its *Opening Brief*, p. 10, n. 7, relies on the opinion of Judge Thornburgh to discredit me. However, my Appendices include my detailed accusations on my website,

www.ncjusticefraud.com , that I did not have a full and fair opportunity to litigate my claims in *Langdon v. Swain,* or *Langdon Tippett,* when it was before Judge Thornburgh, or subsequently. My accusations include accusations that *Langdon v. Swain* and *Langodn v. Tippett* are void because: they were procured through fraud on the court; lack of due process of law; and the failure to join necessary parties. For the purpose of the Defendants' motions to dismiss, my well documented allegations must be taken as true.

Also, Google's attorney complains of my accusations against Mr. Folt, and other attorneys for the other defendants. They had an opportunity to deny the allegations and did not do so, therefore, the allegations should be taken as true. Those allegations have nothing to do with Mr. Heyman. He has not been hired to defend anyone, except Google. His comments are a standard tactic: "let us law school graduates rally against the *pro se* party."

Likewise, I offered to drop my lawsuit if the Defendants could prove that either of my Complaints (*Langdon v. Swain* or *Langdon v. Tippett* ) were dismissed because of qualified immunity, as fraudulently alleged by N.C. Attorney General Roy Cooper before the U.S. Supreme Court.

The Defendants have had several months to prove me wrong, but have not done so. Also, a copy of Judge Thornburgh's opinion is attached to Google's *Opening Brief* as *Exhibit B.* A reading of his opinion

clearly demonstrates that the term "qualified immunity" does not appear at all in his opinion, therefore, my accusations of fraud on the U.S. Supreme Court by N.C. Attorney General Roy Cooper must be taken as true, despite the fact that he is a powerful person, and I am not, and he is an attorney, and I am not.

(6) Private Property May be Dedicated as a Public Forum.

The U.S. Supreme Court has repeatedly held that private property may dedicated as a public forum, as the case law in my *Amended Complaint* clearly demonstrates. It is my contention that Defendant Google has dedicated its private property as a public forum. I should be gain more proof on this issue through discovery, and present my evidence to the court. If Google wants to dispute my assertion that it has dedicated its search results and advertising space as a public forums, Google should have filed an answer. For purposes of Google's motion to dismiss, my allegations that Google has dedicated itself as a public forum, should be taken as true.

Without waiving the previous objections, let me add that The U.S. Supreme Court has never held that private property may only be subject to First Amendment restrictions under the conditions in *Marsh v. Alabama*. The defense mis-interprets *Lloyd v. Tanner,* 407 U.S. 551 (1972), wherein the Supreme Court held that a mall did not have to allow handbilling, because it had a policy against *all* handbilling. The Court indi-

cated that if the mall had allowed some to handbill, that it would have to allow others to handbill. Lloyd was case narrowly decided, under the particular circumstances of that case, 5-4.

Likewise, *Hudgens v. NLRB,* 425 U.S. 507, 518 (1976) did not overturn *Lloyd,* but was narrowly decided on the particular facts of that case. In fact, the Justices that concurred with the result, disagreed among themselves as to the extent of the decision. *Hudgens* was narrowly decided as a labor law case, inapplicable to my situation. If *Hudgens* is in anyway pertinent to my situation, then it is clear that *Hudgens* should be clarified by the U.S. Supreme Court, as should *Lloyd.*

The quotation from *Cornelius v. NAACP,* 473 U.S. 738 (1985) demonstrates that private property may be subject to First Amendment demands.

It is my contention that there is sufficient government entwinement with the internet, and internet search engines, to constitute state action. Alternatively, because Google, Yahoo and Microsoft have dedicated their search engines as public forums, the state action requirement has been met, or, is inapplicable. The case law regarding newspapers and television statements is inapplicable. There are thousands of newspapers, while there are only three internet search engines of note, those of the Defendants. Likewise, there are hundreds of radio stations and television stations. Over half of all searches are done through Google.

