# EXHIBIT B

**Reply Brief in Further Support of Google Inc.'s
Motion to Dismiss the Amended Complaint**

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2000 WL 33341979 (W.D.Pa.), 25 Employee Benefits Cas. 2316  
(Cite as: Not Reported in F.Supp.2d)

Page 1

C  
Valentino v. Continental Cas. Co.W.D.Pa.,2000.  
United States District Court, W.D. Pennsylvania.  
Joelle M. VALENTINO, a minor by Joseph R. Valentino and Mary Pat Valentino, her Co-Guardians, Plaintiffs,  
v.  
CONTINENTAL CASUALTY CO., CNA Financial Corporation, CNA Insurance Companies, C-Cor, Net Corp t/d/b/a C-Cor Clectronics, Inc. f/k/a C-Cor Electrnics, Inc., Defendants.  
No. CIV. A. 99-1101.

June 29, 2000.

Brucker Olszewski Schneider & Porter, Attn BernardSchneider Esq, Pittsburgh, for Plaintiffs' Counsel.  
Brenner Brown Golian & Mccaffrey, Attn PhilipF Brown Esq, Columbus OH, Bower Greer & Panzarella, Attn AmyJ Greer Esq, Pittsburgh, for Defendants' Counsel: (Continental & CNA).  
Jackson Leewis Schnitzler & Krupman, Attn JonahH Spivak Esq, Pittsburgh, for Defendants' Counsel: (C-Cor).

OPINION and ORDER OF COURT  
AMBROSE, District J.

SYNOPSIS

*1 Pending is a Motion to Dismiss all ERISA claims asserted against the Employer. The Motion is granted in part and denied in part. It is granted insofar as the claims asserted in Counts V and VII are dismissed in their entirety. It is further granted in that Count VI is dismissed to the extent that it is premised upon a violation of 29 U.S.C. § 1132(a)(1)(B). The Motion is denied, however, with respect to Count VI, insofar as Count VI is premised upon a violation of 29 U.S.C. § 1132(a)(3).

OPINION

Erik Valentino ("the Decedent") was employed by Defendant C-Cor net Corp. ("the Employer"). While traveling to Bangkok, Thailand on company business, the Decedent mistakenly ingested morphine and died. This suit arises out of attempts to collect on a business travel insurance policy ("the Policy") established by the Employer.

The Decedent named his minor sister, Joelle Valentino ("Valentino"), as the beneficiary of the Policy. According to the allegations set forth in the Amended Complaint, the Valentino family contacted the Employer on numerous occasions in an effort to obtain coples of the Policy, and to assert a claim under the Policy. Nevertheless, the Employer failed to provide any assistance. No benefits have yet been paid-despite the fact that the Decedent died in 1995.

Decedent's parents then commenced this action on behalf of Joelle Valentino, in the Court of Common Pleas of Allegheny County, Pennsylvania.[FN1] The Complaint originally named only Continental Casualty Company, CNA Financial Corporation and CNA Insurance Companies (hereinafter collectively referred to as "Continental") as Defendants. Continental removed the action to this forum, and filed an Amended Answer alleging that the claims were untimely. Thereafter, Valentino filed an Amended Complaint, naming the Employer as another Defendant.

> FN1. For ease of reference, the Court will refer to the Plaintiff(s) simply as "Valentino."

As it currently reads, the Amended Complaint sets forth seven claims. Counts I through IV are asserted against Continental only, and are beyond the scope of this Opinion. Counts V, VI and VII are directed against the Employer.[FN2] In Count V, Valentino seeks to recover under § 1132(c)(1) of ERISA, for "failure to provide plan information." In Count VI, Valentino seeks "specific performance" under § 1132(a)(3) and/or § 1132(a)(1)(B) of ERISA, based upon breaches of fiduciary duties. Finally, in Count VII, Valentino seeks "reformation" under § 1132(a)(3) and/or § 1132(a)(1)(B) of ERISA, also based upon breaches of fiduciary duties.

> FN2. Count VII is also directed against Contintental.

Pending is the Employer's Motion to Dismiss (Docket No. 21). The Employer contends that each claim

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2000 WL 33341979 (W.D.Pa.), 25 Employee Benefits Cas. 2316
**(Cite as: Not Reported in F.Supp.2d)**

asserted is deficient in some respect-either that it is time barred, or that the requested relief is unavailable. After careful consideration, and for the reasons set forth below, the Motion is granted in part and denied in part.

