UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER LANGDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06 – 319 (JJF) |
| v. | ) |
| | ) |
| GOOGLE, INC., d.b.a DELAWARE GOOGLE INC., | ) |
| YAHOO! INC., and MICROSOFT CORP., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT YAHOO! INC.'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

**DUANE MORRIS LLP**
Daniel V. Folt (Del. Bar No. 3143)
Gary W. Lipkin (Del. Bar No. 4044)
Matt Neiderman (Del. Bar No. 4018)
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246

Attorneys for Defendant Yahoo! Inc.

Dated: December 22, 2006

## **TABLE OF CONTENTS**

**Page**

I. THE AMENDED COMPLAINT FAILS TO STATE VIABLE COMMON AND STATUTORY LAW CLAIMS UNDER DELAWARE LAW ...................................................................................................1

    A. Langdon Failed to Plead a Claim for Fraud................................................1

    B. Langdon Failed to Plead a Breach of Contract Claim ............................2

    C. Langdon Failed to Plead a Valid Claim for Deceptive Trade Practices ..................3

    D. Langdon Has Pled No So-Called "Public Calling" Claim.......................4

II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE UNITED STATES OR DELAWARE CONSTITUTIONS ........................5

    A. Langdon Has Failed to Plead a Valid First Amendment Claim.............................5

    B. Langdon Has Failed to Plead a Violation of the Commerce Clause.......................7

    C. Langdon Has No Standing to Bring Claims Under the Delaware Constitution ......8

    D. Langdon's Delaware Constitutional Claims Fail......................................9

III. THERE HAS BEEN NO DEFAULT ...............................................................................9

# TABLE OF AUTHORITIES

## CASES

*Cable Invs., Inc. v. Woolley*,
    867 F.2d 151 (3d Cir. 1989)..................................................................................7

*Columbia Broadcasting System v. Democratic Nat'l Committee*,
    412 U.S. 94 (1973)................................................................................................6

*Cyber Promotions, Inc. v. America Online, Inc.*,
    948 F. Supp. 436 (E.D. Pa. 1996) .........................................................................5

*Dennis v. Higgins*,
    498 U.S. 438 (1991)..............................................................................................7

*Fiat Motors of North America v. Mayor and Council of Wilmington*,
    619 F. Supp. 29 (D. Del. 1985).........................................................................5, 9

*Gannett Co. v. State*,
    571 A.2d 735 (Del. 1989) .....................................................................................9

*Gonsalves v. Hodgson*,
    237 P.2d 656 (Cal. 1951) .....................................................................................1

*Green v. America Online*,
    8 F.3d 465 (3d Cir. 2003) .....................................................................................5

*Hudgens v. NLRB*,
    25 U.S. 507 (1976)................................................................................................7

*Island Online, Inc. v. Network Solutions, Inc.*,
    19 F. Supp. 2d 289 (E.D.N.Y. 2000) ...................................................................4

*Lassoff v. New Jersey*,
    2006 U.S. Dist. LEXIS 5353 (D.N.J. Feb. 8, 2006) ..........................................10

*Lee v. Minner*,
    369 F. Supp. 2d 527 (D. Del. 2005).....................................................................8

*Lloyd Corp. v. Tanner*,
    407 U.S. 551 (1972).........................................................................................6, 7

*Pennsylvania State Troopers Ass'n v. Commonwealth of Pennsylvania*,
    2006 U.S. Dist. LEXIS 59537 ..........................................................................10

*Radich v. Goode*,
    886 F.2d 1391 (3d Cir. 1989)......................................................................................................7

*Reeves, Inc. v. Stake*,
    447 U.S. 429 (1980).................................................................................................................7

*Register.com v. Verio*,
    126 F. Supp. 2d 247 (S.D.N.Y. 2000)....................................................................................4

*Rendell-Baker v. Kohn*,
    457 U.S. 830 (1982).................................................................................................................5

*Samuels v. King Motor Co. of Ft. Lauderdale*,
    782 So.2d 489 (Fla. Dist. Ct. App. 2001) ...........................................................................1

