## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER LANGDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 – 319 (JJF) |
| versus | ) | |
| | ) | |
| GOOGLE, INC., d.b.a DELAWARE GOOGLE INC., | ) | |
| YAHOO! INC., and MICROSOFT CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT MICROSOFT'S
## MOTION TO DISMISS THE AMENDED COMPLAINT

**DUANE MORRIS LLP**
Daniel V. Folt (Del. Bar No. 3143)
Gary W. Lipkin (Del. Bar No. 4044)
Matt Neiderman (Del. Bar No. 4018)
1100 North Market Street
Suite 1200
Wilmington, DE 19801-1246

Attorneys for Defendant Microsoft, Inc.

Of Counsel:

Christopher Wolf (not admitted in Del.)
Stephen D. Solomon (not admitted in Del.)
Rachel Faith Glickman (not admitted in Del.)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C.  20004-2533
(202) 416-6800

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Argument ..................................................................................................................2

I.  Plaintiff Fails to State a Claim for Violation of the First Amendment....................2

II.  Plaintiff States No Claim for Relief Under Delaware Law .....................................5

    A.  The Delaware Constitution Does Not Provide Greater Free Speech
        Protections than the First Amendment.........................................................5

    B.  Plaintiff Does Not State a Claim for Any State Statutory or
        Common Law Violations..............................................................................5

III.  The Communications Decency Act Grants Microsoft Immunity for
     Any Decisions to Screen Content ............................................................................6

IV.  Defendants are Not In Default .................................................................................7

Conclusion ................................................................................................................8

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Brentwood Academy v. Tennessee Secondary Sch. Athletic Association*,
    31 U.S. 288 (2001)....................................................................................................4

*Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*,
    73 U.S. 788 (1985)....................................................................................................3

*Cyber Promotions, Inc. v. America Online, Inc.*,
    48 F. Supp. 436 (E. D. Pa. 1996) ............................................................................4

*Dimuzio v. Resolution Trust Corp.*,
    8 F.3d 777 (3d. Cir. 1995) .......................................................................................5

*Green v. America Online*,
    18 F.3d 465 (3d Cir. 2003).................................................................................2, 3, 6

*Hudgens v. NLRB*,
    24 U.S. 507 (1976)....................................................................................................3

*Lloyd Corp. v. Tanner*,
    407 U.S. 551 (1972)..................................................................................................3

*Maio v. Aetna, Inc.*,
    21 F.3d 472 (3d. Cir. 2000)..................................................................................2, 5

*McDowell v. Del. State Police*,
    8 F.3d 188 (3d Cir. 1996) ........................................................................................1

*Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*,
    2005 U.S. Dist. LEXIS 5174 (D. Del. Mar. 30, 2005) ...........................................7

### STATE CASES

*Gannett Co., Inc. v. State*,
    71 A.2d 735 (Del. 1990) ...........................................................................................5

*State v. Brown*,
    95 A.2d 379 (Del. 1963) ...........................................................................................6

*State v. Elliott*,
    48 A.2d 28 (Del. 1988) .............................................................................................5

# FEDERAL STATUTES

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

47 U.S.C. §230(c) ........................................................................................................6

Defendant Microsoft Corp. ("Microsoft") respectfully submits this Reply Brief in support of its Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Microsoft's Opening Brief in Support of it Motion To Dismiss ("O. Br.") clearly demonstrates that under well-established law there is no relief to be had for the alleged rejection of plaintiff's proposed online advertising. Rather than confront this controlling precedent detailed in the Opening Brief, plaintiff's Response to Defendants' Motions to Dismiss ("Response"), for the most part ignores the relevant case law. When plaintiff attempts to address the case law or Microsoft's actual arguments, plaintiff either misconstrues the law or relies on the bare conclusory assertion that "relief can be granted" merely because a claim is alleged. (Response at 10).

