IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER LANGDON,                    :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  : Civil Action No. 06-319-JJF
                                        :
GOOGLE, INC. d/b/a Delaware             :
Google, Inc., YAHOO! INC., and          :
MICROSOFT CORPORATION,                  :
                                        :
        Defendants.                     :

---

Christopher Langdon, <u>Pro</u> <u>se</u> Plaintiff.

Kurt M. Heyman, Esquire, Wilmington, Delaware.
Attorney for Defendant Google, Inc., d/b/a Delaware Google, Inc.

Daniel V. Folt, Esquire and Gary William Lipkin, Esquire,
Wilmington, Delaware.  Attorneys for Defendants Yahoo! Inc. and
Microsoft Corporation.

---

**<u>MEMORANDUM OPINION</u>**

February 20, 2007
Wilmington, Delaware

Farnan, District Judge

Presently before the Court are Motions To Dismiss filed by
Defendants Google, Inc. ("Google"), Yahoo! Inc. ("Yahoo"), and
Microsoft Corporation ("Microsoft") (D.I. 10, 18, 20, 51, 54,
56), Plaintiff's Motions For Default Entry And Default Judgment
As To Time Warner Companies, Inc. ("Time Warner"), AOL LLC
("AOL"), Yahoo (D.I. 25), and Microsoft Corporation (D.I. 28),
and Plaintiff's Motions To Strike Motions To Dismiss (D.I. 30,
31, 32). For the reasons set forth below, the Court will deny as
moot the Motions For Default Entry And Default Judgment as To
Time Warner and AOL (D.I. 25), and will deny the Motions For
Default Judgment as to Yahoo and Microsoft (D.I. 25, 28). The
Court will deny in part and grant in part Google's Motion To
Dismiss The Amended Complaint, will grant Yahoo and Microsoft's
Motions To Dismiss The Amended Complaint (D.I. 51, 54, 56), and
will deny as moot the remaining pending motions (D.I. 10, 18, 20,
30, 31, 32).

## I. BACKGROUND

Plaintiff, who proceeds pro se, filed his original complaint
on May 17, 2006. (D.I. 1.) Waivers Of Service were returned
executed to the Court on June 5, 2006. (D.I. 4, 5, 6, 7.) The
Court Docket indicates that Defendants' Answers were due to be
filed by July 31, 2006. Id. On July 24, 2006, Defendants

-1-

Google, Yahoo, AOL, and Microsoft filed Motions To Dismiss The
Complaint.  (D.I. 10, 11, 12.)  Plaintiff filed Motions For
Default Entry And Default Judgment on August 1, 2006, and on
August 7, 2006.  (D.I. 25, 28.)  Plaintiff also filed Motions To
Strike The Motions To Dismiss filed by Microsoft, AOL, and Yahoo.
(D.I. 30, 31, 32.)

Plaintiff subsequently filed a Voluntary Dismissal In Part,
Without Prejudice.  (D.I. 43.)  Plaintiff dismissed all claims
against Time Warner and its subsidiary AOL, and the claims
against Google, Yahoo, and Microsoft for violations of the
Commerce Clause, violations of any state or federal anti-trust
laws, and any violations of the Communications Act.  Two days
later, on September 21, 2006, Plaintiff filed an Amended
Complaint against Google, Yahoo, and Microsoft.  (D.I. 44.)
Next, Plaintiff filed "corrections" to the Amended Complaint and
an Affidavit regarding Microsoft's "fraud."  (D.I. 48, 49.)  In
turn, Google, Yahoo, and Microsoft filed Motions To Dismiss The
Amended Complaint.  (D.I. 51, 54, 56.)  Plaintiff opposes the
motions.  (D.I. 61.)

