IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER LANGDON, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-319 (JJF) |
| GOOGLE INC., d/b/a DELAWARE GOOGLE, INC., YAHOO! INC., TIME-WARNER COMPANIES, INC., and MICRO-SOFT CORPORATION, | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT GOOGLE INC.'S MOTION FOR RECONSIDERATION

### INTRODUCTION

In connection with the Defendants' motions to dismiss Plaintiff's Amended Complaint, this Court was presented with seven separate briefs that addressed a score of arguments. In the Opinion, the Court conducted a thorough and proper analysis of virtually every point raised, and dismissed all of the claims but one: Plaintiff's claim that Google breached a contract with Plaintiff by failing to carry his advertisements. Google submits that this claim too should have been dismissed as a matter of law and seeks reconsideration on that basis.

The Court's holding that 47 U.S.C. § 230(c) shields Google and the other defendants from Plaintiff's claims should have applied with equal force to Plaintiff's contract claim against Google, as that claim too seeks to hold Google liable for its exercise of editorial discretion. Courts have repeatedly recognized that the federal statutory immunity Congress afforded to online service providers bars contract claims as well.

In addition, in assessing whether Plaintiff's Amended Complaint stated a breach of contract claim for purposes of Rule 12(b)(6), the Court declined to consider the terms of the contract at issue. In so doing, the Court found it significant that the cases Google cited were decided on motions for summary judgment. In fact, however, Google cited numerous decisions arising in the Rule 12(b)(6) context in which courts disposed of contract claims at the pleading stage based on the language of those contracts. Had the Court considered the terms of the contract at issue and the case law cited by Google dismissing contract claims on motions to dismiss, Google submits it would have found that those terms bar Plaintiff's claim for breach as a matter of law.

Either based upon proper application of Section 230(c)(2) immunity, or based upon the plain terms of the contract between Plaintiff and Google, Google is entitled to dismissal with prejudice of Plaintiff's breach of contract claim. Google therefore respectfully requests that the Court grant its motion for reconsideration and amend its Opinion and Order accordingly.

## THE COURT'S PRIOR OPINION

On May 17, 2006, Plaintiff filed suit against Google asserting various tort claims as well as a claim for breach of contract based upon Google's decision not to display advertisements for two of Plaintiff's websites on its Internet search engine. (D.I. 1). After Plaintiff had amended the Complaint, Google moved to dismiss it. (D.I. 44, 51). Google specifically argued that *all of Plaintiff's claims* were barred by Section 230(c)(2) of the Communications Decency Act (47 U.S.C. § 230(c)(2)). *See* Google's Opening Br. at 7, 10-13. (D.I. 53). It separately argued that each of Plaintiff's causes of action failed to state a claim. With respect to the breach of contract claim specifically, Google pointed out that the AdWords Terms and Conditions between Plaintiff and Google specifically provides that Google "may

2

reject or remove any ad[vertisement] . . . for any or no reason." *See* Google's Opening Br. at 24 (quoting DiNucci Decl., Ex A at ¶ 2) (D.I. 53).

On February 20, 2007, the Court issued its Opinion. Among other things, it held that Section 230(c)(2) applied and barred Plaintiff's claims against Google based on Google's editorial decision not to run his advertisements. *See* Opinion at 16. (D.I. 67). As the Court explained, "Section 230 provides [defendants] immunity for their editorial decisions regarding screening and deletion from their network. Therefore, the Court will grant the Motions To Dismiss all such claims as raised by Plaintiff[.]"

*Id.* (citation and quotation marks omitted). Despite that holding, however, later in its Opinion the Court found that the Plaintiff could pursue his claim for breach of contract against Google, even though that claim attacks the very same editorial decisions by Google. *See* Opinion at 21. (D.I. 67). The Court does not appear to have considered, and did not explain, how Plaintiff's contract claim could survive in light of its proper application of Section 230(c)(2). The Court separately did not explain how Plaintiff could proceed with a claim for breach of contract based on Google's decision not to run his advertisements, when the parties' contract expressly allows Google to refuse to run any advertisement. The Court appears not to have considered the terms of the parties' agreement, stating that Google had not cited cases authorizing it to do so on a Rule12(b)(6) motion.

