# EXHIBIT A

**To the Memorandum**
**in Support of Defendant Google Inc.'s Motion for Reconsideration**

Dockets.Justia.com

**H**
Briefs and Other Related Documents
Coulbourne v. BarnhartD.Del.,2002.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Gerald COULBOURNE, Plaintiff,
v.
Joanne BARNHART,[FN1] Commissioner of Social Security Administration, Defendant.

FN1. Jo Anne Barnhart became the Commissioner of Social Security, effective November 14, 2001, to succeed Acting Commissioner Larry G. Massanari, who succeeded Commissioner Kenneth S. Apfel. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Jo Anne Barnhart is automatically substituted as the defendant in this action.

**No. Civ.A. 00-370-JJF.**

July 15, 2002.

Gary L. Smith, of Gary L. Smith, Newark, Delaware, for Plaintiff.
Colm F. Connoly, United States Attorney, and Patricia C. Hannigan, Assistant United States Attorney, of the Office of the United States Attorney, Wilmington, Delaware. James A. Winn, Regional Chief Counsel, and Robert W. Flynn, Assistant Regional Counsel of the Social Security Administration, Philadelphia, Pennsylvania, for Defendant, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.

*1 Presently before the Court is a Motion For Relief From Order Entered July 26, 2001 (D.I.17) filed by Defendant, the Commissioner of the Social Security Administration, requesting the Court to vacate its order remanding the instant action to the Administrative Law Judge ("A.L.J.") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed, the Court will grant Defendant's Motion to the extent that it challenges the Court's application of 42 U.S.C. § 423(d)(1)(C) and deny Defendant's Motion to the extent that it challenges the Court's decision to remand the above-captioned action to the Administrative Law Judge for further findings and/or proceedings.

BACKGROUND

*1 The background relevant to the instant Motion is set forth fully in the Court's previous Memorandum Opinion, *Coulbourne v. Apfel,* Civil Action No. 00-370-JJF (D.Del. Jul. 26, 2001). In that Memorandum Opinion, the Court concluded that the A.L.J. based his denial of Plaintiff's DIB application on medical improvements under 42 U.S.C. § 423(f), and not on alcoholism as a material contributing factor under 42 U.S.C. § 423(d)(1)(C). Because the ALJ did not conduct the appropriate analysis for a decision based upon a medical improvement, the Court reversed the final decision of the Commissioner and remanded the matter to the A.L.J. for further findings and/or proceedings consistent with the Court's Memorandum Opinion.

*1 Thereafter, Defendant filed the instant Motion For Reconsideration. Upon initial review of the Motion, the Court requested the parties to submit letter memoranda on the question of whether the Motion For Reconsideration was timely filed. The parties submitted their responses. However, Plaintiff subsequently withdrew his objection to the timeliness of the filing of the Commissioner's Rule 59(e) Motion. (D.I.24). Accordingly, the timeliness of the instant Motion is not an issue, and the Motion is ripe for the Court's review.

DISCUSSION

*1 The purpose of a motion for reconsideration

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

filed pursuant to Federal Rule of Civil Procedure 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed, considered and decided. *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D.Del.1990). As such, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood*, 176 F.2d at 677.

*1 By her Motion, Defendant contends that the Court erred in concluding that the A.L.J. based his decision denying Plaintiff benefits upon the " medical improvement" standard, rather than pursuant to Public Law 104-121, 42 U.S.C. § 423(d)(1)(C). Defendant further contends that the A.L.J. was not required to determine whether Plaintiff's alcoholism was a material contributing factor to Plaintiff's disability, because the A.L.J. did not find that Plaintiff had a disabling impairment.

*2 After reviewing the Court's previous decision in light of the record in this case and the submissions of the parties, the Court disagrees with Defendant's assertion that the Court's previous decision was erroneous. In reaching this conclusion, however, the Court acknowledges that it did make an error in its application of 42 U.S.C. § 423(d)(1)(C). In concluding that the A.L.J. based his decision on the "medical improvement standard," the Court found it significant that the A.L.J. failed to consider whether alcoholism was a material contributing factor to Plaintiff's disability. (D.I. 15 at 24-25). However, as Defendant points out, the A.L.J. was not required to make a materiality determination unless he first concluded that Plaintiff suffered from a disability. Before considering the impact of a claimant's alcohol or drug addition, the A.L.J. must first conclude that the claimant is disabled using the five-step inquiry contained in 20 C.F.R. § 404.1520(b)-(f). If the claimant is not disabled under the five step inquiry, he or she is not entitled to benefits. Only if the A.L.J. determines that the claimant is disabled should the A.L.J. proceed to determine whether the claimant would still be found disabled if he or she stopping using alcohol or drugs. *See e.g. Bustamonte v. Massanari*, 262 F.3d 949, 953-955; *see also* 20 C.F.R. § 404.1535(a).

*2 This error, however, is not fatal to the Court's ultimate conclusion that the A.L.J.'s analysis was erroneous. In evaluating Plaintiff's mental condition, the A.L.J. expressly invoked the medical improvement standard. The A.L.J. stated:

*2 The claimant's bipolar disorder has been in remission, concomitant with the claimant's abstinence from alcohol. (Exhibit 16). Accordingly, regarding the claimant's mental limitation, he has experienced a work-related medical improvement. ( 20 C.F.R. § 404.1594(f)(3)(4)).