Because of the increasing power and importance of internet search engines, the Supreme Court should address the question of government entwinement. Also, I have no reasonable alternatives to advertising on the defendants search engines, or, having my sites appear in their search results. One of the factors considered in the case law cited by the defendants is the availability of alternatives. For purposes of the defendants' motions to dismiss, my allegations that I have no reasonable alternatives should be taken as true, and I should be allowed to present evidence to that effect, should the Defendants wish to challenge that assertion in an answer.

(7) Section 230 of the Communications Decency Act is Inapplicable

The act does state:

"No provider..of an interactive computer service shall be held liable on account of,,,any action voluntarily taken in good faith to restrict access to or availability of materiality that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected."

None of the Defendants refused to run my ads based on an assertion that my ads, or my websites, are obscene, or that my websites are harassing. Without waiving those objections, let me add that my allegations on my websites are true, especially for purposes of a motion to dismiss. Therefore, my websites and ads cannot be considered harassing especially when the subjects of my criticism are public officials and entities.

Also, no reason was given by Google or Microsoft for not running my China ads. Microsoft gave no reason for not allowing either ad. Yahoo gave a false reason for not running my ads, saying that it only allows ads for websites hosted by Yahoo. The Defendants cannot create other, purported reasons for not running my ads, in their motion to dismiss. If they wish to file an answer, perhaps, and perhaps not, they might be allowed to do so.

(8) The Delaware Supreme Court Should Decide Whether or Not Internet Search Engines are Public Forums Under Delaware Law, and Whether or Not Internet Search Engines are in a Public Calling Under Delaware's Common Law

The Defendants allow ads to be narrowly submitted to particular area, *i.e.* the State of Delaware. Therefore, under Delaware law, the Defendants must allow my ads in Delaware, and my websites to appear in their search results in Delaware.

It is my understanding that the court may issue a stay and ask the Delaware Supreme Court to issue an advisory opinion as to whether or not Delaware's Constitution considers an internet search engine a public forum, and whether or not they are in a public calling. *State v. Elliot* does indicate that a mall is a public forum. The common law has never been restricted to inns.

The protections of the laws and Constitution of Delaware are not restricted to citizens of Delaware, as the Honorable Judge Farnan decided in *Lee v. Miner.*

(9) Other Delaware Claims

I have Delaware law claims for breach of contract, fraud and deceptive business practices. Whether or not I will prevail on those claims is not relative to a motion to dismiss. They are claims upon which relief may be granted. I have alleged that the defendants made false statements (fraud) that I relied upon and I have been damaged by their refusals to run my ads (breach of contract), and in Google and Yahoo's case, their temporary delisting of my NC website from their search results.

(10) Default.

Nothing contained herein is a waiver of my assertions that a default should be entered against Yahoo and Microsoft. Those Defendants never responded to my motions for default, although they had plenty of time to do so. I filed an amended complaint because of a deadline imposed by the court and did not waive my request for a default.

(11) My Pleadings Are Timely.

My pleadings are timely because they are considered filed on the day that they are mailed. Furthermore, no answer has been filed, as of yet, by any of the defendants

(12) Arguments Apply to All Defendants

Because Yahoo and Microsoft made the same arguments as Google,

my arguments re Google's motion to dismiss apply to Yahoo's and Microsoft's. The main difference in the facts are that no reasons were given by Microsoft for not allowing my ads, although I was accepted into their ad program. Yahoo fraudulently alleged that it does not allow ads for websites not hosted by them.

Respectfully submitted, this the 21st day of November, 2006.

Christopher Langdon, pro se
1835 Edwin Blvd.
Winter Park, Fl. 32789
407-647-7539—qiology@aol.com

CERTIFICATE OF SERVICE
case no. 1:06-cv-319-JJF

I hereby certify that I have mailed a copy of my response to the defendants' motion to dismiss, this the 21st day of November, 2006, to:

Kurt Heyman
116 West Street
Wilmington, Del. 19801

D. Folt and and Gary Lipkin
1100 N. Market St.
Suite 1200
Wilmington, Del. 19801-1246

Christopher Langdon