## STANDARD OF REVIEW

In deciding a Motion to Dismiss, all factual allegations and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the Plaintiff. _Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir.1988)_, cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. _Conley v. Gibson, 355 U.S. 41, 45 (1957)_. In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." _Colburn, 838 F.2d at 666_.

## ANALYSIS

### I. Count V- § 1132(c)(1)

*2 In Count V, Valentino seeks relief under § 1132(c)(1). Section 1132(c)(1) provides, in relevant part, that:
Any administrator ... who fails or refuses to comply with a request for information ... by mailing the material requested to the last known address of the requesting participant or beneficiary within thirty days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1). Here, Valentino insists that the Employer's repeated refusals to tender the requested information and to provide help, violates § 1132(c)(1). She seeks the imposition both of the $100 a day fine and an award of benefits. She contends that the reference to "other relief" encompasses the award of benefits. The Employer contends that the claim is untimely.[FN2]

FN2. The Employer raises additional arguments in support of dismissal. However, because I find the limitations argument to be persuasive, I need not address any other bases.

While there may be disagreement as to when Valentino's claim expires / expired, there appears to be no doubt as to when it _accrued._ A claim for civil penalties accrues when: (1) a plaintiff makes a demand for information to which she is entitled under ERISA; and (2) the defendant fails to supply the requested information within thirty days of the demand. See § 1132(c)(1) and _Cohen v. Zarwin & Baum, P.C.,_ Civ. No. 93-2145, 1993 WL 460795 at *2 (E.D.Pa. Nov. 9, 1993). Significantly, Valentino does not disagree with the Employer's contention that her claim accrued, at the latest, thirty days after the July 17, 1996 letter to the Employer requesting a copy of the Policy. She did not commence this suit against the Employer until January of 2000-approximately 3 1/2 years later. The question thus becomes, did the statute of limitations expire during this intervening period.

I agree with the Employer that it did. Because ERISA does not contain a statute of limitations expressly governing claims asserted under § 1132(c)(1), I must apply the most analogous state law statute. See _Cohen,_ 1993 WL 460795 at * 2; _Harless v. Research Institute of America,_ 1 F.Supp.2d 235, 239 (S.D.N.Y.1998); and _Middleton v. The Russell Group, Ltd.,_ 924 F.Supp. 48, 49-50 (M.D.N.C.1996). Here, the most analogous state statute of limitations is that set forth in 42 Pa. Cons.Stat. Ann. § 5524(5).

Section 5524(5) provides a two year statute of limitations period in "[a]n action upon a statute for a civil penalty and forfeiture." 42 Pa. Cons.Stat. Ann. § 5524(5). Thus, Valentino's claim would have expired, at the latest, two years from approximately August of 1996-more than 1 1/2 years before she commenced this suit against the Employer. Consequently, her claim must be dismissed as untimely.

In so holding, I reject Valentino's attempts to characterize the $100 fine imposed by § 1132(c)(1) as something other than penal in nature. In _Groves v. Modified Retirement Plan for the Hourly Paid Employees of the Johns Manville Corp. and Subsidiaries,_ 803 F.2d 109 (3d Cir.1986), the Third Circuit court declared that, though the issue was "close," the fine imposed by § 1132(c)(1) was penal in nature. Indeed, the decision is replete with references to the $100 fine as providing for "penalties" and "sanctions." Further, the court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 3
Not Reported in F.Supp.2d, 2000 WL 33341979 (W.D.Pa.), 25 Employee Benefits Cas. 2316
**(Cite as: Not Reported in F.Supp.2d)**

explained that it viewed the statute as penal in nature, because the primary purpose of the provision was to induce compliance with ERISA's requirements. Compensation awarded to the claimants is, in the court's view, only a secondary purpose.

*3 I decline Valentino's invitation to reject the Third Circuit court's characterization of the nature of § 1132(c)(1). Indeed, its decision in this regard is consistent with those of many other courts. *See Cohen,* 1993 WL 460795 at * 2 (applying 42 Pa. Cons.Stat. Ann. § 5534(5) to a claim under 29 U.S.C. § 1132(c)(1)); *Damon v. Unisys Corp.,* 841 F.Supp. 1094, 1097 (D.Colo.1994) (stating that "the state law claim most analogous to a § 1132(c)(1) civil penalty claim is an action for civil penalties pursuant to a penal statute"); *Harless,* 1 F.Supp.2d at 240 (same); and *Kumar v. Higgins,* 91 F.Supp.2d 1119, 1123-24 (S.D.N.Y.1998) (same).[FN3]