*Snyder v. Pasack Valley Hosp.*,
    303 F.3d 271, 276 (3d Cir. 2002)........................................................................................10

*State v. Brown*,
    195 A.2d 379 (Del. 1963) .....................................................................................................4

*Stephenson v. Capano Dev., Inc.*,
    462 A.2d 1069 (Del. 1983) ...................................................................................................1

*Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*,
    2005 U.S. Dist. LEXIS 5174 (D. Del. Mar. 30, 2005) .......................................................10

*Tillman v. Pepsi Bottling Group, Inc.*,
    2005 WL 2127820 (D. Del. 2005) .........................................................................................8

*U.S. ex rel. Carroll v. JFK Med. Ctr.*,
    2002 WL 31941007 (S.D. Fla. Nov. 15, 2002)...................................................................1

*United States v. Colgate & Co.*,
    250 U.S. 300 (1919)................................................................................................................7

*VLIW Tech., L.L.C. v. Hewlett-Packard Co.*,
    840 A.2d 606 (Del. 2003) .....................................................................................................2

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,
    901 A.2d 106 (Del. 2006) .....................................................................................................3

*Wuxi Multimedia, Ltd. v. Koninklijke Philips Electronics, N.V.*,
    2006 U.S. Dist. LEXIS 9160 (S.D. Cal. Jan. 5, 2006)........................................................1

## STATUTES

6 *Del. C.* § 2513 ...................................................................................................................3

Federal Rule of Civil Procedure Rule 9(b) ...........................................................................1

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................10

Federal Rule of Civil Procedure 55(a) ............................................................................9, 10

**I.     THE AMENDED COMPLAINT FAILS TO STATE VIABLE COMMON AND STATUTORY LAW CLAIMS UNDER DELAWARE LAW**

   **A.     Langdon Failed to Plead a Claim for Fraud.**

Langdon has pled absolutely <u>no</u> facts in support of his fraud claim against Yahoo, much less facts pled with the specificity required by Rule 9(b). Rather, the entire basis of Langdon's fraud claim begins and ends with the conclusory allegation that Yahoo "used fraud" to induce Langdon to advertise with Yahoo.[1] (*See* Am. Compl. p. 20). Langdon never alleged: 1) that Yahoo ever made any statements to him, and certainly not false ones; 2) that Yahoo made any statements to him with knowledge of their falsity; 3) that Yahoo made any statements to Langdon intending to cause him to act or refrain from acting; 4) that Langdon justifiably relied on any representations; or 5) that Langdon suffered any damages as a result of such reasonable reliance. Because Langdon has failed to allege any of the elements required of a viable fraud claim, Langdon's fraud claim against Yahoo must be dismissed. *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So.2d 489 (Fla. Dist. Ct. App. 2001); *Gonsalves v. Hodgson*, 237 P.2d 656 (Cal. 1951).

Despite having been challenged to point to any facts establishing the elements of fraud, Langdon's Answering Brief offers no further support for his claim. In fact, Langdon's entire response in support of his fraud, breach of contract and deceptive trade practices claims consists

---

[1] The internal inconsistency in Langdon's Amended Complaint cannot be ignored. Langdon argues that Yahoo fraudulently induced Langdon to advertise on Yahoo, but at the same time argues that Yahoo refused to let Langdon advertise with Yahoo. To the extent that these are facts, as opposed to mere conclusory allegations, this Court need not accept them as true. *U.S. ex rel. Carroll v. JFK Med. Ctr.*, 2002 WL 31941007, at *2 (S.D. Fla. Nov. 15, 2002) ("Courts need not accept facts that are internally inconsistent, facts that run counter to facts which the Court may take judicial notice of, conclusory allegations, unwarranted deductions or mere legal conclusions"); *Wuxi Multimedia, Ltd. v. Koninklijke Philips Electronics, N.V.*, 2006 U.S. Dist. LEXIS 9160, at *27 (S.D. Cal. Jan. 5, 2006) ("Because these allegations are internally inconsistent, the Court need not accept them as true.").

of a single, four-sentence paragraph, in which he summarily concludes that he has pled valid claims, and "[w]hether or not [he] will prevail on those claims is not relative to a motion to dismiss."[2] (Ans. Br. p. 10). Such conclusory statements are no substitute for fraud specific factual allegations, and Langdon's claim thus fails as a matter of law.