Contrary to plaintiff's contentions, Supreme Court and Third Circuit precedent dictate that Microsoft, as a non-governmental entity that operates an Internet search engine, is not required to protect an advertiser's First Amendment right to speak freely. (O. Br. at 6-13). The state law claims asserted by plaintiff – breach of contract, fraud, and deceptive business practices – also fail because key elements of these claims, such as the existence of a valid contract or an alleged fraudulent misrepresentation, were not even plead. (O. Br. at 13-19). Plaintiff's final claim, that Microsoft cannot discriminate under the doctrine of "public calling," is wholly inapplicable to Microsoft because the doctrine only governs innkeepers. (O. Br. at 19-20). Thus, each of plaintiff's theories of liability is without merit and the Amended Complaint should be dismissed in its entirety with prejudice.[1]

---

[1]    *McDowell v. Del. State Police,* 88 F.3d 188, 189 (3d Cir. 1996) (appellate court will affirm a dismissal for failure to state a claim if "under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears

## ARGUMENT

## I.    Plaintiff Fails to State a Claim for Violation of the First Amendment.

Plaintiff asserts that the search engines operated by the defendants Microsoft, Yahoo!, Inc. ("Yahoo") and Google, Inc. ("Google") are dedicated public forums or are sufficiently entwined with the government to be bound by the First Amendment and that these assertions "should be taken as true." (Response at 6). Although plaintiff would like the Court to not test the sufficiency of his allegations and merely accept them on their face, to state the obvious, on a motion to dismiss, courts are not required to accept as true a plaintiff's "unsupported conclusions and unwarranted inferences." *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n. 12 (3d Cir. 2000).

Moreover, as a matter of law, plaintiff's claim that Microsoft's Internet search engine is a dedicated public forum or is entwined with government action is contrary to established precedent. In *Green v. America Online,* 318 F.3d 465 (3d Cir. 2003), the Third Circuit directly addressed the issue of whether a computing service that simply connects to the Internet is a state actor, a public forum, or so entwined with the government as to be required to protect speech under the first amendment. The Court had no difficulty dismissing the Complaint for failure to state a claim, holding:

> claims that AOL's Community Guidelines violated [the] First Amendment
> right to free speech are meritless. ***AOL is a private, for profit company
> and is not subject to constitutional free speech guarantees.*** It is a fee-
> based Internet service provider that runs a proprietary, content-based
> online service. ***We are unpersuaded by [plaintiff's] contentions that AOL
> is transformed into a state actor because AOL provides a connection to
> the Internet on which government and taxpayer-funded websites are
> found, and because AOL opens its network to the public whenever an***

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

> *AOL member accesses the Internet and receives email or other messages*
> *from non-members of AOL*. *See Lloyd Corp. v. Tanner*, 407 U.S. 551,
> 569 (1972) (private property does not lose its private character merely
> because the public is generally invited to use it for designated purposes).

*Green v. America Online,* 318 F.3d at 471(emphasis added). Like AOL's "content-based online service," the Internet search engines at issue in this case are not transformed into public forums or entwined with government action simply because they are offered on the Internet, which has some publicly funded aspects.

Plaintiff's response to this leading Third Circuit precedent is to ignore it. Instead, the Response focuses on, and misinterprets, Supreme Court public forum cases about shopping malls. Plaintiff relies on *Lloyd v. Tanner*, 407 U.S. 551 (1972), (Response at 6-7), notwithstanding that the court specifically stated that, "[n]or does property lose its private character merely because the public is generally invited to use it for designated purposes." *Id.* at 569. Any *dicta* in *Lloyd* suggesting that the First Amendment might apply to owners of private property in certain circumstances was explicitly rejected by the Court in *Hudgens v. NLRB*, 424 U.S. 507 (1976). The *Hudgens* Court categorically denied the existence of a First Amendment right to access private property for speech. *See Hudgens*, 424 U.S. at 520 (where a party claimed the right to speak in a publicly accessible, but privately owned shopping center, "the constitutional guarantee of free expression has no part to play"). Nothing in the *Hudgens* opinion lends credence to plaintiff's unsupported assertion that the case only applies to labor law. (Response at 7). Equally inapt is plaintiff's reliance on *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788 (1985). (Response at 7). This case addressed speech concerns on government-owned property, not private property. *See id.* at 801-05.