## II.  THE AMENDED COMPLAINT

Plaintiff has two internet websites; www.NCJusticeFraud.com
("NCJustice") and www.ChinaIsEvil.com ("China").  The Amended
Complaint alleges that the NCJustice website exposes fraud

-2-

perpetrated by various North Carolina government officials and employees, including Roy Cooper ("Cooper"), the North Carolina Attorney General, and that the China website delineates atrocities committed by the Chinese government.  The Amended Complaint alleges that Defendants refused to run ads on the two websites, specifically two Cooper ads on the NCJustice website and one ad on the China website.

More particularly, Plaintiff alleges that Google gave a fraudulent excuse for not running the Cooper ads, that the reasons for refusal do not appear in its website or in its ad content policy, and that Google gave no reason for not running the China ad.  Plaintiff alleges that Microsoft refuses to run his ads and has given no reason for its refusal.  Finally, Plaintiff alleges that Yahoo refused to run his ads because his websites are not hosted by Yahoo.

Plaintiff alleges that the Defendants' refusal to run his ads violates his First and Fourteenth Amendment rights under the U. S. Constitution and under the Delaware Constitution.  He also alleges that Google, Yahoo, and Microsoft violated Delaware law through fraud, breach of contract, deceptive business practices pursuant to Del. Code Ann. tit. 6, § 2517, and the doctrine of public calling.

-3-

Most of the allegations in the Amended Complaint are
directed towards Google.  Plaintiff alleges that Google
disapproved his ads on the basis of unacceptable content, stated
that it did not permit ad text that advocates against an
individual, group, or organization, or ads that advocate against
a group protected by law.  (D.I. 44, at 3.)  He alleges that
Google's reasons for refusing to run the Cooper ads are
fraudulent.  (D.I. 44, at 3-4.)  Plaintiff alleges that because
Google never alleged that his ads violated Google's content
policy or editorial guidelines, they are inapplicable to him.
Id. at 4.

Plaintiff alleges that Google's "purported content policy"
is part of its pattern of fraud, deceit, and misrepresentation
regarding its advertising policies and search engine results.
Id. at 5.  Plaintiff alleges that the rejection or acceptance of
ads is based upon whether the political viewpoint of the ad and
the related website agree with those of Google's executives and
employees, all in contravention of its "fraudulent content
policy."  Id. at 9.  Plaintiff alleges that Google engages in
fraud when it encourages advertisement and then disallows ads for
reasons that are contrary to its content policy, while at the
same time allowing ads that do not comply with its content
policy.  Id. at 11.  He alleges that Google made fraudulent and

-4-

deceptive statements such as its search results are objective, they are based upon the popularity of the websites, it lacks bias, its search results are objective and neutral, and it encourages diversity in its search results.

He further alleges that Google removed his NCJustice website from its search results for "Roy Cooper" and "Attorney General Roy Cooper," and that during the time in question a same search on MSN ranked his website at eight.  Plaintiff alleges that Google's delisting of the NCJustice website from its search results hurt its ranking with other search engines.  Id. at 14. Plaintiff alleges that Google fraudulently implied it was legally compelled to remove his website from its search results, but that after he filed his original Complaint, Google reinstated the NCJustice website.  Plaintiff alleges that reinstatement of the NCJustice website proves that the initial delisting was fraudulent, arbitrary, and punitive.  Id. at 15.

Plaintiff also alleges that Google censored his website, but in China it allows the Chinese government to censor Google's search results.  Plaintiff alleges that Google's de facto content policy does not allow advertisement critical of the Chinese government.

Plaintiff's allegations against Microsoft are that he applied for and was accepted into Microsoft's pilot ad program,

-5-

submitted his China ad, but never received a response.  Plaintiff
alleges that ignoring him resulted in a de facto refusal to run
his ad.  He alleges that Microsoft is using fraud to breach its
contract.

Plaintiff's allegations against Yahoo are that he attempted
to advertise on Yahoo's search engine, but was told by a Yahoo
representative that it does not accept advertising for websites
it does not host.  Plaintiff alleges he wrote to Yahoo regarding
the matter but received no response.  Plaintiff also alleges that
Yahoo delisted his NCJustice website from its search results, but
after the original complaint was filed, Yahoo reinstated the
website.