## ARGUMENT

### A. Reconsideration Is Appropriate to Correct an Error of Law or Fact

Under Rule 59(e), a "judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court

3

granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). *See also Coulbourne v. Barnhart*, No. Civ. A. 00-370-JJF, 2002 WL 32332190, *1 (D. Del. July 15, 2002) (same) (attached hereto as Exhibit A); *B.P. Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 (D. Del. 2002) (same). Indeed, "reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law." *Max's Seafood*, 176 F.3d at 678. Google respectfully submits that reconsideration of the Court's Opinion is appropriate to correct two clear errors: (1) the failure to apply Section 230(c)(2) immunity to Plaintiff's breach of contract claim; and (2) the Court's failure to consider the authorities cited by Google authorizing (in fact directing) a court to consider the terms of an agreement in evaluating a claim for breach of contract at the pleading stage.

B.   **Section 230(c)(2) Bars Plaintiff's Breach of Contract Claim**

Section 230, which immunizes interactive service providers from "[c]ivil liability," does not distinguish between claims for breach of contract and other types of claims. Indeed, the Ninth Circuit has specifically identified claims for breach of contract as a type of claim to which Section 230(c)(2) applies. *Batzel v. Smith*, 333 F.3d 1018, 1030 n.14 (9th Cir. 2003) (Section 230(c)(2) "insulates service providers from claims premised on the taking down of a customer's posting such as *breach of contract* or unfair business practices") (emphasis added). The exclusions from Section 230(c)'s immunity do not include breach of contract claims, and are not applicable in this action. *See* 47 U.S.C. § 230(e). For this reason, other courts have recognized that Section 230(c) applies to all civil claims, including claims for breach of contract. *See Schneider v. Amazon.com, Inc.*, 108 Wash. App. 454, 464-65 (Wash. Ct. App.

2001) (dismissing claim for breach of contract based on Amazon's failure to remove an objectionable posting pursuant to § 230(c)(1) immunity; "Were the statute not clear enough, legislative history demonstrates [that] Congress intended to extend immunity to all civil claims . . . . [C]ourts that have considered the question have held § 230 provides immunity to civil claims generally."); *Jane Doe One v. Oliver*, 46 Conn. Supp. 406, 410 (Conn. Super. Ct. 2000) (dismissing numerous claims including breach of contract as barred by § 230(c)), *aff'd*, 68 Conn. App. 902 (Conn. App. Ct.), *certification denied*, 260 Conn. 911 (2002); *see also Beyond Systems, Inc. v. Keynetics, Inc.*, 422 F. Supp. 2d 523, 536 (D. Md. 2006) (rejecting argument that § 230 immunity is limited to defamation claims and citing cases applying § 230 to various types of civil claims); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 539 (E.D. Va. 2003) (rejecting argument that § 230 immunity is limited to claims for negligence and defamation based upon analysis of statutory language excluding only certain specified claims), *aff'd*, 2004 WL 602711 (4th Cir. Mar. 24, 2004).

Plaintiff's breach of contract claim against Google, like his other claims, challenges Google's exercise of its editorial discretion in choosing not to publish Plaintiff's advertising content. The Court recognized that Plaintiff's other claims were barred by Section 230(c)(2) and dismissed them. Google respectfully submits that the Court should have done the same for Plaintiff's contract claim, and asks the Court to reconsider its failure to do so.