*2 The A.L.J. reiterated his invocation of the medical improvement standard in evaluating the severity of Plaintiff's bipolar disorder. The A.L.J. stated, "Granting the claimant the benefit of the doubt, although he experienced a work-related medical improvement, his bipolar disorder is still a " severe" impairment." (emphasis added). Finally, in summarizing his findings, the A.L.J. again stated:*2 3. The claimant has experienced a work-related medical improvement in his bipolar disorder, in that it is in remission since the claimant stopped drinking.

*2 4. Although the claimant experienced a work-related medical improvement, his bipolar disorder is still a sever impairment, as are the residuals of his left arm fracture.

*2 (Tr. 17).

*2 As Defendant points out, the A.L.J. was not supposed to invoke the medical improvement standard in his review. In describing the procedure to be followed for reviewing disability decisions based on drug and alcohol abuse, HALLEX I-5-314A(V)(B)(1) instructs the decisionmaker "not [to] apply the medical improvement standard" when considering whether the individual would be disabled in light of his or her drug and alcohol addiction. Similarly, courts have recognized that the medical improvement standard is not to be applied in cases involving the termination of benefits due to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

drug or alcoholism addiction. *See e.g. Mittlestedt v. Apfel,* 204 F.3d 847 (8th Cir.2000).

*3 Although the A.L.J. expressly invoked the medical improvements standard, Defendant contends that "a more reasonable interpretation [of the A.L.J.'s decision] is that the A.L.J., at step two of the sequential evaluation process, simply found that although Plaintiff's medical records indicated that his bipolar disorder improved with the cessation of alcohol abuse, Plaintiff's bipolar disorder still constituted a severe impairment." (D.I. 18 at 5). While the Court understands Defendant's position, the Court feels constrained to reject it.[FN2] As the Supreme Court has recognized, "it is a fundamental rule of administrative law that a reviewing court ... must judge the propriety of the action solely on the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery,* 332 U.S. 194 (1947); *see also Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001) (holding that district court acted contrary to the teachings of *Chenery* when it recognized that the A.L.J. failed to consider all relevant evidence and attempted to rectify this error by substituting evidence not mentioned by the A.L.J. and found in the court's own independent analysis); *O'Connor v. Sullivan,* 938 F.2d 70, 73 (7th Cir.1991) (relying on *Chenery* in disability benefits case and stating that a reviewing court has "no authority to supply a ground for the agency's decision"); *Reynolds v. Apfel,* 1999 WL 509742, *6-7 (E.D.Pa. Jul. 16, 1999) (relying on *Chenery* to conclude that court was "powerless" to accept rationale not invoked by the A.L.J. in his decision, but proposed by the Magistrate Judge to support the A.L.J.'s position).

FN2. Indeed, in its previous Memorandum Opinion, the Court recognized the Commissioner's argument to this effect, but stated that "[w]here as here, the A.L.J. clearly and unequivocally stated that Plaintiff experienced a work-related medical improvement, the Court declines to supplant that express finding with a finding which may be implicitly drawn from or read into the A.L.J.'s decision." (D.I. 15 at 26, n. 2 (citing *Fargnoli v. Massanari,* 247 F.3d 34 (3d Cir.2001)).

*3 In this case, the A.L.J. expressly invoked the medical improvements standard and its related regulations in evaluating Plaintiff's disability. Yet, the A.L.J. did not conduct the medical improvements analysis properly, and indeed, should not even have invoked the medical improvements standard. In these circumstances, it is difficult for the Court to decipher exactly what was meant by the A.L.J. in his analysis, and thus, the Court cannot be assured that the A.L.J. appropriately evaluated Plaintiff's alleged disability. As the Supreme Court further recognized in *Chenery:*

*3 If the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words, 'We must know what a decision means before the duty becomes our to say whether it is right or wrong.'

*3 332 U.S. at 196-197

*3 It may well be that upon further consideration the A.L.J. will still conclude that Plaintiff is not entitled to benefits, but in the Court's view, a remand is the only way to ensure that Plaintiff's claim has been considered under the appropriate analysis. Accordingly, the Court will deny Defendant's Motion to the extent that it seeks to alter or amend the Court's decision to remand this matter to the A.L.J. for further findings and/or proceedings.

CONCLUSION

*4 For the reasons discussed, Defendant's Motion For Relief From Order Entered July 26, 2001 (D.I.17) will be granted to the extent that it challenges the Court's application of 42 U.S.C. §

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

423(d)(1) (C) and denied to the extent that it challenges the Court's decision to remand this matter to the A.L.J. for further findings and/or proceedings.

*4 An appropriate Order will be entered.

*ORDER*

*4 At Wilmington, this 15th day of July 2002, for the reasons discussed in the Memorandum Opinion issued this date;

*4 IT IS HEREBY ORDERED that:

*4 1. Defendant's Motion For Relief From Order Entered July 26, 2001 (D.I.17) is GRANTED to the extent that it challenges the Court's application of 42 U.S.C. § 423(d)(1)(C) and DENIED to the extent that it challenges the Court's decision to remand the above-captioned action to the Administrative Law Judge for further findings and/or proceedings.

*4 2. The Court's Memorandum Opinion dated July 26, 2001 (D.I.15) is amended and/or altered as provided in the Memorandum Opinion accompanying this Order.

D.Del.,2002.
Coulbourne v. Barnhart
Not Reported in F.Supp.2d, 2002 WL 32332190 (D.Del.)

Briefs and Other Related Documents (Back to top)

- 1:00CV00370 (Docket) (Apr. 04, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.