> FN3. I recognize that the *Abbott v. Ridgik, Steinberg & Associates,* 609 F.Supp. 1216 (D.N.J.1985) court reached a contrary decision. I do not find the *Abbott* decision to be persuasive. First, the decision was rendered before, and without the benefit of, the Third Circuit court's conclusion in *Groves.* Further, I do not believe that, because section 1132(c)(1) vests the district court with discretion in fashioning the penalty, the overriding purpose of the statute must be compensatory, rather than penal, in nature. Finally, the *Abbott* court expressed a reluctance to remove the "teeth" of section 1132(c)(1) by imposing a short statute of limitations. I do not find that the imposition of such a statute minimizes the effectiveness of the provision. A violation of section 1132(c)(1) is a discrete, identifiable act. A claimant knows of any violation within 31 days of issuing a written request for information.

I also reject Valentino's efforts to apply a different statute of limitations to the final phrase of § 1132(c)(1) quoted above-that portion which allows a court to award "such other relief as it deems proper." Valentino believes that "other relief" can encompass the award of benefits, and that such an award should be subject to a statute of limitations which would govern a breach of contract. First, I note that Valentino has not identified any case law in which a court has severed § 1132(c)(1) in this manner and has applied different statute of limitations. Further, I believe that the reference to "other relief" is simply ancillary in nature. It does not detract from the fact that the overall purpose of the statute is to ensure an administrator's compliance with ERISA, and to penalize a failure to so comply.

II. *Count VI- § 1132(a)(1)(B) and § 1132(a)(3)*

In Count VI, Valentino charges the Employer with breaching its fiduciary duties by misrepresenting the nature of the travel insurance benefits. She seeks relief under § 1132(a)(1)(B) and § 1132(a)(3). The Employer responds that the claim is deficient in several respects.

Specifically, the Employer urges that relief is not available under § 1132(a)(1)(B) for the breach of fiduciary duties. I agree. In *Haberern v. Kaupp Vascular Surgeons Pension Plan,* 24 F.3d 1491, 1500 (3d Cir.1994), *cert. denied,* 513 U.S. 1149 (1995), the Third Circuit court unequivocally stated that a beneficiary "may not recover damages for a breach of fiduciary duty under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)." *See also Smith v. The Prudential Health Care Plan, Inc.,* Civ. No. 97-891, 1997 WL 587340 at * 3 n. 4 (E.D.Pa. Sept. 10, 1997).[FN4] Consequently, to the extent that Count VI is premised upon § 1132(a)(1)(B), it is dismissed.

> FN4. Valentino ignores the *Haberern* decision entirely, citing instead to the decision rendered in *Gridley v. Cleveland Pnuematic Co.,* 924 F.2d 1310 (3d Cir.1991). I do not find the *Gridley* decision to be applicable here, however, because it does not discuss the award of benefits under § 1132(a)(1)(B) for a breach of fiduciary duties.

The Employer offers additional bases for dismissing Count VI, to the extent that it is premised upon § 1132(a)(3). Section 1132(a)(3) permits a beneficiary to bring an action "... to obtain other appropriate equitable relief (1) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B).[FN5] "To make out a claim for breach of fiduciary duty under ERISA, a plaintiff must show that (1) the company was acting in a fiduciary capacity; (2) the company made affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries; (3) the company knew of the confusion generated by its misrepresentations or silence; and (4) there was

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 4
Not Reported in F.Supp.2d, 2000 WL 33341979 (W.D.Pa.), 25 Employee Benefits Cas. 2316
**(Cite as: Not Reported in F.Supp.2d)**

resulting harm to employees." *International Union v. Skinner Engine Co.*, 188 F.3d 130, 148 (3d Cir.1999) (citations omitted).

> FN5. Section 1132(a)(3)(A) permits a beneficiary to seek an injunction. Given that Valentino does not mention injunctive relief anywhere either in her Amended Complaint or in her Brief, I surmise that she does not seek relief under this section.

*4 The Employer challenges the sufficiency of the pleadings regarding the second and fourth elements. Specifically, it rejects the notion that it made affirmative misrepresentations or remained silent on any material issue, and/or that any such misrepresentations or silence caused Valentino to suffer harm. I reject both contentions.