### B.  Langdon Failed to Plead a Breach of Contract Claim.

As with his fraud claim, Langdon has failed to allege the most basic elements for a breach of contract claim. Rather than alleging the existence of a valid and enforceable contract and some breach thereof as required by Delaware law, *see VLIW Tech., L.L.C. v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003), Langdon alleges just the opposite -- that Yahoo refused to enter into a contract with him.

Langdon's response was, again, little more than a conclusion that his claims are valid and are not subject to a motion to dismiss. (Ans. Br. p. 10). Langdon failed to rebut any of Yahoo's arguments or address any of the deficiencies in his pleadings and, consequently, his breach of contract claim should be dismissed as a matter of law.

---

[2] To be specific, the entirety of Langdon's argument relating to his fraud, breach of contract and deceptive trade practices claim is as follows:

> I have Delaware law claims for breach of contract, fraud and deceptive trade practices. Whether or not I will prevail on those claims is not relative to a motion to dismiss. They are claims upon which relief may be granted. I have alleged that the defendants made false statements (fraud) that I relied upon and I have been damaged by their refusals to run my ads (breach of contract), and in Google and Yahoo's case, their temporary delisting of NC website from their search results.

(Ans. Br. p. 10).

2

**C.     Langdon failed to plead a valid claim for deceptive trade practices.**

Langdon's claim under the Delaware Consumer Fraud Act (the "Act"), 6 *Del. C.* § 2513,[3] fails on at least two levels. First, Langdon failed to plead any facts demonstrating that any supposed misconduct occurred <u>in the State of Delaware</u> -- a necessary prerequisite for the Act to apply. *See, e.g., Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 117 (Del. 2006) ("The statutory claim [under the Delaware Consumer Fraud Act] fails, however, because it requires that the unfair practice occur in part or wholly within this State. The Amended Complaint does not allege that any of the conduct at issue took place in Delaware."). Langdon alleges that he resides in Winter Park, Florida, thus leaving the Court with no facts to even infer that any misconduct occurred in Delaware, as opposed to Florida.

Next, Langdon fails to plead, because he cannot, that any deception or fraud was made in connection with the sale, lease or advertising of "<u>merchandise</u>." We are aware of no case law suggesting that an internet search engine, such as Yahoo, constitutes "merchandise" under the Act, and Langdon offered none in his Answering Brief. Furthermore, Langdon's own pleadings belie his claim, as Langdon's primary complaint is that Yahoo would <u>not</u> do business with Langdon, and not that Yahoo somehow duped him into doing business with Yahoo or somehow defrauded him of money.

---

[3] In his Amended Complaint, Langdon erroneously cites to 6 *Del. C.* § 2517, a statute that does not govern consumer fraud or unlawful business practices, but instead governs Attorney General investigative demands. While the failure to cite to the proper statute is, in and of itself, a sufficient basis to dismiss Langdon's claim, we address his deceptive trade practices claim in the event the Court chooses to treat his claim as if the proper statute was pled.

As with his other state claims, Langdon once again responds to the motion to dismiss his claim under the Act by simply concluding that he, indeed, pled a valid claim for deceptive trade practices, and that in doing so, it is not subject to a motion to dismiss. (Ans. Br. p. 10). In so doing, Langdon fails to offer any legal or factual support for his claims. Langdon's response, or lack thereof, evidences the futility of his position, and his claim under the Act should be dismissed as a matter of law.

### D. Langdon Has Pled No So-Called "Public Calling" Claim

No unique cause of action based upon a "public calling" exists under Delaware law. Langdon nonetheless claims that Yahoo should be liable to him because it is engaged in a "public calling." Assuming, for the sake of argument only, that Langdon relies on the phrase "public calling" to somehow impose special legal duties on Yahoo akin to those historically imposed upon common carriers or innkeepers, courts in other states have rejected that argument in analogous circumstances. *See e.g., Register.com v. Verio*, 126 F. Supp. 2d 247 (S.D.N.Y. 2000) (denying the defendant privilege to access plaintiff's web site on grounds of web sites being a public utility); *Island Online, Inc. v. Network Solutions, Inc.*, 119 F. Supp. 2d 289, 306-07 (E.D.N.Y. 2000) ("the Internet is, by no stretch of the imagination, a traditional and exclusive public function").