The plaintiff fails to cite any case where the theory of entwinement could be applied to the Internet search engines here. To demonstrate state action under an entwinement theory, a private entity must be so aligned with the government with respect to the "specific conduct of which the plaintiff complains" that "seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). The Amended Complaint does not allege, nor can it, that the government had any hand in Microsoft's alleged decision not to run plaintiff's advertisement.

Finally, plaintiff's assertions that he has no "reasonable alternatives to advertising on the defendant's search engines" is without merit as numerous avenues for sending out his message remain. In *Cyber Promotions, Inc. v. America Online, Inc.*, 948 F. Supp. 436, 443 (E.D. Pa. 1996) the Court addressed similar complaints that policies blocking spam email advertisements abridged free speech "because there are no alternative avenues of communication for Cyber to send its e-mail to AOL members." In dismissing the First Amendment claims, the Court noted that alternative mechanisms for advertising existed, including web sites, the United States mail, telemarketing, television, cable, newspapers, magazines, and passing out leaflets. *Id.* In sum, as a matter of law, none of the defendants are state actors and for that basic reason plaintiff's First Amendment claims must be rejected.

**II.**    **Plaintiff States No Claim for Relief Under Delaware Law.**

    **A.**    **The Delaware Constitution Does Not Provide Greater Free Speech Protections than the First Amendment.**

The Response ignores the controlling decisions of the Delaware Supreme Court holding that the Delaware Constitution does not provide free speech protection greater than the First Amendment.  *See Gannett Co., Inc. v. State*, 571 A.2d 735, 741 n.9 (Del. 1990).[2]  Given that the scope of the Delaware Constitution's free speech protections has been determined by the state Supreme Court, plaintiff's request (Response at 9) for an advisory opinion from the Delaware Supreme Court is unnecessary and unwarranted. Plaintiff's failure to state a claim under the First Amendment requires that his claims under the Delaware Constitution be rejected.  (O. Br. at 11-13).

    **B.**    **Plaintiff Does Not State a Claim for Any State Statutory or Common Law Violations.**

Plaintiff's sole contention as to why his breach of contract, fraud, and deceptive business practices claims should not be dismissed is that "they are claims upon which relief can be granted." (Response at 10).  However, as stated above, the Court need not and should not credit the plaintiff's "unsupported conclusions."  *Maio,* 221 F.3d at 485 n. 12.  Contrary to plaintiff's contention that "whether or not I will prevail on those claims is not relative to a motion to dismiss," these claims can be, and regularly are decided on motions to dismiss.  *See, e.g., Dimuzio v. Resolution Trust Corp.*, 68 F.3d 777, 778 (3d Cir. 1995) (granting motion to dismiss breach of contract and fraud claims).  Plaintiff does not address the arguments in Microsoft's Opening Brief that dismissal is warranted

---

[2]    Indeed, the 1988 case upon which plaintiff relies to suggest the existence of greater free speech rights under Delaware law than under federal law, in fact only reserved judgment on this issue. *See State v. Elliott*, 548 A.2d 28, 31 n. 5 (Del. 1988).  (*See also* O. Br. at 11-13).

because plaintiff has not alleged the necessary facts to satisfy the elements of the state law claims, nor can he.  (O. Br. at 13-20).[3]

### III.    The Communications Decency Act Grants Microsoft Immunity for Any Decisions to Screen Content.

The Communications Decency Act ("CDA"), 47 U.S.C. §230(c)(2),[4] safeguards an online service provider's control over content.  Plaintiff argues that the statutory immunity from suit granted by the CDA does not protect Microsoft from his claims because his websites were not "obscene" or "harassing."  (Response at 8).  However, Section 230(c)(2) extends this immunity to "any action" that a provider of an interactive computer service takes to restrict access to content considered "otherwise objectionable." The Third Circuit has applied this immunity to actions similar to those at issue in this case, such as blocking spam email advertisements and objectionable news groups. *Green*, 318 F.3d at 472, and the CDA thus clearly protects the alleged decision not to run plaintiff's advertisements if they are deemed in any way "objectionable" by Microsoft.