Plaintiff alleges that he has no viable alternative other
than to advertise on Defendants' search engines.  He seeks
declaratory and injunctive relief and compensatory and punitive
damages.

Google moves for dismissal of the Amended Complaint on the
bases that it does not comply with Fed. R. Civ. P. 8, the claims
are barred as a matter of law, and dismissal is appropriate
pursuant to Fed. R. Civ. P. 12(b)(6) because the Amended
Complaint fails to state a claim upon which relief may be
granted.  (D.I. 51, 53.)  Yahoo moves for dismissal arguing that
the Amended Complaint fails to state viable common law and

-6-

statutory claims under Delaware law, and it fails to state viable

Commerce Clause, Right to Petition, or Free Speech claims.  (D.I.

54, 55.)  Microsoft moves for dismissal on the bases that the

Amended Complaint fails to allege Plaintiff was directly injured

by Microsoft, the doctrine of public calling is inapplicable, the

Amended Complaint fails to state a claim under the First

Amendment or the Delaware Constitution for a violation of right

to free speech, for breach of contract, fraud, and deceptive

business practices, and it is immune from suit for its decisions

to screen content.  (D.I. 56, 57.)

**III.  DISCUSSION**

    **A.  Standard of Law**

        **1.  Default**

Entry of default judgment is a two-step process.  Fed. R.

Civ. P. 55(a), (b).  A party seeking to obtain a default judgment

must first request that the Clerk of the Court "enter. . .the

default" of the party that has not answered the pleading or

"otherwise defend[ed]," within the time required by the rules or

as extended by court order.  Fed. R. Civ. P. 55(a).  Timely

serving and filing a motion to dismiss under Fed. R. Civ. P.

12(b), precludes entry of default.  See <u>Francis v. Joint Force</u>

<u>Headquarters Nat'l Guard</u>, Civ. No. 05-4882(JBS), 2006 WL 2711459

(D.N.J. Sept. 19, 2006).  Even if default is properly entered,

the entry of judgment by default pursuant to Rule 55(b)(2) is
within the discretion of the trial court.  <u>Hritz v. Woma Corp.</u>,
732 F.2d 1178, 1180 (3d Cir. 1984).

### 2.  Motion to Dismiss

Rule 12(b)(6) permits a party to move to dismiss a complaint
for failure to state a claim upon which relief can be granted.
Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is
to test the sufficiency of a complaint, not to resolve disputed
facts or decide the merits of the case.  <u>Kost v. Kozakiewicz</u>, 1
F.3d 176, 183 (3d Cir. 1993).  To that end, the Court assumes
that all factual allegations in Plaintiff's pleading are true,
and draws all reasonable factual inferences in the light most
favorable to Plaintiff.  <u>Amiot v. Kemper Ins. Co.</u>, 122 Fed. Appx.
577, 579 (3d Cir. 2004).  However, the Court should reject
"unsupported allegations," "bald assertions," or "legal
conclusions."  <u>Id</u>.  A Rule 12(b)(6) motion should be granted to
dismiss a <u>pro se</u> complaint only when "it appears beyond doubt
that the plaintiff can prove no set of facts in support of his
claim which would entitle him to relief."  <u>Estelle v. Gamble</u>, 429
U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46
(1957)).

-8-

**B.  Default Judgment**

Plaintiff moves for entry of default and default judgment against Defendants Time Warner, AOL, and Yahoo on the basis that they failed to plead or otherwise defend and therefore are in default.  (D.I. 25.)  The motion is moot as to Defendants AOL and Microsoft inasmuch as Plaintiff voluntarily dismissed them from the case.  See D.I. 43.