### C. Terms of an Agreement Upon Which a Breach of Contract Claim is Based Are Properly Considered on a Motion to Dismiss

As Google explained in its motion, the terms of the contract between Plaintiff and Google give Google unfettered discretion in choosing not to display Plaintiff's advertisements. Google's Opening Br. at 24 (D.I. 53) (quoting DiNucci Decl., Ex. A at ¶ 2) (contract states Google can remove any ads for "any or no reason."); Compl., App. I (D.I. 1) (Content Policy providing that

Google "reserve[s] the right to reject or approve any ads."). In its Opinion, the Court did not consider that language. It explained that the only cases Google cited to authorize consideration of that language were decided on summary judgment. Opinion at 20-21. (D.I. 67). In fact, however, Google cited and relied upon numerous decisions that authorized consideration of contractual language in deciding a Rule 12(b)(6) motion to dismiss. *See* Google's Opening Br. at 3-4, n.3 (D.I. 53); Google's Reply Br. at 7 (D.I. 63) (citing *Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 388 n.4 (3d Cir. 2002); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Pryor v. NCAA*, 288 F.3d 548, 559-60 (3d Cir. 2002); *Williams v. Potter*, 384 F. Supp. 2d 730, 733 n.4 (D. Del. 2005); *Indeck Maine Energy, L.L.C. v. ISO New England, Inc.*, 167 F. Supp. 2d 675, 678-79 (D. Del. 2001); *Barnum v. Millbrook Care Ltd. P'ship*, 850 F. Supp. 1227, 1232 (S.D.N.Y. 1994)).

While *Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494 (3d Cir. 2006) and *Metzker v. Int'l Paper Co.*, 825 F. Supp. 641 (D. Del. 1993), cited in Google's Opening Brief at 24 (D.I. 53), were summary judgment cases, *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532 (E.D. Va. 2003), cited in the same paragraph, was decided on a motion to dismiss. Significantly, the *Noah* court considered the terms of AOL's Member Agreement and dismissed the plaintiff's breach of contract claim based on the language of the contract itself. *See Noah*, 261 F. Supp. 2d at 545. Similarly, in *Green v. America Online (AOL)*, 318 F.3d 465 (3d Cir. 2003) (cited throughout Google's Opening and Reply briefs) (D.I. 53, 63), the Third Circuit upheld the district court's dismissal of a breach of contract claim because the terms of the contract "foreclose[d] any claims that AOL breached its obligations." *Id.* at 472. In short, Google cited cases authorizing the Court to consider the language of the parties' contract at the pleading stage, and the Court's assertion otherwise was mistaken.

Not only do the cases Google cited authorize consideration of the contractual language on a motion to dismiss, they actually encourage it. As the Third Circuit has explained, if a court does not consider the terms of a document on which a claim is based in deciding a motion to dismiss, then "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp.*, 998 F.2d at 1196; *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); 5A Wright & Miller, Federal Practice & Procedure, § 1327, at 444 (3d ed. 2004) (under Federal Rule of Civil Procedure 10(c), "the contents of any attached writing must be considered by the court in a wide variety of contexts – for example, in determining the sufficiency of the statement of a claim for relief or a defense on a motion to dismiss under Rule 12(b)(6)"). Here, as in *Green* and *Noah*, the terms of the contract between the parties preclude Plaintiff's breach of contract claim as a matter of law. Therefore, the breach of contract claim should have been dismissed for failure to state a claim. *See Green*, 318 F.3d at 472; *Noah*, 261 F. Supp. 2d at 545. Google respectfully requests that the Court reconsider its decision not to dismiss the claim.

## CONCLUSION

For the foregoing reasons Google respectfully requests that the Court grant Google's motion for reconsideration and amend the Opinion and Order (D.I. 67 & 68) to dismiss Plaintiff's breach of contract claim.

PROCTOR HEYMAN LLP

*/s/ Patricia Enerio*

Kurt M. Heyman (# 3054)
Email: kheyman@proctorheyman.com
Patricia L. Enerio (# 3728)
Email: penerio@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300
Attorneys for Defendant Google Inc.