As to the first challenge, Valentino adequately alleges that the Employer failed to fully inform her of the available benefits and/or the method of asserting a claim for the benefits. Consequently, she complains of the Employer's silence. She also charges the Employer with having made material misrepresentations. She contends that there exists a discrepancy between the language used in the different materials regarding whether or not the travel insurance benefits were payable only upon accidental death. These allegations are sufficient to satisfy the pleading requirements with respect to the second element.[FN6]

> FN6. The Employer questions whether any such misrepresentations could have been "material" that is, whether there existed a substantial likelihood that the statements would mislead a reasonable beneficiary. This challenge implicates factual issues which are beyond the scope of a Rule 12(b)(6) motion. For now, Valentino need merely meet pleading requirements. She has done so. The Employer is free to raise any factual arguments at the close of discovery in the context of a motion for summary judgment.

As to the second challenge-causation-again, the Amended Complaint contains sufficient allegations. In paragraphs 32 and 33, Valentino contends that, as a result of the Employer's misrepresentations and/or omissions, she did not timely learn of the need to file a proof of claim, or of any limitations periods. She argues that the denial of benefits resulted from this lack of knowledge.

### III. Count VII- § 1132(a)(1)(B) and § 1132(a)(3)

In Count VII, Valentino repeats her allegations that there existed a discrepancy between the various materials describing the travel insurance benefits. She surmises that the discrepancy arose due to a mutual mistake between the Employer and Continental. Specifically, she contends that those parties intended to put in place a travel insurance benefits policy which provided for benefits regardless of whether the cause of death was accidental. Accordingly, she seeks a "reformation" of the policy pursuant to ERISA § 1132(a)(1)(B) and § 1132(a)(3).

As with Count VI, the Employer contends that a claim for breach of fiduciary duties cannot be brought pursuant to § 1132(a)(1)(B). I agree, for the reasons set forth above, that § 1132(a)(1)(B) does not provide a remedy for a breach of fiduciary duties. Consequently, Count VII is dismissed insofar as it is premised upon § 1132(a)(1)(B).

The Employer asserts several other bases for dismissing that portion of Count VII which is premised upon alleged violations of § 1132(a)(3). I need, however, consider only one. The Employer argues that, in Count VII, Valentino seeks what is essentially the award of benefits under the Policy. It then reasons that, because the recovery of benefits is available in an action asserted under § 1132(a)(1)(B), there is no need to resort to the "equitable relief" available under § 1132(a)(3). I agree.

As the Employer points out, the Supreme Court observed in *Varity v. Howe*, 516 U.S. 489, 515 (1996) that equitable relief under § 1132(a)(3) is not appropriate where another provision of ERISA provides adequate relief for the injury. Here, Valentino's claim for reformation is based upon her belief that the Policy in question entitles her to the award of benefits. Yet § 1132(a)(1)(B) provides a remedy concerning the improper denial of benefits. Indeed, Valentino included such a claim in her Amended Complaint. As such, her claim in Count VII is no different than her claim for benefits. Under *Varity*, the relief requested cannot then be "appropriate."

*5 Significantly, I note that Valentino offers no rebuttal to the Employer's argument in this regard.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 33341979 (W.D.Pa.), 25 Employee Benefits Cas. 2316
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

Valentino does not deny that the relief she seeks pursuant to § 1132(a)(3) is already available under § 1132(a)(1)(B). Nor does she make any attempt to distinguish the many cases cited by the Employer in support of the proposition that her disguised claim for benefits in Count VII is not viable. I view Valentino's failure to respond to the Employer's argument in this regard to be a concession that the claim must be dismissed.

### ORDER OF COURT

AND NOW, this 29th day of June, 2000, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that the Motion to Dismiss (Docket No. 21) is granted in part and denied in part. It is GRANTED insofar as the claims asserted in Counts V and VII are DISMISSED in their entirety. It is further GRANTED in that Count VI is DISMISSED to the extent that it is premised upon a violation of 29 U.S.C. § 1132(a)(1)(B). The Motion is DENIED, however, with respect to Count VI, insofar as Count VI is premised upon a violation of 29 U.S.C. § 1132(a)(3).

It is further ORDERED that the parties attend a Status Conference scheduled for Monday, August 7, 2000, at 9:00 A.M. In the Chambers of the Honorable Donetta W. Ambrose, 620 U.S. Post Office and Courthouse, Pittsburgh, Pennsylvania. Counsel shall have settlement authority.

W.D.Pa.,2000.
Valentino v. Continental Cas. Co.
Not Reported in F.Supp.2d, 2000 WL 33341979 (W.D.Pa.), 25 Employee Benefits Cas. 2316

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.