In his Answering Brief, Langdon, citing no supporting authority, argues only that "[t]he common law has never been restricted to inns," and requests that the question be certified for resolution by the Delaware Supreme Court. (Ans. Br. p. 9). No certification is necessary, however, where, as here, the Delaware Supreme Court has already unequivocally determined, contrary to Langdon's assertion, that the doctrine *does* only apply, if ever, in the context of an innkeeper-guest. *See State v. Brown*, 195 A.2d 379, 381-82 (Del. 1963) ("Apart from the above

4

cited limited [innkeeper-guest] category of public establishments, it is clear that at common law the owner of a restaurant or other place of public refreshment, amusement, or entertainment was free to select patrons upon any basis deemed satisfactory to him."). Because Delaware law is settled on this issue, certification would be improper. *See Fiat Motors of North America v. Mayor and Council of Wilmington*, 619 F. Supp. 29, 34 (D. Del. 1985)). Langdon's so-called "public calling" claim should therefore be dismissed.

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE UNITED STATES OR DELAWARE CONSTITUTIONS

### A. Langdon Has Failed to Plead a Valid First Amendment Claim.

Cognizant that the First Amendment to the United States Constitution governs only state actors and not private entities, *see, e.g., Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982), Langdon attempts to advance constitutional claims against Yahoo by drawing an analogy between the Internet and some parts of shopping malls. Langdon's analogy is flawed for a number of reasons.

First, the Internet is not akin to a public forum like a shopping mall. It is nothing more than a network of computers, routers, cables and signals connected via cyberspace throughout the world. Second, and perhaps more importantly, even if the Internet, itself, was deemed a public forum, Yahoo is not the Internet. Yahoo is a commercial entity that does business over the Internet -- a dispositive distinction. Numerous courts have already determined as a matter of law that companies that merely provide access to the Internet are not state actors. *See, e.g., Green v. America Online*, 318 F.3d 465, 471 (3d Cir. 2003); *Cyber Promotions, Inc. v. America Online, Inc.*, 948 F. Supp. 436, 441 (E.D. Pa. 1996). Any contrary result would have the practical effect of deeming numerous companies that have external web-searching capabilities, such as CNN, ESPN, Bravo TV and Mapquest "state actors," an impractical result.

5

The ultimate issue here is not whether Langdon has the right to post his websites on the Internet -- he admits that he does. Rather, the issue is whether commercial entities such as Yahoo can be compelled to accept money from Mr. Langdon to direct users to his website, simply because Yahoo also does business over the Internet. Even if the Internet was akin to a public forum, which it is not, the mere fact that Yahoo uses the Internet does not transform Yahoo into a state actor, anymore than an individual retail store in a large commercial mall would be deemed a state actor, a notion consistently rejected by courts. *See Lloyd Corp. v. Tanner*, 407 U.S. 551, 569 (1972) ("[the] essentially private character of a store and its privately owned abutting property does not change by virtue of being large or clustered with other stores in a modern shopping center").

Langdon's entwinement claim is equally flawed. Such claims require a plaintiff to allege that a private party is "so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Columbia Broadcasting System v. Democratic Nat'l Committee*, 412 U.S. 94, 134 n.3. (1973). While Langdon purports to allege facts linking the government <u>to the Internet</u>, Langdon alleges no facts linking the government <u>to Yahoo</u>. It bears repeating that Yahoo is an entity that does business over the Internet; it is <u>not</u> the Internet itself and the mere fact that Yahoo uses the Internet as its commercial medium does not mean that its activities are somehow entwined with those of the state.