---

[3]    Like his request for an advisory opinion about the right to free speech under the Delaware Constitution, Plaintiff's request for an advisory opinion on the applicability of the doctrine of public calling is unnecessary.  The Delaware Supreme Court already has ruled that the doctrine only requires *innkeepers* "to receive all travelers who conducted themselves with propriety and had the ability to pay for a meal and lodging."  *State v. Brown*, 195 A.2d 379, 382 (Del. 1963). Plaintiff's public calling claim, therefore, also must be dismissed.  (O. Br. at 19-20).

[4]    The CDA provides that "No provider … of an interactive computer service shall be held liable on account of … any action taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing or otherwise objectionable, whether or not such material is constitutionally protected."  47 U.S.C. § 230(c)(2)(A).

IV.    **Defendants are Not in Default.**

The Response argues that a default should be entered against defendants Microsoft and Yahoo. (Response at 10). This allegation is completely unwarranted. Plaintiff's original Complaint was filed on May 17, 2006. Microsoft, as well as the other defendants Google, Yahoo, and AOL LLC ("AOL"), timely moved to dismiss that Complaint on July 24, 2006. Subsequently, plaintiff filed motions for a default judgment and motions to strike the motions to dismiss of Microsoft, AOL, and Yahoo as untimely, although the docket clearly indicates otherwise. Defendants opposed these motions on August 21, 2006. On September 12, 2006, plaintiff responded to this consolidated opposition, and then filed his Amended Complaint on September 21, 2006, which mooted these pending motions.[5] Four days later, on September 25, 2006, defendants Microsoft and Yahoo replied to the plaintiff's pleadings by informing the court that it would not respond to the motions to strike and for default because they were mooted by the Amended Complaint. *See Sumito Mitsubishi Silicon Corp. v. Memc Electronic Materials, Inc.*, 2005 U.S. Dist. LEXIS 5174, at *2 n.2 (D. Del. Mar. 30, 2005) ("Since plaintiff filed an amended complaint, its original complaint and all motions related to that original complaint are moot."). All of the defendants' pleadings are timely and the request for default is without merit.

---

[5]    On September 19, plaintiff voluntarily dismissed all claims against AOL and any claims that the remaining defendants violated the Commerce Clause, the Federal Communications Act, and state or federal antitrust laws, all claims alleged in the original complaint.

## CONCLUSION

Each of plaintiff's claims for relief is wholly without merit. As a private, for-profit Internet service provider Microsoft is not responsible under the U.S. or Delaware Constitutions for protecting the plaintiff's right to speak freely. Plaintiff's additional claims of breach of contract, fraud, deceptive business practices, and public calling are equally invalid. There is simply no cause of action available to a disgruntled advertiser whose advertising has been rejected under the circumstances alleged by plaintiff. For the foregoing reasons, and the reasons set forth by defendants Google and Yahoo, defendant Microsoft respectfully requests that the Court dismiss the Amended Complaint with prejudice.

Dated: December 22, 2006                          **DUANE MORRIS LLP**

                                                  /s Daniel V. Folt
                                                  Daniel V. Folt (Del. Bar No. 3143)
                                                  Gary W. Lipkin (Del. Bar No. 4044)
                                                  Matt Neiderman (Del. Bar No. 4018)
                                                  1100 North Market Street
                                                  Suite 1200
                                                  Wilmington, DE 19801-1246

                                                  *Attorneys for Defendant Microsoft,*
                                                  *Inc.*

Of Counsel:

Christopher Wolf (not admitted in Del.)
Stephen D. Solomon (not admitted in Del.)
Rachel Faith Glickman (not admitted in Del.)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, N.W.
Suite 400 South
Washington, D.C. 20004-2533
(202) 416-6800

## CERTIFICATE OF SERVICE

I, Gary W. Lipkin, hereby certify that on December 22, 2006, I caused to be served two copies of the foregoing "Reply Brief in Support of Defendant Microsoft's Motion to Dismiss the Amended Complaint" upon the following in the manner indicated below:

Via Federal Express (signature required):

Christopher Langdon
1835 Edwin Blvd.
Winter Park, FL 32789

Via e-filing:

Kurt Michael Heyman, Esq.
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801


/s/ Gary W. Lipkin (Del. Bar No. 4044)