Plaintiff also seeks entry of default and default judgment against Microsoft on the basis that Plaintiff never received, via U.S. mail, a copy of Microsoft's Motion To Dismiss filed on July 24, 2006, he did not receive the Motion To Dismiss until August 3, 2006, and then it was via Federal Express.  (D.I. 28.)  Plaintiff argues that Microsoft's pleading was mailed two days after the time had expired to file an answer or otherwise plead.  Plaintiff also seeks entry of default and default judgment on the basis that counsel for Defendants "deceived" him.  (D.I. 29.)  Yahoo and Microsoft oppose the motions arguing that the record is clear that they timely responded to the lawsuit filed by Plaintiff.  (D.I. 34.)

Regardless of the date when Plaintiff actually received the Motions To Dismiss, the docket sheet reflects that they were timely filed.  Accordingly, default is improper since Defendants have "otherwise defended" the pleading.  Moreover, even if the

motions were not timely filed, Plaintiff has failed to demonstrate that he was prejudiced by the alleged late receipt of the service copies.  Accordingly, the Court will deny the Motions For Default Entry And Default Judgment against Yahoo and Microsoft.  (D.I. 25, 28.)

### C.  Motion to Dismiss

#### 1.  Rule 8

Google contends that the Amended Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8.  Rule 8(a)(2) provides that the complaint shall consist of a short and plain statement of the claim showing that the pleader is entitled to relief, and part (e)(1) of Rule 8 provides that each averment of a pleading shall be simple, concise, and direct.  Fed. R. Civ. P. 8.  Google argues that the Amended Complaint lacks any semblance of compliance with Rule 8 standards, that it is disorganized, contains unnumbered paragraphs, is redundant, vague and conclusory, inflammatory, and contains irrelevant material.

Plaintiff proceeds pro se.  As is well-known, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519,

-10-

520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46

(1957)).  In light of the fact that Plaintiff proceeds pro se and

the liberal pleading standards, the Court will deny Google's

Motion To Dismiss on the basis that the Amended Complaint does

not comply with the requisites of Rule 8.

### 2.  Injury-In-Fact

Microsoft moves for dismissal of all claims raised against

it on the basis that the Amended Complaint fails to satisfy the

requirements that Plaintiff suffered an injury-in-fact.  The

cases and controversies requirement in Article III demand that

all litigants in federal court demonstrate that they have

suffered a concrete, legally cognizable injury-in-fact that is

either actual or imminent.  American Fed'n of Gov't Employees v.

Styles, 123 Fed. Appx. 51, 52 (3d Cir. 2004) (citing U.S. Const.

art. III, § 2).  It is incumbent on the party invoking federal

jurisdiction to establish this and every other prerequisite for

standing.  Id.  (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231

(1990)).

Microsoft's position is well-taken.  Here, Plaintiff alleges

that he never received a response from Microsoft after he

submitted an ad to it.  Plaintiff alleges that he was ignored by

Microsoft.  While Plaintiff may believe he was ignored while

waiting for an answer from Microsoft, this alleged slight is not

an injury-in-fact sufficient to confer standing on Plaintiff as

to his claims against Microsoft.  <u>See</u> e.g., <u>Takhar v. Kessler</u>, 76

F.3d 995 (9th Cir. 1996) (uncertainty that a veterinarian

experienced while waiting for clarification from the FDA is not

an injury-in-fact sufficient to confer standing).

    Plaintiff has failed to allege an injury-in-fact sufficient

to defeat the Microsoft's Motion To Dismiss.  Therefore, the

Court will grant the Motion.

### 3.  Defendants' First Amendment Rights

    Google and Microsoft argue that Plaintiff's claims are

barred as a matter of law, and that the relief sought by him is

precluded by their First Amendment Rights.  Google points to the

relief sought by Plaintiff that Google, Yahoo, and Microsoft

place Plaintiff's ads for his websites in prominent places on

their search engine results and that Defendants "honestly" rank

Plaintiff's websites.

    Google argues that such relief would compel it to speak in a

manner deemed appropriate by Plaintiff and would prevent Google

from speaking in ways that Plaintiff dislikes.  It contends such

relief contravenes the First Amendment.  Plaintiff did not

respond to this issue.