OF COUNSEL:

WILSON SONSINI GOODRICH & ROSATI PC
David H. Kramer
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Tonia Ouellette Klausner
Emily Shepard Smith
12 East 49th Street, 30th Floor
New York, NY 10017
(212) 999-5800

DATED:    February 27, 2007

## CERTIFICATE OF SERVICE

Patricia L. Enerio, Esquire, hereby certifies that on February 27, 2007, copies of the foregoing Memorandum in Support of Defendant Google Inc.'s Motion for Reconsideration were served as follows:

**VIA FEDERAL EXPRESS**

Mr. Christopher Langdon
1835 Edwin Boulevard
Winter Park, FL 32789

_____
Patricia L. Enerio (# 3728)

# EXHIBIT A

**To the Memorandum
in Support of Defendant Google Inc.'s Motion for Reconsideration**

Case 1:06-cv-00319-JJF    Document 71-2    Filed 02/27/2007    Page 1 of 5

Westlaw.

Not Reported in F.Supp.2d                                                                     Page 1

Not Reported in F.Supp.2d, 2002 WL 32332190 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Coulbourne v. BarnhartD.Del.,2002.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Gerald COULBOURNE, Plaintiff,
v.
Joanne BARNHART,[FN1] Commissioner of Social Security Administration, Defendant.

FN1. Jo Anne Barnhart became the Commissioner of Social Security, effective November 14, 2001, to succeed Acting Commissioner Larry G. Massanari, who succeeded Commissioner Kenneth S. Apfel. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Jo Anne Barnhart is automatically substituted as the defendant in this action.

No. Civ.A. 00-370-JJF.

July 15, 2002.

Gary L. Smith, of Gary L. Smith, Newark, Delaware, for Plaintiff.
Colm F. Connolly, United States Attorney, and Patricia C. Hannigan, Assistant United States Attorney, of the Office of the United States Attorney, Wilmington, Delaware. James A. Winn, Regional Chief Counsel, and Robert W. Flynn, Assistant Regional Counsel of the Social Security Administration, Philadelphia, Pennsylvania, for Defendant, of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Presently before the Court is a Motion For Relief From Order Entered July 26, 2001 (D.I.17) filed by Defendant, the Commissioner of the Social Security Administration, requesting the Court to vacate its order remanding the instant action to the Administrative Law Judge ("A.L.J.") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed, the Court will grant Defendant's Motion to the extent that it challenges the Court's application of 42 U.S.C. § 423(d)(1)(C) and deny Defendant's Motion to the extent that it challenges the Court's decision to remand the above-captioned action to the Administrative Law Judge for further findings and/or proceedings.

BACKGROUND

*1 The background relevant to the instant Motion is set forth fully in the Court's previous Memorandum Opinion, *Coulbourne v. Apfel,* Civil Action No. 00-370-JJF (D.Del. Jul. 26, 2001). In that Memorandum Opinion, the Court concluded that the A.L.J. based his denial of Plaintiff's DIB application on medical improvements under 42 U.S.C. § 423(f), and not on alcoholism as a material contributing factor under 42 U.S.C. § 423(d)(1)(C). Because the ALJ did not conduct the appropriate analysis for a decision based upon a medical improvement, the Court reversed the final decision of the Commissioner and remanded the matter to the A.L.J. for further findings and/or proceedings consistent with the Court's Memorandum Opinion.

*1 Thereafter, Defendant filed the instant Motion For Reconsideration. Upon initial review of the Motion, the Court requested the parties to submit letter memoranda on the question of whether the Motion For Reconsideration was timely filed. The parties submitted their responses. However, Plaintiff subsequently withdrew his objection to the timeliness of the filing of the Commissioner's Rule 59(e) Motion. (D.I.24). Accordingly, the timeliness of the instant Motion is not an issue, and the Motion is ripe for the Court's review.

DISCUSSION

*1 The purpose of a motion for reconsideration

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 2

Not Reported in F.Supp.2d, 2002 WL 32332190 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

filed pursuant to Federal Rule of Civil Procedure 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed, considered and decided. *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990). As such, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood,* 176 F.2d at 677.