Langdon responds to Yahoo's constitutional arguments by reasserting his conclusory statements that Yahoo is a state actor and is entwined with the state, and by repeating his demand for discovery on these issues. (Ans. Br. p. 6). Aside from ineffectively attempting to distinguish

two of the numerous cases cited by Defendants,[4] Langdon offers little, if any, substantive analysis, and no facts (as opposed to mere conclusions) in support of his position. Langdon fails to explain why he believes the Internet is a public forum, why Yahoo, a privately-owned search engine should be considered a state actor because it uses the Internet, or why Yahoo is so entwined with the state that it should be subjected to constitutional limitations reserved for state actors. Because an otherwise valid motion to dismiss cannot be defeated simply by making conclusory allegations and demanding discovery, Langdon's First Amendment claim should be dismissed.

    **B.**  **Langdon Has Failed to Plead a Violation of the Commerce Clause.**

The dormant Commerce Clause "limits the power of <u>the States</u> to erect barriers against interstate trade." *Dennis v. Higgins,* 498 U.S. 439, 446 (1991) (emphasis added). But Yahoo is not a state, Langdon conducts no interstate commerce, *and* there is no allegation (nor could there be) that Internet search engines favor the economies of one state over another. The dormant Commerce Clause does not apply to private businesses like Yahoo, or political activists like Langdon and, as a consequence, private companies like Yahoo may rely upon "the long recognized right of [a] trader or manufacturer, engaged in an entirely private business, [to] freely exercise his own independent discretion as to parties with whom he will deal." *Reeves, Inc. v. Stake*, 447 U.S. 429, 439 (1980) (citing *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919)). Although it is unclear whether Langdon intended to maintain his Commerce Clause

---

[4] In his Brief, Langdon argues that *Lloyd v. Tanner*, 407 U.S. 551 (1972) and *Hudgens v. NLRB*, 425 U.S. 507 (1976), are inapplicable, providing that *Lloyd* was narrowly decided and that *Hudgens* "should be clarified by the U.S. Supreme Court." (Ans. Br. p. 7). Langdon also argues that *Hudgens* was a labor case and is therefore inapplicable. But nothing in *Hudgens* limited its holding to labor cases, and subsequent Third Circuit cases have consistently held that private property owners who open their property to the public are not subject to First Amendment restrictions. *See Radich v. Goode*, 886 F.2d 1391, 1398 (3d Cir. 1989); *Cable Invs., Inc. v. Woolley*, 867 F.2d 151, 161-62 (3d Cir. 1989).

claim against the Defendants, Langdon's failure to respond to Yahoo's argument acts as a concession to its validity. *See, e.g., Tillman v. Pepsi Bottling Group, Inc.*, 2005 WL 2127820, at *1, n.1 (D. Del. 2005).

### C. Langdon Has No Standing to Bring Claims Under the Delaware Constitution

Langdon's Complaint fails to plead any facts that would establish his right to bring claims under the Delaware Constitution. Langdon is not a resident of Delaware, he does not allege that any wrongful acts took place in Delaware, nor does he ever claim that he was harmed in Delaware. His Amended Complaint demonstrates no connection to Delaware, no constitutional injury-in-fact, and it articulates no reason why he would be entitled to relief under the state constitution of Delaware – as opposed to the constitution of his home state. As a Florida resident who has a business dispute with a company operated in California, Langdon has no more right or standing to assert any unique rights arising under the constitution of the State of Delaware than he would have to rely rights arising under the constitution of states of Iowa, Texas or Alaska.

In response, Langdon argues that the protection of the Delaware Constitution extends to citizens of other states, citing this Court's Opinion in *Lee v. Minner*, 369 F. Supp. 2d 527 (D. Del. 2005). (Ans. Br. p. 9). The holding in *Lee*, however, said nothing about the applicability of the Delaware Constitution's free speech protections to citizens of other states or, more importantly, to conduct occurring wholly outside the State of Delaware, but instead held that a Delaware statute that denied non-Delaware citizens access to Delaware's public records violated the Privileges and Immunities Clause of the Unites States Constitution. *Id.* at 529. Langdon is therefore without standing to raise claims under the Delaware Constitution.