    The First Amendment guarantees an individual the right to

free speech, "a term necessarily comprising the decision of both

-12-

what to say and what not to say." <u>Riley v. National Fed'n of the</u>
<u>Blind of North Carolina, Inc.</u>, 487 U.S. 781, 796-97 (1987).
Defendants are correct in their position that the injunctive
relief sought by Plaintiff contravenes Defendants' First
Amendment rights.  <u>See</u> <u>Miami Herald Publ'g Co. v. Tornillo</u>, 418
U.S. 241, 256 (1974) (forcing newspapers to print candidates'
replies to editorials is an impermissible burden on editorial
control and judgment).  <u>Sinn v. The Daily Nebraskan</u>, 829 F.2d 662
(8th Cir. 1987) (University newspaper's rejection of roommate
advertisements in which advertisers stated their gay or lesbian
orientation was a constitutionally protected editorial decision);
<u>Associates & Aldrich Co. v. Times Mirror Co.</u>, 440 F.2d 133 (9th
Cir. 1971) (Court cannot compel the publisher of a private daily
newspaper to accept and print advertising in the exact form
submitted based upon the freedom to exercise subjective editorial
discretion in rejecting a proffered article).  Accordingly, the
Court will grant Google's and Microsoft's Motion To Dismiss the
Amended Complaint on the basis that Plaintiff seeks relief
precluded by their First Amendment rights.

### 4.  Communications Decency Act

Google and Microsoft argue that the Communications Decency
Act, 47 U.S.C. § 230(c)(2)(A), provides them immunity from suit
from claims grounded upon their exercise of editorial discretion

-13-

over internet content and editorial decisions regarding screening and deletion of content from their services. Google cites case law that holds Google is considered an "interactive computer service" as contemplated by § 230. Google also relies upon Third Circuit precedent as set forth in Green v. American Online (AOL), 318 F.3d 465 (3d Cir. 2003).

Plaintiff argues that § 230 is inapplicable because none of the Defendants refused to run the Cooper ads because they were obscene or that the websites were harassing. He also argues that neither Google nor Microsoft offered a reason for not running the China ads and that Yahoo provided a false reason for not running the ads. Plaintiff argues that Defendants cannot create "purported reasons" for not running the ads.

Section § 230 provides immunity from civil suits as follows: "No provider or user of an interactive computer service shall be held liable on account of . . . any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." 47 U.S.C. § 230(c)(2)(A). As determined in Green, "[b]y its terms, § 230 provides immunity to [Defendants] as [] publishers or speakers of information originating from another

-14-

information content provider. <u>Green</u>, 318 F.3d at 471. "The provision 'precludes courts from entertaining claims that would place a computer service provider in a publisher's role,' and therefore bars 'lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone, or alter content.'" <u>Id.</u> (citing <u>Zeran v. America Online, Inc.</u>, 129 F.3d 327, 330 (4th Cir. 1997)); <u>see also</u>, e.g., <u>Ben Ezra, Weinstein & Co., Inc. v. America Online, Inc.</u>, 206 F.3d 980, 986 (10th Cir. 2000) ("Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions").

It is evident from the allegations in the Amended Complaint that Plaintiff attempts to hold Defendants liable for decisions relating to the monitoring, screening, and deletion of content from their network. As noted by the <u>Green</u> Court, these actions are "quintessentially related to a publisher's role," <u>Green</u>, 318 F.3d at 471, and "§ 230 'specifically proscribes liability' in such circumstances." <u>Id.</u> (quoting <u>Zeran</u>, 129 F.3d at 332-33.

Plaintiff's position that § 230 is inapplicable is not well-taken. Plaintiff argues there was no refusal to run his ads on the basis they were obscene or harassing, and that Defendants

-15-

cannot create "purported reasons for not running his ads." (D.I.
61 at 9). He omits, however, reference to that portion of § 230
which provides immunity from suit for restricting material that
is "otherwise objectionable."