*1 By her Motion, Defendant contends that the Court erred in concluding that the A.L.J. based his decision denying Plaintiff benefits upon the "medical improvement" standard, rather than pursuant to Public Law 104-121, 42 U.S.C. § 423(d)(1)(C). Defendant further contends that the A.L.J. was not required to determine whether Plaintiff's alcoholism was a material contributing factor to Plaintiff's disability, because the A.L.J. did not find that Plaintiff had a disabling impairment.

*2 After reviewing the Court's previous decision in light of the record in this case and the submissions of the parties, the Court disagrees with Defendant's assertion that the Court's previous decision was erroneous. In reaching this conclusion, however, the Court acknowledges that it did make an error in its application of 42 U.S.C. § 423(d)(1)(C). In concluding that the A.L.J. based his decision on the "medical improvement standard," the Court found it significant that the A.L.J. failed to consider whether alcoholism was a material contributing factor to Plaintiff's disability. (D.I. 15 at 24-25). However, as Defendant points out, the A.L.J. was not required to make a materiality determination unless he first concluded that Plaintiff suffered from a disability. Before considering the impact of a claimant's alcohol or drug addition, the A.L.J. must first conclude that the claimant is disabled using the five-step inquiry contained in 20 C.F.R. § 404.1520(b)-(f). If the claimant is not disabled under the five step inquiry, he or she is not entitled to benefits. Only if the A.L.J. determines that the claimant is disabled should the A.L.J. proceed to determine whether the claimant would still be found disabled if he or she stopping using alcohol or drugs. *See e.g. Bustamonte v. Massanari,* 262 F.3d 949, 953-955; *see also* 20 C.F.R. § 404.1535(a).

*2 This error, however, is not fatal to the Court's ultimate conclusion that the A.L.J.'s analysis was erroneous. In evaluating Plaintiff's mental condition, the A.L.J. expressly invoked the medical improvement standard. The A.L.J. stated:
*2 The claimant's bipolar disorder has been in remission, concomitant with the claimant's abstinence from alcohol. (Exhibit 16). Accordingly, regarding the claimant's mental limitation, he has experienced a work-related medical improvement. ( 20 C.F.R. § 404.1594(f)(3)(4)).

*2 The A.L.J. reiterated his invocation of the medical improvement standard in evaluating the severity of Plaintiff's bipolar disorder. The A.L.J. stated, "Granting the claimant the benefit of the doubt, although he experienced a work-related medical improvement, his bipolar disorder is still a "severe" impairment." (emphasis added). Finally, in summarizing his findings, the A.L.J. again stated:*2
3. The claimant has experienced a work-related medical improvement in his bipolar disorder, in that it is in remission since the claimant stopped drinking.
*2 4. Although the claimant experienced a work-related medical improvement, his bipolar disorder is still a sever impairment, as are the residuals of his left arm fracture.

*2 (Tr. 17).

*2 As Defendant points out, the A.L.J. was not supposed to invoke the medical improvement standard in his review. In describing the procedure to be followed for reviewing disability decisions based on drug and alcohol abuse, HALLEX I-5-314A(V)(B)(1) instructs the decisionmaker "not [to] apply the medical improvement standard" when considering whether the individual would be disabled in light of his or her drug and alcohol addiction. Similarly, courts have recognized that the medical improvement standard is not to be applied in cases involving the termination of benefits due to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 3

Not Reported in F.Supp.2d, 2002 WL 32332190 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

drug or alcoholism addiction. *See e.g. Mittlestedt v. Apfel,* 204 F.3d 847 (8th Cir.2000).