### D. Langdon's Delaware Constitutional Claims Fail

Even if Langdon had standing to assert free speech claims under the Delaware Constitution, those claims would fail for the same reason as does his First Amendment claim. *See Gannett Co. v. State*, 571 A.2d 735, 741 n. 9 (Del. 1989) (noting that Delaware's free speech provision is no more broad than the United States Constitution's First Amendment).

In response, Langdon offers no argument, but instead merely asks this Court to certify a question to the Delaware Supreme Court, asking whether an internet search engine is a public forum as it relates to Delaware's free speech provision. Because the scope of Delaware's free speech provision is settled, Langdon's request for certification would be improper, *see, e.g., Fiat Motors of North America v. Mayor and Council of Wilmington*, 619 F. Supp. 29, 34 (D. Del. 1985), and his claims arising under the Delaware Constitution should be dismissed as a matter of law.

## III. THERE HAS BEEN NO DEFAULT

Langdon continues to assert that default judgment should be entered against Defendants Yahoo and Microsoft for failing to respond to his originally-filed Complaint. (Ans. Br. p. 10). This argument is baseless and should be summarily dismissed for at least two very important reasons.

First and foremost, neither Yahoo nor Microsoft has ever defaulted. As could be easily verified by reviewing the docket or by placing a simple call to the Clerk's office, both Yahoo and Microsoft filed motions to dismiss and accompanying briefs in support thereof on July 24, 2006 (D.I. Nos. 18-21), more than a week before they were actually due. A default may be entered under Federal Rule of Civil Procedure 55 only where a party against whom affirmative relief is sought "has failed to plead or otherwise defend" in response to the complaint. Fed. R. Civ. P.

9

55(a). Courts have uniformly held that a motion to dismiss a complaint for failure to state a claim upon which relief can be granted constitutes "otherwise defending" for purposes of Rule 55(a). *See, e.g., Lassoff v. New Jersey*, 2006 U.S. Dist. LEXIS 5353, at *6 (D.N.J. Feb. 8, 2006) ("While these Defendants have not answered, they have timely filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Thus, these Defendants have not defaulted.").

Next, by filing an Amended Complaint, Defendants' original Motions to Dismiss as well as Plaintiff's Motions for Default (D.I. 25 and D.I. 28) and to Strike (D.I. 30, D.I. 31 and D.I. 32), which related to Defendants' earlier motions to dismiss, have been rendered moot. The law is clear in this regard. "Since plaintiff filed an amended complaint, its original complaint and all motions related to that original complaint are moot." *Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*, 2005 U.S. Dist. LEXIS 5174, at *2 n.2 (D. Del. Mar. 30, 2005). The filing of an "amended complaint renders the original complaint a legal nullity." *Pennsylvania State Troopers Ass'n v. Commonwealth of Pennsylvania*, 2006 U.S. Dist. LEXIS 59537, at *1 (citing *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)). "An Amended complaint supersedes the original version in providing the blueprint for the future course of the lawsuit." Alan Wright, *et al.*, FED. PRAC. AND PROC. § 1476 (2d ed. 1990). Accordingly, Langdon's request for entry of default should be denied.

          **DUANE MORRIS LLP**

          /s/ Daniel V. Folt
          Daniel V. Folt (Del. Bar No. 3143)
          Gary W. Lipkin (Del. Bar No. 4044)
          Matt Neiderman (Del. Bar No. 4018)
          1100 North Market Street
          Suite 1200
          Wilmington, DE 19801-1246

          Attorneys for Defendant Yahoo! Inc.

## CERTIFICATE OF SERVICE

I, Gary W. Lipkin, hereby certify that on December 22, 2006, I caused to be served two copies of the foregoing "Defendant Yahoo! Inc.'s Reply Brief in Support of Its Motion to Dismiss the Amended Complaint" upon the following in the manner indicated below:

<u>Via Federal Express (signature required)</u>:

Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL 32789

<u>Via e-filing</u>:

Kurt Michael Heyman, Esq.
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801

<u>/s/ Gary W. Lipkin (Del. Bar No. 4044)</u>

DM1\729844.1