Section 230 provides Google, Yahoo[1], and Microsoft immunity
for their editorial decisions regarding screening and deletion
from their network. Therefore, the Court will grant the Motions
To Dismiss all such claims as raised by Plaintiff

### 5. **Plaintiff's First Amendment Rights**

Defendants argue that Plaintiff cannot state a claim for
violation of his right to free speech under either the United
States or Delaware Constitution because they are not state
actors. Particularly, Google contends that the Amended Complaint
makes clear that it is a for-profit company as it is identified
as a corporation and there are allegations of Google's for-profit
AdWords program. (D.I. 53 at 15-16.)

Plaintiff alleges that internet search engines are public
forums, and that private property opened to the public may be
subject to the First Amendment. Plaintiff compares internet
search engines to malls and/or shopping centers and contends that
Google has dedicated its private property as a public forum.

---

[1]Yahoo did not move for dismissal on the basis of § 230.

-16-

Plaintiff relies upon several U.S. Supreme Court cases to support
his position.  He also posits that Google works with private and
public universities and that this government entwinement with a
private entity results in state action as required by 42 U.S.C. §
1983.

When bringing a § 1983 claim, a plaintiff must allege that
some person has deprived him of a federal right, and that the
person who caused the deprivation acted under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).  To act under "color of
state law" a defendant must be "clothed with the authority of
state law."  West, 487 U.S. at 49.

Plaintiff has failed to state a claim that Defendants
violated his First Amendment right to free speech.  Defendants
are private, for profit companies, not subject to constitutional
free speech guarantees.  See e.g., Howard v. America Online, 208
F.3d 741, 754 (9th Cir. 2000); Noah v. AOL Time Warner, Inc., 261
F. Supp. 2d 532, 546 (E.D. Va. 2003).  They are internet search
engines that use the internet as a medium to conduct business.
Plaintiff's position that Google is a state actor because it
works with state universities is specious.  "A conclusory
allegation that a private entity acted in concert with a state
actor does not suffice to state a § 1983 claim against the
private entity."  Ciambriello v. County of Nassau, 292 F.3d 307,

-17-

324 (3d Cir. 2002).  Further, there are insufficient allegations
in the Amended Complaint that "there is a sufficiently close
nexus between the State and the challenged action of [Defendants]
so that the action[s] of the latter may be fairly treated as that
of the State itself."  <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004
(1982); <u>see also Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1142
(3d Cir. 1995).

Plaintiff's analogy of Defendants' private networks to
shopping centers and his position that since they are open to the
public they become public forums is not supported by case law.
The Supreme Court has consistently held that a private shopping
center is not a public forum for speech purposes.  <u>PruneYard</u>
<u>Shopping Ctr. v. Robins</u>, 447 U.S. 74, 81 (1980).  <u>Lloyd Corp.,</u>
<u>Ltd. v. Tanner</u>, 407 U.S. 551, 569 (1972).  The Court has
routinely rejected the assumption that people who want to express
their views in a private facility, such as a shopping center,
have a constitutional right to do so.  <u>PruneYard Shopping Ctr.</u>,
447 U.S. at 81; <u>Lloyd Corp.</u>, 407 U.S. at 558.  Private property
does not "lose its private character merely because the public is
generally invited to use it for designated purposes."  <u>Lloyd</u>
<u>Corp.</u>, 407 U.S. at 569.  Similarly, the Court finds unavailing
Plaintiff's argument that he has no reasonable alternative to
advertising on Defendants' search engines.  <u>See Cyber Promotions,</u>

-18-

Inc. v. American Online, Inc., 948 F.Supp. 436, 443 (E.D. Pa.
1996)(private company had numerous alternatives for reaching
customers including mail, television, cable, newspapers,
magazines, and competing commercial online services).

Defendants are not state actors.  Plaintiff has failed to
state a § 1983 claim, and therefore, the Court will grant the
Motions To Dismiss the First Amendment Claims.