*3 Although the A.L.J. expressly invoked the medical improvements standard, Defendant contends that "a more reasonable interpretation [of the A.L.J.'s decision] is that the A.L.J., at step two of the sequential evaluation process, simply found that although Plaintiff's medical records indicated that his bipolar disorder improved with the cessation of alcohol abuse, Plaintiff's bipolar disorder still constituted a severe impairment." (D.I. 18 at 5). While the Court understands Defendant's position, the Court feels constrained to reject it.[FN2] As the Supreme Court has recognized, "it is a fundamental rule of administrative law that a reviewing court ... must judge the propriety of the action solely on the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery,* 332 U.S. 194 (1947); *see also Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001) (holding that district court acted contrary to the teachings of *Chenery* when it recognized that the A.L.J. failed to consider all relevant evidence and attempted to rectify this error by substituting evidence not mentioned by the A.L.J. and found in the court's own independent analysis); *O'Connor v. Sullivan,* 938 F.2d 70, 73 (7th Cir.1991) (relying on *Chenery* in disability benefits case and stating that a reviewing court has "no authority to supply a ground for the agency's decision"); *Reynolds v. Apfel,* 1999 WL 509742, *6-7 (E.D.Pa. Jul. 16, 1999) (relying on *Chenery* to conclude that court was "powerless" to accept rationale not invoked by the A.L.J. in his decision, but proposed by the Magistrate Judge to support the A.L.J.'s position).

> FN2. Indeed, in its previous Memorandum Opinion, the Court recognized the Commissioner's argument to this effect, but stated that "[w]here as here, the A.L.J. clearly and unequivocally stated that Plaintiff experienced a work-related medical improvement, the Court declines to supplant that express finding with a finding which may be implicitly drawn from or read into the A.L.J.'s decision." (D.I. 15 at 26, n. 2 (citing *Fargnoli v. Massanari,* 247 F.3d 34 (3d Cir.2001)).

*3 In this case, the A.L.J. expressly invoked the medical improvements standard and its related regulations in evaluating Plaintiff's disability. Yet, the A.L.J. did not conduct the medical improvements analysis properly, and indeed, should not even have invoked the medical improvements standard. In these circumstances, it is difficult for the Court to decipher exactly what was meant by the A.L.J. in his analysis, and thus, the Court cannot be assured that the A.L.J. appropriately evaluated Plaintiff's alleged disability. As the Supreme Court further recognized in *Chenery:*

*3 If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, 'We must know what a decision means before the duty becomes our to say whether it is right or wrong.'

*3 332 U.S. at 196-197

*3 It may well be that upon further consideration the A.L.J. will still conclude that Plaintiff is not entitled to benefits, but in the Court's view, a remand is the only way to ensure that Plaintiff's claim has been considered under the appropriate analysis. Accordingly, the Court will deny Defendant's Motion to the extent that it seeks to alter or amend the Court's decision to remand this matter to the A.L.J. for further findings and/or proceedings.

CONCLUSION

*4 For the reasons discussed, Defendant's Motion For Relief From Order Entered July 26, 2001 (D.I.17) will be granted to the extent that it challenges the Court's application of 42 U.S.C. §

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 4

Not Reported in F.Supp.2d, 2002 WL 32332190 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

423(d)(1) (C) and denied to the extent that it challenges the Court's decision to remand this matter to the A.L.J. for further findings and/or proceedings.

*4 An appropriate Order will be entered.

### ORDER

*4 At Wilmington, this 15th day of July 2002, for the reasons discussed in the Memorandum Opinion issued this date;

*4 IT IS HEREBY ORDERED that:

*4 1. Defendant's Motion For Relief From Order Entered July 26, 2001 (D.I.17) is GRANTED to the extent that it challenges the Court's application of 42 U.S.C. § 423(d)(1)(C) and DENIED to the extent that it challenges the Court's decision to remand the above-captioned action to the Administrative Law Judge for further findings and/or proceedings.

*4 2. The Court's Memorandum Opinion dated July 26, 2001 (D.I.15) is amended and/or altered as provided in the Memorandum Opinion accompanying this Order.

D.Del.,2002.
Coulbourne v. Barnhart
Not Reported in F.Supp.2d, 2002 WL 32332190 (D.Del.)

Briefs and Other Related Documents (Back to top)

- 1:00CV00370 (Docket) (Apr. 04, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.