### 6.  Delaware Free Speech Claim

Plaintiff raises a free speech claim under the Delaware
Constitution.  Defendants move to dismiss the claim arguing that
as the First Amendment claim fails, so does the Delaware free
speech claim.

The Delaware Constitution provides in part that "[t]he press
shall be free to every citizen who undertakes to examine the
official conduct of men acting in a public capacity; and any
citizen may print on any subject, being responsible for the abuse
of that liberty."  Del. Const. art. I, § 5.  Defendants correctly
note that the free press provision of the Delaware Constitution
has the same scope as the First Amendment.  Gannett Co., Inc. v.
State, 571 A.2d 735, 741 n.9 (Del. 1989);  In re Opinion of the
Justices, 324 A.2d 211, 213 (Del. 1974); Fuester v. Conrail, No.
91C-09-013, 1994 WL 555526, at *2 (Del. Supr. Ct. 1994).
Defendants also argue that Plaintiff cannot state a claim under

-19-

the free speech clause of the Delaware Constitution because
Plaintiff is a citizen of Florida, not Delaware, and the Amended
Complaint contains no allegations that any of the relevant acts
took place in Delaware.

Defendants' positions are well-taken.  The Court will grant
the Motion To Dismiss the Delaware constitutional claim inasmuch
as Plaintiff fails to state a claim under the First Amendment,
and the Delaware Constitution has the same scope as the First
Amendment.

### 7.  Breach of Contract

Defendants argue that the Amended Complaint fails to state a
claim for breach of contract.  Plaintiff responds that whether or
not he will prevail on this claim is not relative to the motion
to dismiss.

To state a claim for breach of contract Plaintiff must
establish three elements.  He must prove that a contract existed;
he must establish that the defendant breached an obligation
imposed by the contract; and he must show that the breach
resulted in damage to him.  VLIW Tech., LLC v. Hewlett-Packard
Co., 840 A.2d 606, 612 (Del. 2003).

Google argues that its refusal to accept Plaintiff's
proposed ads cannot constitute breach of contract and it cites
several cases in support of its positions.  The cases cited,

-20-

however, were disposed of by summary judgment motion, not a
motion to dismiss.  A copy of the contract at issue is attached
as an exhibit to the Complaint.  Nonetheless, this case is in its
early stages, and at this juncture the Court declines to rule on
the issue of breach of contract by Google in a dismissal motion.
The Court finds that as to Google, Plaintiff has adequately
alleged a breach of contract claim.  Therefore, the Court will
deny Google's Motion To Dismiss this claim.

As to Yahoo and Microsoft, the Amended Complaint fails to
allege a very important element, that being the existence of a
contract.  Therefore, the Court will grant the Motions To Dismiss
the breach of contract claims raised against Yahoo and Microsoft.

### 8.  Fraud Under Delaware Law

Defendants argue that the Amended Complaint fails to state a
claim for fraud.  Again, Plaintiff responds that whether or not
he will prevail on this claim is not relative to a motion to
dismiss.

Under Delaware law, to state a claim for common law fraud,
Plaintiff must plead facts supporting an inference that: (1)
Defendants falsely represented or omitted facts that the
Defendant had a duty to disclose; (2) Defendants knew or believed
that the representation was false or made the representation with
a reckless indifference to the truth; (3) Defendants intended to

-21-

induce Plaintiff to act or refrain from acting; (4) Plaintiff
acted in justifiable reliance on the representation; and (5)
Plaintiff was injured by its reliance.  DCV Holdings, Inc. v.
ConAgra, Inc., 889 A.2d 954, 958 (Del. 2005).

Throughout the Amended Complaint Plaintiff indiscriminately
uses the words fraud or fraudulent.  Other than word usage, the
Amended Complaint fails to adequately state a claim for fraud.
The Amended Complaint does not allege that Defendants intended to
induce Plaintiff to act or refrain from acting or that Plaintiff
acted in justifiable reliance on the alleged representations.
Accordingly, the Court will grant the Motion To Dismiss the fraud
claim.

### 9.  Deceptive Business Practice

Defendants argue that the Amended Complaint fails to state a
claim for deceptive business practice.  Once again, Plaintiff
responds that whether or not he will prevail on this claim is not
relative to a motion to dismiss.

Initially the Court notes that the Amended Complaint does
not refer to the correct Delaware statute for a deceptive trade
practice claim.  Plaintiff alleges a violation of 6 Del. Code
Ann. § 2517.  There is no cause of action under this section of
the Delaware Code.  Rather, this statute refers to the Delaware

-22-

Attorney General's investigative powers in consumer protection cases.

Liberally construing Plaintiff's Amended Complaint, it may be that he attempts to allege deceptive business practices under Delaware's Consumer Protection Act, 6 Del. Code Ann. § 2511 et seq. This Act, however, is limited to actions that take place within the State of Delaware, as detailed in § 2512. "The purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly **within this State**." 6 Del. Code Ann. § 2512 (Court's emphasis). The Amended Complaint does not allege that the alleged acts took place in Delaware. Plaintiff has failed to state a claim for deceptive trade practices, and therefore, the Court will grant the Motions To Dismiss this claim.

### 10. **Public Calling/Discrimination**

Google and Microsoft move to dismiss the public calling/discrimination claim on the basis that they are not engaged in public calling as recognized by the Delaware Courts. Yahoo moves to dismiss the "public calling" claim arguing that no such claim exists under Delaware law. Rather than respond to the argument, Plaintiff invites the Court to ask the Delaware Supreme Court to issue an advisory opinion on whether the Delaware

-23-

Constitution considers an internet search engine a public forum, and whether they are in a public calling.

At common law a person engaged in a public calling, such as an innkeeper or common carrier, was held to have a duty to the general public to serve without discrimination all who sought service. The Delaware Supreme Court narrowly construed public calling only when there exists an innkeeper-guest relationship. State v. Brown, 6 Storey 571, 195 A.2d 379 (Del. 1963). In contrast, owners of private enterprises, such as a restaurant or other place of public refreshment, amusement, entertainment or resort, were under no such obligation, enjoying an absolute power to serve whom they pleased. See Brown, 195. A.2d at 382 (citations omitted); Madden v. Queens County Jockey Club, 296 N.Y. 249, 253, 72 N.E.2d 697, 698 (1947). See also Marrone v. Washington Jockey Club, 227 U.S. 633, 636 (1913).

Defendants, as internet search engines, do not fall under the umbrella of an innkeeper. The public calling claim is frivolous, and therefore, the Court will grant Defendants' Motions to Dismiss the public calling claim.

### 11. Commerce Clause

Plaintiff voluntarily dismissed the Commerce Clause raised in the original Complaint. Nonetheless, because the Amended Complaint makes reference to the Commerce Clause, and apparently

-24-

out of an abundance of caution, Yahoo moves for its dismissal.
The Amended Complaint fails to state a claim under the Commerce
Clause.  Therefore, the Court will grant that aspect of Yahoo's
Motion To Dismiss

## IV.  CONCLUSION

The Court will deny the Motions For Default Entry And
Default Judgment against Yahoo and Microsoft.  (D.I. 25, 28.)
The Court will deny as moot the Motion For Default Entry And
Default Judgment against Time Warner and AOL.  (D.I. 25.)  The
Court will deny Google's Motion To Dismiss on the issues of Fed.
R. Civ. P. 8 and breach of contract and will grant it in all
other respects.  (D.I. 51.)  The Court will grant Yahoo and
Microsoft's Motions To Dismiss (D.I. 54, 56.)  The Court will
deny as moot all remaining pending motions.  (D.I. 10, 18, 20,
30, 31, 32.)  The only claim remaining is the breach of contract
claim against Google.  The Court will dismiss as Defendants Yahoo
and Microsoft.  An appropriate Order will be entered.